1  Donald E.J. Kilmer, Jr., (SBN: 179986)
   Law Offices of Donald Kilmer
2  A Professional Corporation
   1645 Willow Street, Suite 150
3  San Jose, California 95125
   Voice:         (408) 264-8489
4  Facsimile:     (408) 264-8487
   EMail:         Don@DKLawOffice.com
5
   Jason A. Davis (SBN: 224250)
6  Davis & Associates
   30021 Tomas Street, Suite 300
7  Rancho Santa Margarita, CA 92688
   Voice:         (949) 310-0817
8  Facsimile:     (949) 288-6894
   EMail:         Jason@CalGunLawyers.com
9
   Attorneys for Plaintiffs

**FILED**
JUN 25 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES (Cal-FFL),<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity.<br><br>Defendants. | CASE NO. **CV 12 3288 KAW**<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF and/or DECLARATORY JUDGMENT<br><br>28 USC §§ 2201, 2202<br><br>42 USC §§ 1983, 1988<br><br>SECOND AMENDMENT AND FOURTEENTH AMENDMENT<br><br>JURY TRIAL DEMANDED<br>(For Damages Only) |

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 1 of 12          Complaint

## INTRODUCTION

This suit seeks damages and injunctive relief (and/or declaratory relief) to compensate plaintiffs for damages and force the defendants to refrain from policies, practices and customs that are hostile to the United States Constitution. In spite of recent Supreme Court precedent, the County of Alameda remains among a handful of jurisdictions in the nation that refuses to treat the rights protected by the Second and Fourteenth Amendments with the constitutional dignity required by law.

## PARTIES

1. Plaintiff JOHN TEIXEIRA is an individual who is a citizen of the United States and a resident of Alameda County.

2. Plaintiff STEVE NOBRIGA is an individual who is a citizen of the United States and a resident of San Joaquin County.

3. Plaintiff GARY GAMAZA is an individual who is a citizen of the United States and a resident of Alameda County.

4. Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. As part of CGF's mission to educate the public – and gun-owners in particular – about developments in California's firearm laws, CGF maintains a website at http://calgunsfoundation.org and contributes content to various print and online media. On their website CGF informs its members and the public at large about pending civil and criminal cases, relating to developments in federal and California gun law. The website hosts forums and publishes notices that document the concerns that California gun owners threats to their Second Amendment rights. CGF

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

expends financial and other resources in both litigation and non-litigation projects to protect the interests of their patrons, members and the public-at-large. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

5. Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washtington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control. SAF expends financial and other resources in both litigation and non-litigation projects to protect the Second Amendment rights its members and the public-at-large. SAF brings this action on behalf of itself and its members.

6. Plaintiff CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC., (Cal-FFL) is a non-profit industry association of, by, and for firearms manufacturers, dealers, collectors, training professionals, shooting ranges, and others, advancing the interests of its members and the general public through strategic litigation, legislative efforts, and education. Cal-FFL expends financial and other resources in both litigation and non-litigation projects to protect the interests of their members and the public-at-large. Cal-FFL brings this action on behalf of itself and its members.

7. Defendant COUNTY OF ALAMEDA is a state actor located in the State of California. Defendant COUNTY OF ALAMEDA is responsible for setting policies and procedures relating to land use regulations within the County of Alameda – including but not limited to promulgating and interpreting land use regulations and granting conditional use permits and variances to those regulations. Alameda County has an established pattern and practice of

hostility to persons, businesses and organization that seek to advance, expand and enforce the fundamental, individual "right to keep and bear arms" and has historically and aggressively sought to enact local legislation inimical to that right.

8. The ALAMEDA BOARD OF SUPERVISORS is a government body that sets land use policies in the County of Alameda through their power of legislative rule making, oversight of administrative agencies and the power to review appeals of land use decisions by subordinate administrative agencies.

9. Supervisor WILMA CHAN was a member of the ALAMEDA BOARD OF SUPERVISORS when they took actions that deprived the plaintiffs of constitutionally protected rights. She is sued in her official capacity.

10. Supervisor NATE MILEY was a member of the ALAMEDA BOARD OF SUPERVISORS when they took actions that deprived the plaintiffs of constitutionally protected rights. He is sued in his official capacity.

11. Supervisor KEITH CARSON was a member of the ALAMEDA BOARD OF SUPERVISORS when they took actions that deprived the plaintiffs of constitutionally protected rights. He is sued in his official capacity.

12. The names of any possible co-actors in the scheme to deprive plaintiffs of their constitutional rights are unknown at this time. Plaintiffs reserve the right to amend this complaint to add defendants if/when their identities are discovered.

## JURISDICTION AND VENUE

13. This action arises under the United States Constitution, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1983 and 1988.

14. As the Plaintiffs are seeking declaratory relief, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Venue for this action is properly in this District pursuant to 28 U.S.C. § 1391.

16. All conditions precedent, including exhaustion of administrative remedies

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*      Page 4 of 12      Complaint

1  where required, have been performed, have occurred, are futile or
2  unnecessary where the government infringes on a fundamental right.

### FACTS

17. In the Fall of 2010, plaintiffs JOHN TEIXEIRA, STEVE NOBRIGA and GARY GAMAZA formed a business partnership named VALLEY GUNS AND AMMO for the purpose of opening a gun store in Alameda County. They intended to offer products and services at their store that include but are not limited to:
    a. Training and certification relating to state sanctioned courses in firearm safety. (Hunter Safety Classes, Handgun Safety Certificates, etc...)
    b. General gun-smithing services.
    c. Sale and advice regarding reloading equipment and their components.
    d. Consignment sale of used firearms.
    e. Sale of new and used firearms.
    f. Sale of Ammunition.
    g. Offering classes in gun safety, including safe storage of firearms in accordance with state law.

18. Plaintiff TEIXEIRA had previously owned a gun store in Castro Valley, both he and Plaintiff NOBRIGA either already hold valid Federal Firearms Licenses or would easily qualify to hold such a license.

19. Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA either already hold valid licenses from the State of California to engage in the business of selling firearms or would easily qualify to hold such a license.

20. Plaintiff TEIXEIRA, NOBRIGA and GAMAZA set about the process of contacting the Alameda County Planning Department for advice on obtaining the appropriate land use permits to open their store in the Fall of 2010.

21. In November of 2010, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA were

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

informed that their business location would have to meet a requirement that gun stores must not be located within 500 feet of any school, liquor store or residence. (Alameda County Land Use Regulations – Conditional Uses – Firearms Sales. 17.54.131)

22. This 500 foot zoning regulation is a recent land use regulation. The 500 foot zoning regulation has no basis in empirical studies or criminological science. It is NOT a long-standing rule/regulation.

23. TEIXEIRA, NOBRIGA, and GAMAZA were informed by the Alameda County Planning Deptartment that any measurement taken for the purpose of complying with the 500 foot requirement was to be taken from the closest door in the subject property to the front door of any disqualifying property.

24. Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA relied upon this information in seeking an appropriate property for their gun store.

25. In April of 2011, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA located a suitable property at 488 Lewelling Blvd., in San Leandro. They met with the landlord and formed an agreement to lease the property. They obtained the landlords permission to conduct preliminary preparations to comply with federal and state requirements for operating a gun store. (e.g., building security studies, commissioning architectural drawings, etc...)

26. The subject property has only one door which faces Lewelling Blvd.

27. Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA obtained a survey which shows the distance to one residential property on Albion Ave, located across Hesperian Blvd., measured 534 feet from the front door of the subject property (facing Lewelling Blvd.) to the front door of the residential property on Albion Ave. The same survey showed a distance of 532 feet and 560 feet, respectively, to the two front doors of the next closest set of residential properties located across 12 lanes of Interstate 880 in the San Lorenzo Village.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

28. There are no other buildings located within a 500 foot radius of the front door of the subject property that would disqualify the subject property from use as a gun store under the County's land use regulations.

29. Based on these surveys and assurances from the Alameda County Planning Department, Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA incurred contractual obligations and expenses to begin preparing the subject property for their gun store.

30. Notwithstanding the fact that the property at 488 Lewelling Blvd., did not come within 500 feet of any disqualifying property, a hearing was scheduled by the West County Board of Zoning Adjustment on or about November 16, 2011 to take up the issue of a Conditional Use Permit and a Variance of the subject property. Said hearing was continued to December 14, 2011. The staff reports issued for both hearings recommended a denial of the (unnecessary) variance based (erroneously) on the proposition that the subject property was less than 500 feet from a disqualifying property.

31. Plaintiffs allege on information and belief, that in order to disqualify the property at 488 Lewelling Blvd., Defendants or some co-actor working with them, sought to defeat the variance, and caused the measurements to be taken from the front doors of the disqualifying residential properties to the closest possible part of the building that was to become the Plaintiffs' gun store. The end-point used to defeat the variance at the subject property was a brick wall with no door. This trick of moving the end-points to defeat the variance was to defeat the plaintiffs' project of opening a gun store at the subject property. Furthermore, this trick was also motivated by an animus toward the rights of the plaintiffs and their potential customers and patrons to exercise their rights to acquire – and therefore "keep and bear arms."

32. Notwithstanding the staff recommendations, the West County Board of Zoning Adjustment voted on December 14, 2011, to approve the conditional

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

use permit and the variance and to approve the opening of Plaintiffs' gun store at the subject property in compliance with Resolution Z-11-70.

33. In a letter dated December 16, 2011, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA were informed that the resolution would be effective on the eleventh day following December 14, 2011 unless an appeal was filed with the Alameda County Planning Department.

34. In an email dated February 23, 2012, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA were informed that the San Lorenzo Village Homes Association filed an appeal with the Planning Department challenging the West County Board of Zoning Adjustment Resolution Z-11-70.

35. Plaintiffs TEIXEIRA, NOBRIGA, and GARY GAMAZA allege on information and belief that the appeal by the San Lorenzo Village Homes Association was filed on or after December 29, 2011. To be timely, under the eleven-day rule, the appeal was required to be filed on or before December 26, 2011.

36. All plaintiffs allege on information and belief that the late appeal and the illegal consideration of the late appeal by the San Lorenzo Village Homes Association was orchestrated and encouraged by a person or persons hostile to the civil rights of the plaintiffs as guaranteed by the SECOND AND FOURTEENTH AMENDMENTS to the United States Constitution.

37. On February 28, 2012, the Board of Supervisors, acting through Supervisors CHAN, MILEY and CARSON voted to sustain the late-filed appeal by the San Lorenzo Village Homes Association and overturn the decision of the West County Board of Zoning Adjustment in Resolution Z-11-70.

38. Both the erroneous and unreasonable measurements from other than the front door of the subject property and the revocation of the conditional use permit and variance by the defendants have deprived plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA ability to open their gun store at the subject property and are thus the proximate cause of the violation of their rights.

39. Gun stores are unique among retail establishments in that licenses are required and licensees are subject to criminal background checks pursuant to federal and state law. The products they sell and the transactions themselves are subject to strict federal and state laws that carry criminal sanctions against the store owners and their employees for violations.

40. Furthermore, no customer of any gun store may purchase and/or take possession of any firearm unless they pass criminal background checks and meet California's stringent requirements for knowledge of gun safety. Under California law firearm purchasers must also prove the ability to comply with California's safe storage and safe transportation laws for firearms before a transaction may be completed.

41. The federal laws and California laws regulating the retail firearm business are among the most strict of any retail business that is subject to Alameda's concurrent land use regulations.

42. Plaintiffs bring this suit on behalf of their customers and members as it would be difficult for these non-plaintiff groups to bring suit on behalf of themselves. Customers, members and supporters of the plaintiffs will patronize the gun store at the subject property and purchase firearms for self-defense and defense of their homes from the gun store at the property located at 488 Lewelling Blvd., in San Leandro.

43. The gun store that Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA seek to open at 488 Lewelling Blvd., is essential to them assisting their patrons and customers in exercising their SECOND AMENDMENT rights.

44. The gun store that TEIXEIRA, NOBRIGA and GAMAZA seek to open is essential to them exercising their own SECOND AMENDMENT rights.

45. Plaintiffs allege on information and belief that the Defendants have previously granted conditional use permits and variances to business establishments similarly situated to plaintiffs' proposed gun store.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

46. Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA have incurred damages in the form of expenses and costs in securing the use of the subject property and for lost profits due to the delay in opening their store.

## FIRST CLAIM – Due Process of Law

47. Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein.

48. Plaintiffs TEIXEIRA, NOBRIGA and GARY GAMAZA have been denied due process of law under the Fourteenth Amendment to the United States Constitution in that they had an enforceable right to their conditional use permit and variance that was granted on December 14, 2011 that required the County of Alameda to abide by their own rules for appellate deadlines on land use decisions. By consideration of the appeal and revocation of the variance, the defendants violated the plaintiffs right to due process of law.

## SECOND CLAIM – Equal Protection

49. Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein.

50. Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA have been denied equal protection of the law under the Fourteenth Amendment to the United States Constitution in that the Defendants have not engaged in unreasonable measurements against similarly situated businesses and/or the Defendants have granted conditional use permits and variances to similarly situated businesses. By granting variances to similarly situated businesses and revoking a variance already granted to the plaintiffs, defendants have violated the plaintiffs' rights to be treated equally before the law.

/ / / /

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 10 of 12     Complaint

## THIRD CLAIM – Second Amendment – Facial Challenge

51. Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein.

52. Alameda's zoning laws requiring that gun stores be located 500 feet away from residential properties is irrational on its face and cannot withstand any form of constitutional scrutiny under the SECOND AMENDMENT to the United States Constitutional as that right is applied through the FOURTEENTH AMENDMENT'S Due Process Clause.

## FOURTH CLAIM – Second Amendment – As Applied Challenge

53. Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein.

54. Alameda's zoning laws requiring that gun stores be located 500 feet away from residential properties is irrational as applied to the facts of this case and cannot withstand any form of constitutional scrutiny under the SECOND AMENDMENT to the United States Constitutional as that right is applied through the FOURTEENTH AMENDMENT'S Due Process Clause.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court will enter judgment as follows:

A. Declaratory and injunctive relief that the appeal granted to the San Lorenzo Village Homes Association by the Alameda Board of Supervisors was improperly granted and that the subject property located at 488 Lewelling Blvd., intended for use by Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA as a gun store, may open under the conditions set forth in the West County Board of Zoning's Resolution Z-11-70.

B. Declaratory and injunctive relief that Alameda's zoning requirements that gun stores be located 500 feet away from residential properties is

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

unconstitutional on its face as to all Plaintiffs and as applied to Plaintiffs TEIXEIRA, NOBRIGA and GARY GAMAZA.

C. Damages, including pre-judgment interest, for costs, expenses, and lost profits for Plaintiffs TEIXEIRA, NOBRIGA and GARY GAMAZA in an amount according to proof.

D. Award Plaintiffs their reasonable attorney fees and costs under 28 U.S.C. § 2412, 42 U.S.C. §§ 1983, 1988.

E. Such other and further relief as this Court deems just and proper.

Respectfully Submitted on June 25, 2012

/s/ Donald Kilmer
Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone: 408/264-8489
Facsimile: 408/264-8487
E-Mail: Don@DKLawOffice.com

Attorney for Plaintiffs