1 | DONNA R. ZIEGLER [142415]
County Counsel
2 | By: MARY ELLYN GORMLEY [154327]
Assistant County Counsel
3 | SAMANTHA N. STONEWORK-HAND [245788]
Associate County Counsel
4 | Office of County Counsel
County of Alameda
5 | 1221 Oak Street, Suite 450
Oakland, California 94612
6 | Telephone:   (510) 272-6700

7 | Attorney for County of Alameda, Alameda,
Board of Supervisors, Wilma Chan,
8 | Nate Miley and Keith Carson

9

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DIVISION OF CALIFORNIA

13

| | |
|---|---|
| 14  JOHN TEIXEIRA, STEVE NOBRIGA, | Case No.: CV12-3288 KAW |
| 15  GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 16  AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF | **SUPPORT OF MOTION TO DISMISS** |
| 17  FEDERAL FIREARMS LICENSEES (Cal-FFL), | DATE: October 18, 2012 |
| 18  | TIME: 11:00 a.m. DEPARTMENT: Ctrm 4, 3rd Floor |
| 19                Plaintiffs, | |
| 20        v. | |
| 21  COUNTY OF ALAMEDA, ALAMEDA | |
| 22  BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official | |
| 23  capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official | |
| 24  capacity, | |
| 25                Defendants. | |

26

27

28

1

2

**TABLE OF CONTENTS**

3

I.     FACTUAL BACKGROUND ...................................................................... 1

4

II.    RELIEF SOUGHT.................................................................................... 3

5

III.   LEGAL STANDARD ............................................................................... 4

6

IV.    ANALYSIS      ....................................................................................... 5

7

     A.    Each One of Plaintiffs' Claims Should be Dismissed Because Plaintiffs
8

           Failed To Exhaust Their Judicial Remedies   ............................................ 5

9

     B.    Individual Plaintiffs' First Claim (Due Process of Law) Should Be
           Dismissed .................................................................................................. 8

10

11

          1.    Individual Plaintiffs do not have a property right in the conditional
               use permit and variance.................................................................. 8

12

          2.    Even if Individual Plaintiffs had a property right to the conditional
               use permit, they nevertheless received all the process that they
13

               were due ......................................................................................... 9

14

     C.    Individual Plaintiffs' Second Claim (Equal Protection) Should Be
15

           Dismissed Because Plaintiffs Have Not Sufficiently Alleged That Similarly-
           Situated Businesses Were Treated Differently ........................................ 10

16

     D.    Plaintiffs' Third and Fourth Claims (Second Amendment) Should Be
17

           Dismissed Because the Second Amendment Does Not Protect A Right To
           Sell Firearms........................................................................................... 12

18

19

     E.    In the Alternative, the Ordinance Is Constitutional On Its Face................ 13

20

     F.    Plaintiffs Are Estopped From Challenging The Ordinance As Applied..... 13

21

     G.    Even If Plaintiffs Were Not Collaterally Estopped From Challenging The
           Ordinance, The Ordinance Is Constitutional As Applied ......................... 18

22

23

     H.    Defendants Chan, Miley, and Carson Should Be Dismissed ................... 19

24

IV.    CONCLUSION....................................................................................... 19

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2
                                                                    **Pages**

3
**Cases**

4
*Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637.......................... 5, 6, 17

5
*City of Santee v. Superior Court*, 228 Cal.App.3d 713 (Cal. Ct. App. 1991)................. 17

6
*Honig v. San Francisco Planning Dept.*, 127 Cal.App.4th 520(Cal. Ct. App. 2005)......... 7

7
*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61 ................................................. 5, 6

8
*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4[th] 88................. 6

9
*Smith v. County of Los Angeles* (1989), 211 Cal.App.3d 188 (1989) .............. 5, 8, 11, 13

10
*Swartzendruber v. City of San Diego*, 5 Cal.Rptr.2d 64 (1992) ....................................... 7

11
*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465 ............................. 6
12

13
**Federal Cases**

14
*Bateson v. Geisse*, 857 F.2d 1300(9th Cir. 1988) ............................................................ 8

15
*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ................................................................ 4

16
*Bullock v. Town of Woodside*, 64 F. App'x 18 (9th Cir. 2003) ......................................... 5

17
*Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) .......................................................... 4

18
*Crippen v. City of Fresno*, 274 F. App'x 526 (9th Cir. 2008)......................................... 6, 8

19
*Djordjevic v. City & Municipality of Walnut Creek*, 151 F. App'x 584 (9th Cir. 2005) ........ 8

20
*Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) .................................................... 13

21
*Foti v. City of Menlo Park*, 146 F.3d 629 (9th Cir. 1998) ................................................ 12

22
*Gerhart v. Lake County, Mont.*, 637 F.3d 1013 (9th Cir. 2011) ...................................... 10

23
*Hall v. Garcia*, No. C 10-03799, 2011 WL 995933 at *2 (N.D. Cal. Mar. 17, 2011) . 12, 15

24
*Heller v. District of Columbia,* 670 F.3d 1244 (D.C. Cir. 2011) ................................. 13, 14

25
*Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872
   (9th Cir. 1987) ............................................................................................................ 10
26

27

28

*Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d 1084 (9th Cir. 2010) ......... 13

*Makdessian v. City of Mountain View*, 152 F. App'x  642 (9th Cir. 2005) ........................ 9

*Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994) ....................................... 6, 7

*Minority Television Project, Inc. v. F.C.C.*, 676 F.3d 869 (9th Cir. 2012) ....................... 15

*Nordyke v. King*, 644 F.3d at 776 (2011) ................................................................. 14, 16

*North Pacifica LLC v. City of Pacifica*, 526 F.3d 478 (9th Cir. 2008) ............................ 11

*Parker v. Dist. of Columbia*, 478 F.3d 370 (D.C. Cir. 2007) ........................................... 15

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480 (9th Cir. 1995) ...................................... 4

*Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55 (2d Cir. 2010) .............. 11

*Scocca v. Smith, C-11-1318 EMC, 2012 WL 2375203 at *5 (N.D. Cal. June 22, 2012)*. 11

*Soffer v. City of Costa Mesa*, 798 F.2d 361 (9th Cir. 1986) ......................................... 19

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .................................. 4

*United States v. Chester,* 628 F.3d 673 (4th Cir. 2010) ......................................... 12, 13

*United States v. Marzzarella,* 614 F.3d 85 (3d Cir. 2010) ................................ 13, 14, 15

*United States v. Masciandaro,* 638 F.3d 458 (4th Cir. 2011) ............................ 12, 13, 15

*United States v. Reese,* 627 F.3d 792 (10th Cir. 2010) ................................................. 13

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ........................................... passim

*United States v. Salerno, 481 U.S. 739 (1987)* ............................................................ 16

*United States v. Skoien,* 614 F.3d 638 (7th Cir. 2010) .................................................. 11

*United States v. Vongxay,* 594 F.3d 1111 (9th Cir. 2010) ............................................. 15

*Vogt v. City of Orinda*, No. C 11-2595 CW, 2012 WL 1565111 at *3 (N.D. Cal. May 2, 2012) ....................................................................................................................... 11

**Supreme Court Cases**

*Board of Regents v. Roth*, 408 U.S. 564 (1972) ............................................................ 8

*District of Columbia v. Heller*, 554 U.S. 570 (2008) ................................................ 11, 12

*Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008) .................................................... 10

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs, Inc.,* 528 U.S. 167 (2000) .................. 3

*Kentucky v. Graham*, 473 U.S.159 (1985)........................................................ 19

*McDonald v. City of Chicago,* 130 S. Ct. 3020 (2010) .................................... 11

*Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978)........................ 9

*Morrissey v. Brewer*, 408 U.S. 471 (1972) ..................................................... 9

*Renton v. Playtime Theatres*, 475 U.S. 41 (1986) ........................................ 15

*Schall v. Martin*, 467 U.S. 253, 264 (1984)................................................... 16

*United States v. Utah Construction & Mining Co.,* 384 U.S. 394 (1966)......................... 6

*Univ. of Tennessee v. Elliott*, 478 U.S. 788 (1986)................................. 6, 7, 8

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) ............................. 10, 11

**Government Code**

Cal Gov. Code § 65009(c)(1) ........................................................................ 7

Cal. Gov. Code § 65009(c)(1)(E) ............................................................ 10, 11

**Code of Civil Procedure**

California Code of Civil Procedure §1094.5 ............................... 3, 5, 7, 10, 17

**Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 12(b)(6)........................................................ 4

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants County of Alameda, Alameda Board of Supervisors, and Wilma Chan, Nate Miley and Keith Carson, in their official capacities (hereinafter "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiffs' Complaint for Damages, Injunctive Relief and/or Declaratory Judgment.

## I.     <u>FACTUAL BACKGROUND</u>

On June 25, 2012, Plaintiffs John Teixeira, Steve Nobriga, Gary Gamaza (hereinafter "Individual Plaintiffs"), Calguns Foundation, Inc. (CGF), Second Amendment Foundation, Inc. (SAF), and California Association of Federal Firearms Licensees (Cal-FFL) (hereinafter "Organizational Plaintiffs") (collectively "Plaintiffs") filed a Complaint for Damages, Injunctive Relief, and/or Declaratory Judgment (the "Complaint").  According to the Complaint, in the Fall of 2010, Individual Plaintiffs formed a business partnership named Valley Guns and Ammo ("VGA") for the purpose of operating a gun store in Alameda County.  (Complaint at ¶ 17.)  Individual Plaintiffs contacted the Alameda County Planning Department for advice on obtaining appropriate land use permits.  (*Id.* at ¶ 20.)  In November 2010, Individual Plaintiffs were advised that before they could open their gun shop they would have to comply with Alameda County Land Use Ordinance § 17.54.131 (the "Ordinance"), which provides that no conditional use permit for firearms sales would issue unless certain findings were made by the West County Board of Zoning Adjustments ("WBZA").  Alameda County Ordinance § 17.54.131.  (Request for Judicial Notice, Exh. D)  Those findings include:

> "[t]hat the subject premises is not within five hundred (500) feet of any of the following: Residentially zoned district; elementary, middle, or high school; pre-school or day care center; other firearms sales business; or liquor stores or establishments in which liquor is served."

1   *Id.* Appeals from decisions of the WBZA are heard by the Alameda County Board of

2   Supervisors (the "Board"). *Id.*

3   In April 2011, Individual Plaintiffs believed they had located a suitable property at

4   488 Lewelling Boulevard, San Leandro, California and applied for a conditional use

5   permit and variance. (Complaint at ¶ 25.) On December 14, 2011, the WBZA held a

6   hearing on VGA's application. (Complaint at ¶ 30.) At that hearing, the WBZA held that

7   the Ordinance required that the 500-foot distance must be measured from the building

8   wall of the proposed location to the property line of the nearest residence in the

9   residentially-zoned district. (Request for Judicial Notice, Ex. A (WBZA minutes at pp. 2-

10  3.)) WBZA found that the distance between the building wall of the proposed gun store

11  location to the property line of the nearest residence was less than 500 feet. (*Id.* at p.

12  2.) Because the proposed location did not satisfy the requirements of the Ordinance,

13  the WBZA found that VGA would have to obtain a variance in addition to the conditional

14  use permit. (*Id.* at p. 6.) Notwithstanding that VGA's proposed gun store location was

15  found to be within 500 feet of a residence, the WBZA nevertheless granted the variance

16  and passed Resolution No Z-11-70. Resolution No. Z-11-70 states:

17      WHEREAS VALLEY GUNS & AMMO and STEVE NOBRIGA have filed
        for VARIANCE and CONDITIONAL USE PERMIT PLN-2011-00096, to

18      allow the operation of a gun shop, and <u>at a distance of less than 500 feet
        from a residentially zoned district, where 500 feet is required</u>, in a FA

19      (Freeway Access) District according to the *Ashland and Cherryland
        Business District Specific Plan*, …

20
    (Request for Judicial Notice, Ex. B (Resolution No. Z-11-70 at p. 1.)) (emphasis added).

21
    Resolution No. Z-11-70 specified certain findings made pursuant to Alameda County

22
    Ordinance §§ 17.54.130 and 17.54.131. (*Id.* at pp. 2-4.) Specifically, the WBZA found

23
    that "the site proposed with [plaintiffs'] application is approximately 446 feet from a

24
    residentially zoned district." (*Id.* at p. 3.)

25
    In a letter dated December 16, 2011, WBZA informed VGA that Resolution No Z-

26
    11-70 would become effective on the eleventh day following December 14, 2011 (i.e.,

27

28

1  December 25, 2011), unless an appeal was filed with the Alameda County Planning

2  Department.  (Complaint at ¶ 33.)  On December 22, 2011, the San Leandro Village

3  Home Association ("SLVA") filed an appeal with the Planning Department (Request for

4  Judicial Notice, Exh. E-1).  In an email dated February 23, 2012, the Planning

5  Department informed VGA that SLVA had filed an appeal.  (Complaint at ¶ 34.)

6        On February 28, 2012, the Board of Supervisors (the "Board") held a planning

7  meeting to address SLVA's appeal.  (Complaint at ¶ 37.)  During the hearing, the Board,

8  relying on the findings of the WBZA, held that despite the alleged obstructions between

9  the proposed location and the residence, the proposed gun store location was in fact

10  within 500 feet of the residence and therefore did not satisfy the requirements of the

11  Ordinance.  (Request for Judicial Notice, Ex. C. (Board Minute Order at p. 1.))  The

12  Board voted to sustain SLVA's appeal and deny VGA's application.  (Complaint at ¶ 39.)

13  Plaintiffs did not file a writ of mandamus to appeal the Board's findings and decision, as

14  required by California Code of Civil Procedure §1094.5.

## II.  RELIEF SOUGHT

16        The Complaint alleges four Claims for Relief.  The First Claim alleges that

17  Individual Plaintiffs[1] were denied due process of law under the Fourteenth Amendment

18  on the theory that they had an enforceable right to a conditional use permit and variance

19  granted by the WBZA on December 14, 2011, and that the Board failed to follow proper

20  procedures in considering SLVA's appeal.  (Complaint at ¶ 48.)

21        The Second Claim alleges that Individual Plaintiffs were denied equal protection

22  of the law under the Fourteenth Amendment because Defendants have not applied the

23  same allegedly unreasonable measurements when considering the applications of

---

[1] Although the Complaint is not entirely clear on this point, Defendants believe that the First and Second Claims for Relief are asserted by Individual Plaintiffs only.  To the extent that Organization Plaintiffs attempt to join in these claims, they would lack standing to do so.  *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs, Inc.*, 528 U.S. 167, 180-81 (2000).

1  similarly-situated businesses and/or Defendants granted conditional use permits and

2  variances to similarly- situated businesses.  (Complaint at ¶ 50.)

3   The Third Claim, apparently brought by all Plaintiffs, alleges that the Ordinance

4  requiring that gun stores be located 500 feet away from residential properties is

5  irrational on its face and is in violation of Plaintiffs' Second Amendment rights.

6  (Complaint at ¶ 52.)

7   The Fourth Claim, apparently brought by all Plaintiffs,  alleges that the

8  Ordinance's requirement that gun stores be located 500 feet away from residential

9  properties is irrational as applied to the facts of this case and is in violation of Plaintiffs'

10  Second Amendment rights.  (Complaint at ¶ 54.)

11  **III.**   **LEGAL STANDARD**

12   Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to

13  dismiss a complaint based on the failure to state a claim upon which relief may be

14  granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6)

15  challenges the legal sufficiency of the claims alleged.  *Parks Sch. of Bus. v. Symington*,

16  51 F.3d 1480, 1484 (9th Cir. 1995).  On a motion to dismiss, the Court's review is

17  generally limited to the contents of the complaint; however, the Court may also consider

18  documents incorporated by reference in the complaint, or matters of judicial notice

19  without converting the motion to dismiss into a motion for summary judgment.  *United*

20  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may consider certain

21  materials without converting the motion to dismiss into a motion for summary judgment);

22  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (documents whose contents are

23  alleged in a complaint and whose authenticity is not questioned by any party may also

24  be considered).

25   In considering a motion to dismiss, the Court must accept all allegations of

26  material fact as true and construe them in the light most favorable to the nonmoving

27

28

party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Moreover, the Court need not accept as true allegations that contradict matters properly subject to judicial notice.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   <u>ANALYSIS</u>

### A.  Each One of Plaintiffs' Claims Should be Dismissed Because Plaintiffs Failed To Exhaust Their Judicial Remedies

Individual Plaintiffs' First and Second Claims allege that Defendants violated their due process and equal protection rights by considering and sustaining an allegedly untimely appeal and undertaking unreasonable measurements in considering their application for a permit to operate a gun shop.  (Complaint at ¶¶ 48, 50.)  Plaintiffs' Third and Fourth Claims allege that the Ordinance both on its face and as applied violates their Second Amendment right to keep and bear arms.  (Complaint at ¶¶ 52, 54.)  Essentially, Plaintiffs seek judicial review of the Board's decision to sustain the SLVH appeal and in so doing accept the methodology and measurements relied on by the WBZA.  They also seek Constitutional review of the Ordinance.  However, Plaintiffs did not file a writ of administrative mandate challenging the Ordinance nor any aspect of the WBZA's or the Board's decisions.  This failure is fatal to the Complaint and each claim for relief alleged therein.

California law is long-settled that the sole procedure for judicial review of zoning determinations is a petition for a writ of mandate in accordance with California Code of Civil Procedure section 1094.5.  *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70-71; *Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 645; *Bullock v. Town of Woodside*, 64 F. App'x 18, 21 (9th Cir. 2003) ("In California, an administrative decision denying a petition for a zoning variance can be reviewed ***only*** on petition for a writ of administrative mandate." (emphasis added); *see also Smith v. County of Los*

---

*Angeles* (1989), 211 Cal.App.3d 188, 198-9 grant or denial of a conditional use permit is an administrative or quasi-judicial act, reviewable only under Code of Civil Procedure § 1094.5).  Before initiating a lawsuit in federal court for injunctive relief and damages, Plaintiffs must first exhaust their judicial remedies regarding the Defendants' zoning determinations.  *Johnson*, *supra*, 24 Cal.4th at 70-71; *Briggs*, *supra,* 40 Cal App.4th at 645.

Because Individual Plaintiffs failed to exhaust their judicial remedies, the WBZA's and the Board's findings are given "binding effect" and have "achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action."  *Johnson*, *supra,* 24 Cal.4th at 70 (internal citation omitted).  The California Supreme Court "explained that 'so long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the [defendants'] action.'"  *Id.* (quoting *Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 484); *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 113.

Because the administrative decisions have achieved finality, they must be given preclusive effect in both state and federal courts.  *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796-799 (1986); *Crippen v. City of Fresno*, 274 F. App'x 526, 528-29 (9th Cir. 2008); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994). Effectively, the unreviewed agency determination is equivalent to a final state court judgment entitled to res judicata and collateral estoppel effect.  *Miller*, 39 F.3d at 1038.

This preclusive effect applies to both legal as well as factual issues, even those issues that were unreviewed, so long as the administrative proceeding satisfied the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966).  *Miller*, 39 F.3d at 1033.  "The fairness requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve

disputed issues of fact properly before it, and (3) that the parties have an adequate

opportunity to litigate." *Id.* (citing *Utah Constr.*, 384 U.S. at 422).  Here, both the

WBZA's  and the Board's administrative proceedings possessed the requisite judicial

character: they entailed adversarial, evidentiary hearings similar to a trial court's fact-

finding process, and the Individual Plaintiffs were given ample opportunity to present

their case.  (*See* Request for Judicial Notice, Ex. A (WBZA minutes at pp. 1-6.))

That Individual Plaintiffs have filed a section 1983 claim does not alter the

analysis.  *See Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796-799 (1986) (when a state

agency acting in a judicial capacity resolves disputed issues of fact properly before it

which the parties have had an adequate opportunity to litigate, federal courts in actions

under 42 U.S.C. § 1983 *et seq.* must give the agency's fact finding the same preclusive

effect it would be entitled to in the state courts).  *See also Miller*, *supra,* 39 F.3d at 1032

(affirming the trial court's grant of summary judgment against the plaintiff on the grounds

of res judicata and collateral estoppel, holding that the unreviewed findings of the state

administrative tribunal were entitled to preclusive effect so as to bar the federal civil

rights action).

In *Swartzendruber v. City of San Diego*, 5 Cal.Rptr.2d 64, 71 (1992), the court

held in a civil rights action that when state court review of the administrative findings is

not sought, "an administrative hearing adjudication binds the parties on the issues

litigated."  In determining whether the issue has been litigated, the Court must

determine if the federal claims encompass the same primary right that was at stake in

the administrative proceeding.  *Id.*  Here, Individual Plaintiffs' claims merely restate their

objections to the Board's denial of their conditional use permit and variance.  The same

primary right - the purported right to operate their gun store at their preferred location –

is at stake in both actions.  Because this issue has already been decided, and not

properly reviewed, Individual Plaintiffs are collaterally estopped from relitigating it in the

guise of a section 1983 action alleging violations of their constitutional rights.  *Miller*,

*supra,* 39 F.3d at 1034.

Further, Individual Plaintiffs' failure to file a writ of mandamus is an incurable

defect, as the statute of limitations for filing such a writ has long since passed.  Cal

Gov't Code § 65009(c)(1) *et seq.* (90-day statute of limitations); *Honig v. San Francisco*

*Planning Dept.*, 127 Cal.App.4th 520, 527-528 (Cal. Ct. App. 2005).  Accordingly, the

Complaint should be dismissed in its entirety without leave to amend.  *See Djordjevic v.*

*City & Municipality of Walnut Creek*, 151 F. App'x 584, 585 (9th Cir. 2005).  Should the

Court nevertheless choose to consider Plaintiffs' claims, the Court must accept as true

the WBZA's and the Board's findings and give them preclusive effect.  *University of*

*Tennessee,* 478 U.S. at 796–799; *Crippen*, 274 F. App'x at 528-29.

**B.  Individual Plaintiffs' First Claim (Due Process of Law) Should Be Dismissed**

**1.  Individual Plaintiffs do not have a property right in the conditional use permit and variance**

To establish a procedural due process violation, a plaintiff must identify a

property interest protected by the Constitution.  *Board of Regents v. Roth*, 408 U.S. 564,

577 (1972).  A constitutionally-protected property interest arises where there is a

reasonable expectation of entitlement deriving from "existing rules or understandings

that stem from an independent source" such as state or municipal law.  *Id.*  Thus, to

state a procedural due process claim, Individual Plaintiffs must show they had a

protected property interest in the conditional use permit and variance, and that the

County denied this property interest without the process which was due under the

circumstances.  *Bateson v. Geisse*, 857 F.2d 1300, 1305 (9th Cir. 1988).

When a conditional use permit is conditioned on the approval of an agency or

governing body, and the applicable regulations impose no substantive limits on that

body's exercise of discretion, the governing body enjoys "unbridled discretion," and an

applicant cannot establish a protectable property interest sufficient to assert a due process violation.  *Id.*; *see also Smith v. County of Los Angeles* (1989) 211 Cal.App.3d 188, 198-9.

The WBZA has broad discretion to grant or deny a conditional use permit. County Ordinance section 17.54.140 provides that "the board of zoning adjustments shall receive, hear and decide applications for a conditional use permit and after the hearing <u>may authorize</u> approval . . ." (emphasis added).  In addition, the Board has broad discretion to sustain or deny an appeal.  County Ordinance section 17.54.710 provides that "the board of supervisors may hear additional evidence and <u>may sustain,</u> <u>modify or overrule any order brought before it</u> on appeal pursuant to Section 17.54.670, and may make such findings and decisions as are not inconsistent with state law and county ordinances;  . . ." (emphasis added).  Accordingly, although specific requirements must be met in order to obtain a conditional use permit, both the WBZA and the Board retain broad discretion with respect to conditional use permits.  Individual Plaintiffs thus cannot claim a property right in order to state a claim for a due process violation.

> **2.  Even if Individual Plaintiffs had a property right to the conditional use permit, they nevertheless received all the process that they were due**

Assuming that the Board's denial of the conditional use permit and sustaining of the appeal amounted to a deprivation of a protectable property interest, Individual Plaintiffs received all the process that they were due under the Constitution.  The Due Process Clause merely requires notice and an opportunity for a hearing before the deprivation of a significant property interest.  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13, 16 (1978).  The process required will depend on the nature of the interest at stake and the government function involved.  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Although the County denies that Individual Plaintiffs had a property

interest in their conditional use permit, even when a board decides to revoke a permit,[2] due process only requires notice to the permittee, a hearing, proper reasons for the revocation, and some form of judicial review.  *Makdessian v. City of Mountain View*, 152 F. App'x  642, 644 (9th Cir. 2005).  In this case, Plaintiffs had notice of and attended a public hearing before the Board, the Board gave their reasons for sustaining the appeal, and there is a writ process for judicial review of the Board's actions.  (Complaint at ¶¶ 34, 37; Request for Judicial Notice, Ex. B. (Board Minute Order.))

Further, a state provides adequate procedural due process when a claimant has reasonable remedies to rectify a legal error.  *Id.* at 644-45; *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 879-80 (9th Cir. 1987).  Here, Individual Plaintiffs had the option of seeking a writ of mandate in the California Superior Court to challenge the Board's consideration of the allegedly untimely SLVA appeal.  *See* Cal. Code Proc. § 1094.5.  In fact, the only way to challenge such a finding would have been by seeking a writ of mandamus.  *See* Cal. Civ. Proc. Code § 1094.5; Cal. Gov. Code, § 65009, subd. (c)(1)(E).  Plaintiffs cannot now assert that the SLVA appeal was untimely and that they failed to receive due process, when they should have and could have brought a petition for writ of mandamus to address that issue.  Individual Plaintiffs were provided adequate due process to address the timeliness of the SLVA appeal.  Having chosen not to pursue the procedurally proper option, they cannot now seek relief in this Court.

### C. Individual Plaintiffs' Second Claim (Equal Protection) Should Be Dismissed Because Plaintiffs Have Not Sufficiently Alleged That Similarly-Situated Businesses Were Treated Differently

The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV,

---

[2] Defendants deny that Plaintiffs' conditional use permit was "revoked."  However, Plaintiffs so allege in their complaint.  (Complaint at ¶ 38.)

§ 1.  Because gun shop owners are not a suspect class, Individual Plaintiffs' equal protection claim is a "class of one claim," which alleges that the Board intentionally treated them differently from other similarly-situated conditional use permit or variance applicants.  (Complaint at ¶ 45.)  The Supreme Court has recognized that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that [they have] been irrationally singled out as a so-called 'class of one.'"  *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

However, Individual Plaintiffs have not sufficiently alleged a class of one equal protection claim.  To state a "class of one" claim, Plaintiffs must sufficiently allege that the Board: "(1) intentionally (2) treated them differently than other similarly situated property owners, (3) without a rational basis."  *Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Willowbrook*, 528 U.S. at 564); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  Moreover, Individual Plaintiffs must allege <u>specific</u> similarly-situated businesses to which Defendants granted variances or for which the distances were measured differently.  *Vogt v. City of Orinda*, No. C 11-2595 CW, 2012 WL 1565111 at *3 (N.D. Cal. May 2, 2012).

Courts have consistently held that a class of one Plaintiff faces is a higher burden for a plaintiff to identify how he or she is similarly situated to others.  As the Second Circuit noted, "[c]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves."  *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).  Individual Plaintiffs' bare, conclusory allegations that similarly-situated businesses were treated differently are insufficient to state a claim.  *See Vogt*, 2012 WL 1565111 at *3 (granting a motion to dismiss where plaintiff failed to allege specific similarly situated businesses); *see also Scocca v. Smith*, C-11-1318 EMC, 2012 WL 2375203 at *5 (N.D. Cal. June 22,

2012) (holding that conclusory allegations stating that the plaintiff was similarly situated were insufficient to defeat motion to dismiss).

Because Individual Plaintiffs have failed to specifically identify businesses that are similarly situated, their class of one equal protection claim must fail.

### D. Plaintiffs' Third and Fourth Claims (Second Amendment) Should Be Dismissed Because the Second Amendment Does Not Protect A Right To Sell Firearms

The Second Amendment, as construed in *District of Columbia v. Heller*, 554 U.S. 570 (2008), protects "the right to possess a handgun in the home for the purpose of self-defense." *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010); *see also United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (en banc) (right to "keep operable handguns at home for self-defense"). *Heller* established no more than this. Indeed, *Heller* cautious that "nothing in our opinion should be taken to cast doubt on … laws imposing conditions and qualifications on the commercial sale of arms." Such laws are "presumptively lawful regulatory measures." *Heller*, 554 U.S. at 626-27 & n.26).

*Heller* recognized that "the right to keep and bear arms, like other Constitutional rights, is limited in scope and subject to some regulation." *United States v. Chester*, 628 F.3d 673, 676 (4th Cir. 2010). *McDonald*, in turn, "reaffirmed that Second Amendment rights are far from absolute, reiterating that *Heller* had 'assur[ed]' that many basic handgun regulations were presumptively lawful." *United States v. Masciandaro*, 638 F.3d 458, 467 (4th Cir. 2011).

The Ordinance merely imposes conditions on the commercial sale of arms by placing geographical limitations on where such sales may occur in Alameda County. Pursuant to *Heller* this is a presumptively lawful regulation that regulates conduct that falls outside of the scope of the Second Amendment. *Heller*, 554 U.S. at 626-627 & n.26. Moreover, the Second Amendment does not address the ability to sell or purchase firearms in any particular forum, only that an individual has a right to keep and

---

1    bear arms.  Thus, the Court's inquiry should end.  *See Hall v. Garcia*, No. C 10-03799,

2    2011 WL 995933 at *2 (N.D. Cal. Mar. 17, 2011) ("Where a challenged statute

3    apparently falls into one of the categories signaled by the Supreme Court as

4    constitutional, courts have relied on the 'presumptively lawful' language to uphold laws

5    in relatively summary fashion.")

6          **E.  In the Alternative, the Ordinance Is Constitutional On Its Face**

7          Plaintiffs' Third and Fourth Claims allege both facial and as applied challenges to

8    the Ordinance.  (Complaint at ¶¶ 52, 54.)  A facial challenge is a challenge to an entire

9    legislative enactment or provision.  *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th

10   Cir. 1998) (explaining that a statute is facially unconstitutional if "it is unconstitutional in

11   every conceivable application, or it seeks to prohibit such a broad range of protected

12   conduct that it is unconstitutionally overbroad").  An as-applied challenge contends that

13   a given statute or regulation is unconstitutional as it has been applied to a plaintiff's

14   particular situation.  *See Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d

15   1084,1096 (9th Cir. 2010) (First Amendment challenge).  The underlying constitutional

16   standard is the same for both a facial and as-applied challenges.  *Id.*  Neither *Heller*, nor

17   *McDonald*, specified what level of constitutional review should apply to Second

18   Amendment challenges.  *Heller*, 554 U.S. at 635; *McDonald*, 130 S. Ct. at 3047.  Since

19   *Heller* and *McDonald*, *s*everal courts have attempted to resolve the uncertainty on how

20   to analyze Second Amendment challenges by (1) outlining the appropriate scope of the

21   individual Second Amendment rights defined in *Heller* and (2) determining the

22   appropriate standard of scrutiny for federal, state, and local laws that may burden these

23   rights.  *United States v. Masciandaro*, 638 F.3d 458, 467 (4th Cir. 2011), *cert. denied*,

24   132 S. Ct. 756.

25         While Ninth Circuit decision specifically details the level of constitutional review to

26   apply to Second Amendment challenges, several circuit courts have used a two-

27

28

---

**Defendants' Motion To Dismiss and Supporting Memorandum of Points and Authorities,**
**Case No.  CV12-3288 KAW**                    13

pronged approach. *See United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010). In this two-pronged approach, the court first considers "whether the challenged law imposes a substantial burden on conduct falling within the scope of the Second Amendment's guarantee. If it does not, the Court's inquiry is complete.  If the law does impose a burden, the Court evaluates the law under intermediate scrutiny. [3]  *See id.*; *Heller v. District of Columbia,* 670 F.3d 1244, 1251–53 (D.C. Cir. 2011) ("*Heller II*"); *Ezell v. City of Chicago*, 651 F.3d 684, 702–04 (7th Cir. 2011); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Reese*, 627 F.3d 792, 800–01 (10th Cir. 2010); *see also Scocca v. Smith*, C-11-1318 EMC, 2012 WL 2375203 at *6 (N.D. Cal. June 22, 2012) (holding that although the *Nordyke* panel decision is no longer binding authority the reasoning of the panel decision is still persuasive; i.e., that "heightened scrutiny does not apply unless a regulation substantially burdens the right to keep and to bear arms for self-defense.") (quoting *Nordyke v. King*, 644 F.3d at 776, 783 (2011)).

Here, the Ordinance permits Plaintiffs to locate a gun store in a location that is more than 500 feet from a residentially zoned district, elementary, middle, or high school, pre-school or daycare, other firearms sales business, liquor store or establishments in which liquor is served.  Alameda County Ordinance § 17.54.131.  This type of minor geographical limitation is not a substantial burden on Second Amendment rights.  Restricting the commercial sale of firearms in residential and other sensitive areas does not burden the core "right of law-abiding, responsible citizens to use arms in defense of hearth and home."  *Heller*, 554 U.S. at 635.

Moreover, even if the scope of the Second Amendment extended to a right to acquire or sell firearms, which Defendants dispute, that right would still be subject to

---

[3] Strict scrutiny would be inappropriate in this case because the challenged zoning ordinance merely regulates the geographical conditions under which licensed firearms dealers may sell and transfer

1   government regulation which does not unconstitutionally burden protected conduct.

2   *Marzzarella*, 614 F.3d at 89.  The Ordinance would still pass constitutional muster as a

3   rational geographic limitation on where firearms may be bought or sold.  Indeed,

4   Teixeira had previously owned a gun store in Alameda County, which presumably was

5   opened following compliance with the provisions of the Ordinance. (Complaint  at ¶18).

6   Because the Ordinance does not impose a substantial burden on the core Second

7   Amendment right, the Court's inquiry should end.  *Id.*

8        Even if the Court finds that the Ordinance does impose a burden on the Second

9   Amendment, the Ordinance nevertheless satisfies intermediate scrutiny.  To satisfy

10   intermediate scrutiny, a challenged statute must be substantially related to an important

11   governmental interest.  *Minority Television Project, Inc. v. F.C.C.*, 676 F.3d 869, 876

12   (9th Cir. 2012) (applying intermediate scrutiny in the First Amendment context).

13   "Intermediate scrutiny does not require that a regulation be the least intrusive means of

14   achieving the relevant government objective, or that there be no burden whatsoever on

15   the individual right in question."  *Masciandaro*, 638 F.3d at 474.

16        Plaintiffs challenge the requirement that gun stores must be located at least 500

17   feet from sensitive areas such as those areas zoned for residential use and schools.

18   The Supreme Court has previously upheld ordinances imposing a 1000 foot zoning

19   restriction, double the distance of what is required in this case, even where it affected

20   First Amendment rights.  *See e.g., Renton v. Playtime Theatres*, 475 U.S. 41, 43 (1986)

21   (considering regulation prohibiting adult theatres from locating within 1000 feet of

22   residential areas, churches, parks, and schools).  The Ninth Circuit has cited with

23   approval case law that analogizes the level of scrutiny that should be applied in Second

24   Amendment cases to the First Amendment standard of permissible time, place, and

25

26

27   firearms.  As noted below courts have consistently held since *Heller* that either a substantial burden or
     intermediate scrutiny standard should be applied.

28

1  manner restrictions.  *United States v. Vongxay*, 594 F.3d 1111, 1117 (9th Cir. 2010)

2  (citing *Parker v. Dist. of Columbia*, 478 F.3d 370, 399 (D.C. Cir. 2007) ("The protections

3  of the Second Amendment are subject to the same sort of reasonable restrictions that

4  have been recognized as limiting, for instance, the First Amendment"); *see also Hall v.*

5  *Garcia*, No. C10-03799, 2011 WL 995933 at *4 (N.D. Cal Mar. 17, 2001).  The

6  Ordinance is exactly the type of reasonable time, place, and manner restriction that has

7  been upheld time and again in the First Amendment context.  *See United States v.*

8  *Marzzarella*, 595 F.Supp.2d 596, 606 (W.D. Pa. 2009) (suggesting that a ban on guns

9  with obliterated serial numbers should be judged under a standard comparable to that

10  "applicable to content-neutral time, place and manner restrictions," and upholding the

11  ban partly because it leaves "open ample opportunity for law-abiding citizens to own

12  and possess guns"), *aff'd*, 614 F.3d 85, 95 (3d Cir. 2010).

13       Defendants' interest in promoting public safety and preventing harm in populated,

14  well-traveled, and sensitive areas such as residentially-zoned districts or schools is well-

15  established as an important government objective.  *See e.g., United States v. Salerno*,

16  481 U.S. 739, 745 (1987); *Schall v. Martin*, 467 U.S. 253, 264 (1984); *Hall*, 2011 WL

17  995933 at * 5.  In addition, the Ordinance, by delineating a 500 foot radius around those

18  sensitive areas in which commercial sales of firearms may not occur, is substantially

19  related to the objective of creating a safe zone around its residentially-zoned districts

20  and schools.  This law has no impact on Plaintiffs' or the greater community's right to

21  possess a firearm at home or on other private property.  It has very little impact, if any,

22  on the alleged right to acquire a firearm.  The challenged Ordinance "leaves law-abiding

23  citizens with reasonable alternative means for obtaining firearms sufficient for self-

24  defense purposes."  *Nordyke*, 644 F.3d at 787.  Plaintiffs do not assert that the

25  Ordinance makes it materially more difficult to obtain firearms.  Nor does the Complaint

26  allege a shortage of places to purchase guns in or near Alameda County.  In fact, as

27

28

Plaintiffs have admitted, law-abiding citizens may obtain firearms and ammunition approximately one-tenth of a mile from Plaintiffs' proposed site.  (Request for Judicial Notice, Ex. A. (WBZA minutes at p. 3.))

Further, the Ordinance does not burden any alleged right in commercial sale of firearms more than would be reasonably necessary to achieve the County's interest in public safety.  The Ordinance is tailored specifically to allow commercial sale of firearms at locations that are at least 500 feet from specifically identified sensitive areas.  As noted above, Teixeira has previously owned a gun store in compliance with the Ordinance.  Accordingly, the Ordinance is rational, substantially related to an important government interest, and is constitutional on its face.

### F.  Plaintiffs Are Estopped From Challenging The Ordinance As Applied

Plaintiffs' Fourth Claim also challenges the Ordinance as unconstitutional as applied to the facts of this case.  (Complaint at ¶ 54.)  As noted above, Plaintiffs never sought to set aside the Board's decision by petitioning for a writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5.  Plaintiffs could, and should, have sought direct judicial review of the Board's decision by filing a writ.  If the Ordinance to which Plaintiffs objected were improperly applied, the Board's decision could have been vacated pursuant to Cal. Code of Civ. Proc. § 1094.5.  Plaintiffs completely bypassed the proper procedure and instead seek damages and injunctive relief by this independent action.  However, "[a] proceeding under Code of Civil Procedure section 1094.5 is the exclusive remedy for judicial review of the quasi-adjudicatory administrative action of the local-level agency. . . ."  *Briggs*, 40 Cal.App.4th at 645 (quoting *City of Santee v. Superior Court*, 228 Cal.App.3d 713, 718-719 (Cal. Ct. App. 1991) (emphasis added)).

Because the validity of the WBZA's measurements which concluded that the proposed location was within 500 feet of a residentially-zoned district was at issue in the

---

prior administrative proceeding, Plaintiffs' failure to contest the decision by filing a writ of mandamus estops them from now relitigating the same issue in this Court. *Id.* Put another way, Plaintiffs are collaterally estopped from challenging the agency decision because that decision has "achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action." *Id.* at 646 (emphasis in original).

### G. Even If Plaintiffs Were Not Collaterally Estopped From Challenging The Ordinance, The Ordinance Is Constitutional As Applied

As argued above, the challenged Ordinance does not impose a substantial burden on Plaintiffs' core Second Amendment rights. Moreover, as applied to the facts of this case, the Ordinance passes intermediate scrutiny. Plaintiffs assert that the Ordinance is unconstitutional as applied, presumably because the distance between the proposed site and the residential area was measured by taking the distance from building wall of the proposed site to the property line of the nearest residence. (*See* Complaint at ¶ 38.) However, Defendants' important interest in protecting public safety and preventing harm in populated, well-traveled, and sensitive areas such as residential zones or schools is not dependent on whether the measurement is from the door of the building or whether the measurement is from the building wall. In addition, the WBZA found that the methodology used to measure the distance from the proposed location to the residentially zoned district complied with the Ordinance. (Request for Judicial Notice, Ex. A. (WBZA minutes at p. 3.))

Nothing about the facts in this case distinguish Plaintiffs' proposed gun store from any other gun store, or any other property subject to a conditional use permit. Under intermediate scrutiny, the strictest constitutional scrutiny that would apply, the Ordinance need not be the least intrusive means available to accomplish its goal. *Masciandaro*, 638 F.3d at 474. It must only be substantially related to Defendants'

interest in protecting public safety and creating a safe zone around its residential neighborhoods and schools.  While Plaintiffs may be frustrated because their proposed site is just under the minimum distance required, that frustration does not render the Ordinance unconstitutional as applied.

### H.  Defendants Chan, Miley, and Carson Should Be Dismissed

Plaintiffs sue Supervisors Wilma Chan, Nate Miley, and Keith Carson in their official capacities.  (Complaint at ¶¶ 9-11.)  The Court should dismiss any claims against Supervisors Chan, Miley and Carson as defendants in their official capacities.  "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (official capacity suits against public officials are suits against government entity).  The Board is already a defendant in this case, and, as pled by Plaintiffs, Supervisors Chan, Miley and Carson are members of the Board.  (Complaint at ¶¶ 8-11.)  As a result, the claims against Supervisors Chan, Miley and Carson in their official capacities are duplicative of claims against the Board.  Supervisors Chan, Miley and Carson should therefore be dismissed.  *Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986) (suit brought directly against a local governmental unit, renders suit against the individuals unnecessary unless they are sued in their personal capacity.)

### IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss without leave to amend.

DATED:      September 26, 2012           DONNA R. ZIEGLER,
                                         County Counsel, County of Alameda



                                         By _____ /s/ _*Mary Ellyn Gormley*_ _____
                                            MARY ELLYN GORMLEY

Assistant County Counsel

Attorneys for County of Alameda