Donald E.J. Kilmer, Jr., (SBN: 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Voice:        (408) 264-8489
Facsimile:    (408) 264-8487
EMail:        Don@DKLawOffice.com

Jason A. Davis (SBN: 224250)
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice:        (949) 310-0817
Facsimile:    (949) 288-6894
EMail:        Jason@CalGunLawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES (Cal-FFL), <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity. <br><br> Defendants. | CASE NO.: 3:12-CV-03288 SI <br><br> DECLARATION OF GENE HOFFMAN FOR CALGUNS FOUNDATION, INC. |

*Teixeira v. County of Alameda*     Page 1 of 5     Decl Plaintiffs: Calguns Foundation, Inc.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

I, GENE HOFFMAN, declare as follows:

1. I am the Chairman of THE CALGUNS FOUNDATION, INC.

2. THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California.

3. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners.

4. As part of CGF's mission to educate the public – and gun-owners in particular – about developments in California's firearm laws, CGF maintains a website at http://calgunsfoundation.org and contributes content to various print and online media.

5. On their website CGF informs its members and the public at large about pending civil and criminal cases, relating to developments in federal and California gun law. The website hosts forums and publishes notices that document the concerns that California gun owners threats to their Second Amendment rights.

6. CGF expends financial and other resources in both litigation and non-litigation projects to protect the interests of their patrons, members and the public-at-large. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

7. CGF agreed to sponsor this lawsuit, in part, because the "500 foot rule" at issue in this matter is apparently designed and intended to ban gun stores in densely populated urban centers. Its effect is to discriminate against the very people who need access to the means of self-defense as defined by the Second Amendment. Many people in densely populated urban centers to not have access to transportation that could take them to outlying suburban and

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

industrial districts. This (almost) exact issue of limiting gun stores in metropolitan areas was recently addressed in a Seventh Circuit case in which the Calguns Foundation, Inc., provided litigation support and material assistance. That case is *Ezell v. City of Chicago*, 651 F.3d 684, 2011 U.S. App. LEXIS 14108. (7th Cir., July 6, 2011).

8. The facts of this case do not involve this proposed gun store's proximity to a school district, day care facility, other firearms sales business or a liquor store. The sole disqualifying fact given by the County's Board of Supervisors for revoking the CUP and Variance was the "500 foot rule" as it applied to a – residentially zoned district. (Oakland Municipal Code § 17.54.131)

9. There is no rational basis for this rule.

10. The mere presence of firearms, albeit privately owned rather than as inventory, in a residential district is beyond the control of local governments under California's preemption doctrine and statutory law. See: *Doe v. City and County of San Francisco*, 136 Cal. App. 3d 509 and *Fiscal v. City and County of San Francisco*, 158 Cal. App. 4th 895. In other words, there is nothing in federal or state law the prohibits a law abiding gun owner, who might be a collector or shooting enthusiast, from owning and keeping scores of firearms in his residence. Therefore local governments like the County of Alameda cannot prevent a law-abiding gun owner from collecting and storing an unlimited number of firearms in his home. A residence, and by extension, a residentially zoned district, cannot be a designated as a sensitive place. See also: *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010).

11. Furthermore, the transportation of firearms is particularly and strictly regulated by state law. For any person not licensed to carry concealed firearms, all firearms must be transported unloaded and handguns must be transported in a locked container. See CA Penal Code § 25300 *et seq*.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

12. From my understanding of the STAFF REPORTS (Exhibits N & O attached to the Declaration of NOBRIGA, TEIXEIRA and GAMAZA) regarding the request for a Variance and CUP, the County's own Planning Department found no significant impact on the residential properties, yet still recommended denial based on the tautology of the "500 foot rule."

13. It further appears from the STAFF REPORT:

   a. That the building security issues (physical and electronic) raised by the County Sheriff are easily addressed and NOBRIGA, TEIXEIRA and GAMAZA have promised to modify their building, if necessary, to address those issues.

   b. That any fire code issues raised by the Alameda County Fire Prevention Office are easily addressed and NOBRIGA, TEIXEIRA and GAMAZA have promised to comply with all fire-code requirements.

   c. Traffic and parking are non-issues.

   d. Handicap Access modifications to the building were promised or have already been completed.

   e. The hours of operation are limited to daylight hours.

   f. We know (from BRANDON COMBS's declaration) that gun store employees and patrons are – by definition – law-abiding people.

14. There is simply no ration basis (let alone important government interest or compelling government interest) for imposing the enhanced "500 foot rule" on retail gun stores *vis-à-vis* their proximity to residential districts.

15. Gun stores that can meet the licensing requirements of the federal and state government, that also comply with the safety requirement of the County Sheriff, the fire code requirements of the County Fire Prevention Office, and the rather pedestrian requirements of other retail establishments for parking and accessability, should be treated like any other land use applicant.

16. Furthermore, the fact that gun stores sell constitutionally protected artifacts

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

necessary for exercising a fundamental right, should required the government to present extraordinary facts to satisfy their extraordinary claims.

I declare under penalty of perjury, under the laws of California and the Untied States, that the forgoing is true and correct and that this declaration was executed in California on November 5, 2012.

    /s/   Gene Hoffman

Gene Hoffman for Plaintiff
The Calguns Foundation, Inc.

**ATTESTATION FOR COMPLIANCE WITH**
**LOCAL RULE 5.1**

I, Donald Kilmer, declare under penalty of perjury under the laws of California and the United States that I have in my possession e-mail correspondence from GENE HOFFMAN that the content of this document is acceptable to all persons required to sign the document. I declare that this document was signed in San Jose, CA on November 5, 2012.

  /s/
Donald Kilmer
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487