1   Donald E.J. Kilmer, Jr., (SBN: 179986)
    Law Offices of Donald Kilmer
2   A Professional Corporation
    1645 Willow Street, Suite 150
3   San Jose, California 95125
    Voice:        (408) 264-8489
4   Facsimile:    (408) 264-8487
    EMail:        Don@DKLawOffice.com
5
    Jason A. Davis (SBN: 224250)
6   Davis & Associates
    30021 Tomas Street, Suite 300
7   Rancho Santa Margarita, CA 92688
    Voice:        (949) 310-0817
8   Facsimile:    (949) 288-6894
    EMail:        Jason@CalGunLawyers.com
9
    Attorneys for Plaintiffs
10

11                   **UNITED STATES DISTRICT COURT**

12           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

14   JOHN TEIXEIRA, STEVE               CASE NO.: 3:12-CV-03288 SI
     NOBRIGA, GARY GAMAZA,
15   CALGUNS FOUNDATION (CGF),
     INC., SECOND AMENDMENT            DECLARATION OF BRANDON
16   FOUNDATION (SAF), INC., and       COMBS for PLAINTIFF: CALIFORNIA
     CALIFORNIA ASSOCIATION OF         ASSOCIATION OF FEDERAL
17   FEDERAL FIREARMS LICENSEES,       FIREARMS LICENSEES, INC.
     INC. (Cal-FFL),
18
19              Plaintiffs,

20                  vs.

21
     COUNTY OF ALAMEDA, ALAMEDA
22   BOARD OF SUPERVISORS (as a
     policy making body), WILMA CHAN
23   in her official capacity, NATE MILEY
     in his official capacity, and KEITH
24   CARSON in his official capacity.

25
26              Defendants.
27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

I, BRANDON COMBS, declare as follows:

1.     I am the president of CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC.

2.     The CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC., (Cal-FFL) is a non-profit industry association of, by, and for firearms manufacturers, dealers, collectors, training professionals, shooting ranges, and non-industry affiliates.

3.     Our purpose is advancing the interests of our members and the general public through strategic litigation, legislative efforts, and education.

4.     Cal-FFL expends financial and other resources in both litigation and non-litigation projects to protect the interests of their members and the public-at-large. Cal-FFL brings this action on behalf of itself and its members.

5.     The genesis of our association, and a significant part of our continuing operational philosophy, is defined by our efforts to counteract the efforts of local governments and various other organizations who seek to chill and otherwise obstruct the "right to keep and bear arms" of law-abiding gun owners and the merchants who serve them.

6.     While the firearms industry is heavily regulated by <u>both</u> federal and state laws, local (city and county) governments represent a significant threat to the rights of our members through their unconstitutional, often pre-textual, use of public safety legislation and discriminatory land use regulations.

7.     The Firearm Dealers our organization represents have no objection to meeting the usual zoning requirements and land use regulations for properties that facilitate other constitutional rights like book stores and churches (e.g., addressing traffic congestion, adequate sanitation, sufficient parking, and accommodations for wheel chair accessability).

8.     Nor would our members object to firearm-specific regulations like: building security (both physical and electronic), Cal-OSHA and industry standard

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*      Page 2 of 4      Decl Brandon Combs - Cal FFL

1    rules for the storage of flammables, business hours consistent with the
2    surrounding business community, and maintenance of all state and federal
3    licenses to deal firearms.

4    9.    However, the "500 foot rule" is not rationally related to any possible public
5    safety concerns a retail gun store might raise, especially when that gun store
6    is otherwise in compliance with all federal, state and local laws relating to
7    firearm sales.  The "500 foot rule" appears to be exclusively designed to limit
8    gun stores by red-lining them out of existence and thus establishing a
9    practice that is practically impossible to satisfy in metropolitan areas.

10   10.   This pretext of land use regulations is not unlike the pattern and practice of
11   local governments using these same regulations to restrict retail
12   establishments selling adult-oriented material as described in a line of U.S.
13   Supreme Court Cases that began with: *Young v. American Mini Theatres,*
14   *Inc.,* 427 U.S. 50 (1976); and *Schad v. Borough of Mount Ephraim*, 452 U.S.
15   61 (1981), and continuing through with the cases: *City of Renton v. Playtime*
16   *Theatres, Inc.,* 475 U.S. 41 (1986); *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560
17   (1991).   These latter cases developed what has come to be known as the
18   *secondary effects* doctrine.

19   11.   There is no justification for red-lining gun stores.  Unlike adult bookstores,
20   adult live-entertainment establishments and liquor stores, the employees and
21   patrons of gun stores are – by definition and force of law – law-abiding
22   citizens.  No one can work in a gun store, buy a gun (or ammunition), possess
23   a gun (or ammunition), or transport a gun (or ammunition) if they are:
24   a.    A convicted felon,
25   b.    A misdemeanant convicted of various enumerated crimes of violence,
26   including domestic violence,
27   c.    A person subject to terms of probation that prohibit the possession of
28   weapons,

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 3 of 4          Decl Brandon Combs - Cal FFL

d.      A person subject to a restraining order,

e.      A person found to be a danger to themselves or others due to mental illness,

f.      A person addicted to narcotics,

g.      A person under indictment in any court for a crime punishable by imprisonment for a term exceeding one year,

h.      A person who has been discharged from the military under dishonorable conditions,

i.      A person who is a fugitive from justice

Attached as **Exhibit A** is the full list of prohibited categories from the California Department of Justice website.[1]

12.    Furthermore, I am not aware that the County has even conducted (or cited) any *secondary effects* study to back up their claim that the "500 foot rule" serves any compelling, let alone any important, government interest.

I declare under penalty of perjury, under the laws of California and the Untied States, that the forgoing is true and correct and that this declaration was executed in California on November 5, 2012.

/s/ Brandon Combs

Brandon Combs for Plaintiff
California Association of Federal Firearm Licensees, Inc.

### ATTESTATION FOR COMPLIANCE WITH
### LOCAL RULE 5.1

I, Donald Kilmer, declare under penalty of perjury under the laws of California and the United States that I have in my possession e-mail correspondence from BRANDON COMBS that the content of this document is acceptable to all persons required to sign the document.  I declare that this document was signed in San Jose, CA on November 5, 2012.

/s/
Donald Kilmer, Attorney for Plaintiffs

---

[1] http://oag.ca.gov/sites/all/files/pdfs/firearms/forms/prohibcatmisd.pdf?  Date accessed: November 5, 2012

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487