Donald E.J. Kilmer, Jr., (SBN: 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Voice:        (408) 264-8489
Facsimile:    (408) 264-8487
EMail:        Don@DKLawOffice.com

Jason A. Davis (SBN: 224250)
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice:        (949) 310-0817
Facsimile:    (949) 288-6894
EMail:        Jason@CalGunLawyers.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES (Cal-FFL), <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity. <br><br> Defendants. | CASE NO.: 3:12-CV-03288 SI <br><br> DECLARATION OF PLAINTIFFS: <br><br> STEVE NOBRIGA <br><br> JOHN TEIXEIRA <br><br> GARY GAMAZA |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

I, STEVE NOBRIGA, declare as follows:

1. I am one of the plaintiffs in this action. I am a California General Contractor.

2. My residence is located in Manteca, California.

3. Although I am semi-retired, when I do work it is primarily in Alameda County.

4. I served in the United States Air Force from 1968 to 1972.

5. JOHN TEIXEIRA and GARY GAMAZA are my business partners for a proposed business entity to be called Valley Guns & Ammo. We intended to open a gun store in or near the City of San Lorenzo in Alameda County.

   a. My business partner JOHN TEIXEIRA owned and operated Castro Valley Guns from 1975 to January 2006 when retired.

   b. My business partner GARY GAMAZA worked for JOHN TEIXEIRA for approximately 10 years.

6. As part of our plan for opening a gun store we conducted market research among gun enthusiasts in and around Alameda County and obtained feedback from approximately 1,400 people indicating that a full service gun store located in San Lorenzo would be a success.

7. My partners and I began the process of obtaining a Federal Firearms License (FFL) for the business. A brief overview of the procedures required by the Bureau of Alcohol, Tobacco, Firearms and Explosives to become an FFL are set forth on that agency's web site. A copy is attached as **Exhibit A**. [Web page exhibits have a date/time stamp in the footer of the exhibit.]

8. The retail firearm business is heavily regulated by the State of California in addition to the federal laws for becoming an FFL. My partners and I also began the process of securing the appropriate licenses and permissions from the state of California. A brief overview of that process is set forth on that agency's web site. A copy is attached as **Exhibit B**.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

9. I took the lead in conducting the footwork and research to open our gun store. The following chronology is an accurate statement of the steps I (and/or my partners took):

   a. October 20, 2012 – We found a suitable property for a gun store located at 3024 Castro Valley Blvd. We signed a lease.

   b. November 2010 – We opened a checking account at Fremont Bank in the name of Valley Guns and Ammo (VG&A).

   c. November 4, 2010 – I went to the Alameda County Sheriff's Office to apply for a business license and I talked to an Officer Davis. He fingerprinted me and advised me that I would have to secure a Conditional Use Permit (CUP). I contacted the Alameda County Planning Department for information about a CUP for a gun store.

   d. November 2010 – I received information from the Alameda County Planning Department regarding CUPs for gun stores. I was told that one of the requirements would be that any gun store must be located 500 feet from any school, liquor store or residential property; and that the measurements were to be taken from the closest door of the proposed property to any "disqualifying property."

   e. That was when we learned the 3024 Castro Valley Blvd., property was too close to a park that was jointly owned and operated by the Hayward Recreation and Castro Valley School District and we started looking for a new property. It was at this point that we realized that the special zoning restrictions applied to gun stores may have been designed to make opening gun stores in desirable retail areas nearly impossible.

10. While we continued our search for another suitable property, my partner JOHN TEIXEIRA obtained a letter of recommendation from former Sheriff Charles C. Plummer. See **Exhibit C.**

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

11. In early 2011 we located a promising site for the business at 488 Lewelling Blvd., in San Lorenzo.

12. In March 2011, we went to the Alameda County Planning Department and we were shown plot plans which indicated that the 488 Lewelling property would meet the 500 foot rule.

13. That same month, we took meetings with Alameda County Sheriff's Office and the Alameda County Fire Marshall. Security requirements and storage of black powder/explosives was discussed and it appeared that our gun store would meet the requirements of these public safety officers.

14. In April of 2011, we talked with the manager of the 488 Lewelling property. (Victoria Lynn Reno has power of attorney to manage the property for Ms. Mary Kay Graves.) Attached is a true and correct copy of a letter from Ms. Reno acknowledging that we intended to operate a gun store at that location. See **Exhibit D**.

15. In April of 2011 – I met with Mr. Rodrigo Orduna, AICP Senior Planner for Alameda County Planning Department. He gave me copies of the Alameda County Code of Ordinances relating to CUPs for retail firearms sales. The primary code sections dealing CUP requirements for firearms sales are set forth in §§ 17.54.081 and 17.54.131. A true and correct copy of Chapter § 17.54 of the Code is set forth in **Exhibit E**. From § 17.54.131, those requirements are:

    a. That the district in which the proposed sales activity is to occur is appropriate;

    b. That the subject premises is not within five hundred (500) feet of any of the following: Residentially zoned district; elementary, middle or high school; pre-school or day care center; other firearms sales business; or liquor stores or establishments in which liquor is served;

    c. That the applicant possesses, in current form, all of the firearms dealer

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 4 of 17     Decl Plaintiffs: Nobriga, Teixeira & Gamaza

|   |   |   |
|---|---|---|
| 1 |   | licenses required by federal and state law; |
| 2 | d. | That the applicant has been informed that, in addition to a conditional use permit, applicant is required to obtain a firearms dealer license issued by the county of Alameda before sale activity can commence, and that information regarding how such license may be obtained has been provided to the applicant; |
| 7 | e. | That the subject premises is in full compliance with the requirements of the applicable building codes, fire codes and other technical codes and regulations which govern the use, occupancy, maintenance, construction or design of the building or structure; |
| 11 | f. | That the applicant has provided sufficient detail regarding the intended compliance with the Penal Code requirements for safe storage of firearms and ammunition to be kept at the subject place of business and building security. |

16. Mr. Orduna also provided me with a copy of: **Guide: Applying for a Conditional Use Permit**. A true and correct copy of that document is attached as **Exhibit F**.

17. Mr. Orduna also clarified how to measure the 500 foot distance requirements. He indicated to me that the criteria was based on the premises and not the property lines, and that the 500 foot measurement was from the <u>front door</u> of the proposed property to the <u>front door</u> of the subject properties. Notes from that conversation are attached as **Exhibit G**.

18. Only three buildings (residences) were located in the area even came close to the being with 500 feet of our proposed gun store. My partners and I used Google™ Earth to measure the distance between these properties and the front door of the building located at 488 Lewelling Blvd.

19. Next we contacted Albert Jordan, PLS an Associate Land Surveyor who works for the County of Alameda. Mr. Jordan informed us that an actual

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 survey would be required for precise measurement, but that he had a
2 program that could fairly accurately measure the distances based on a county
3 database and overhead pictures of the subject properties. Attached as
4 **Exhibit H** is a true and correct copy of the material that Mr. Jordan
5 provided to us based on our understanding that the measurements were to be
6 taken from the front door of the 488 Lewelling property to the subject
7 properties identified as residences.

    a. The distance to 531 Paseo Del Rio (across 12 lanes of Highway 880, over a 20+ foot concrete wall, and a two-lane access road) was 532 feet.

    b. The distance to 15718 Paseo Larga Vista (also across 12 lanes of Highway 880, over a 20+ foot concrete wall, and a two-lane access road) was 560 feet.

    c. The distance to 452 Albion Avenue (across 8 lanes of Hesperian Blvd.) was 534 feet. We also obtained a letter from the resident at 452 Albion Avenue that he has no objection to a gun store opening at 488 Lewelling Blvd. See **Exhibit I**.

20. The property at 488 Lewelling Blvd has the following characteristics:

    a. It is a wood-stucco structure located at the intersection of Lewelling Blvd., and Hesperian Blvd., in San Lorenzo, CA.

    b. The prior business was an Auto Glass Store. **Exhibit J** is a photo of the property when we first encountered it.

    c. **Exhibit K** is a true and current picture of the improvements we have already made to the building.

    d. **Exhibit L** is a side view of the property showing the concrete wall that abuts the 880 Freeway.

    e. **Exhibit M** is the property floor plan drawings we had prepared for submission to the County as part of the CUP process. Please Note: **The only doors into/out-of the building face Lewelling Blvd**.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

21. My business partners and I deposited $1,500 with the County to begin the CUP process. We also received notice that the County would be demanding additional funds to complete the process and we are prepared to place that amount on deposit once we clear up whether the County's actions were legal. In other words, if the court were to require a bond in this matter, it should be limited to the amount necessary to complete the CUP process in order for us to open our store.

22. Then in July of 2011 we were advised, for the first time by Mr. Tarbell of the Alameda Planning Department, that we would be required to obtain a variance (in addition to the CUP) because the property at 488 Lewelling supposedly did not meet the 500 foot rule. It was at this time that we started getting conflicting definitions of how to measure the 500 feet from our proposed site to any disqualifying structure. Nevertheless, my partners and I began the process to obtain the variance.

23. On or about November 16, 2011 the Alameda County Community Development Agency Planning Department issued its Staff Report on the CUP and Variance for our store. A true and correct copy is attached as **Exhibit N**. Please note the following adoptive admissions and/or undisputed facts (page numbers refer to the PDF page number of the Exhibit):

  a. Heading: **SITE AND CONTEXT DESCRIPTION**,
    i. Pg. 2: Sub-Heading: Physical features: "The only access to the property is the frontage on Lewelling Boulevard."
    ii. Pg. 2: Sub-Heading: Adjacent area: "The residential properties are across Highway 880 to the southwest, and across Hesperian Boulevard to the east.
  b. Heading: **PROJECT DESCRIPTION,** Pg. 3:
    i. Alameda County claims that the distance from the gun shop to the nearest residential district is 446 feet.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 7 of 17     Decl Plaintiffs: Nobriga, Teixeira & Gamaza

    ii.  The County admits that it measured the distance from the closest building exterior wall of the gun shop to the property line of the residentially zoned district.

    iii.  By negative admission, there are no other disqualifying properties within a 500 foot radius from any point of measurement from the proposed gun shop.

  c.  Heading: **REFERRAL RESPONSES**,

    i.  Pg. 3: Most of the other "stake-holders" only wanted to be sure that the gun store would comply with existing federal and state laws regarding firearms sales, safe-storage and licenses.

    ii.  Pg. 4: This is where we start to see extraordinary claims by the San Lorenzo Village Home Association, none of which specifically addressed why a gun store located 500 feet away from disqualifying property would be safe for the community, but a gun store located an (alleged) 446 feet away would not be safe for the community. Similar vague and ambiguous complaints are lodged against the variance by the Cherryland Community Association, and the Ashland Area Community Association.

    iii.  Pg. 4: The City of San Lorenzo took no position on the proposed variance to allow the gun store to open.

  d.  Heading: **STAFF ANALYSIS**,

    i.  Pg. 4 - 6: Sub-Heading: Conformance with the General Plan: This section of the report deals with the entirely arbitrary and subjective opinion of Staff as to whether a gun store would be a "questionable use" when guided by the *Eden Area General Plan*.

    ii.  Pg. 6: Sub-Heading: Conformance with the Specific Plan: In this sections Staff admits that firearm retail sales are "illustrative

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

|   |   |   |   |
|---|---|---|---|
| 1 |  |  | examples of the types of general commercial and land uses along |
| 2 |  |  | busy streets that access from freeways." |
| 3 |  | iii. | Pg. 7: Sub-Heading: <u>Conformance with the Zoning Ordinance</u>: |
| 4 |  |  | Here the report sets out the text of §§ 17.54.131 and 17.54.141 |
| 5 |  |  | regarding Conditional Use Permits for gun stores. |
| 6 | e. |  | Heading: **GENERAL DISCUSSION**, |
| 7 |  | i. | Pg. 7: The report notes that applicants have 38 years of firearm |
| 8 |  |  | retail experience and knowledge. That they are owner/operators |
| 9 |  |  | who will personally attend the shop five days a week, Tuesday |
| 10 |  |  | through Saturday, 10:00 a.m. to 6:00 p.m. |
| 11 |  | ii. | Pg. 8: confirms that my business partners and I collected 1,200 |
| 12 |  |  | individually signed letters of support from the general public |
| 13 |  |  | and 113 letters rom police officers and a personal letter of |
| 14 |  |  | endorsement from the former Sheriff of Alameda County – |
| 15 |  |  | Charles C. Plummer. |
| 16 |  | iii. | Pg. 8: Sub-Heading: **SERVICES PROVIDED**, notes that our |
| 17 |  |  | business was set to provide more than just gun and ammunition |
| 18 |  |  | sales. We are also set to provide: |
| 19 |  |  | (1) firearm instruction, |
| 20 |  |  | (2) classes in hunter safety by certified instructors, |
| 21 |  |  | (3) handgun safety certificate testing (as required by law), |
| 22 |  |  | (4) repairs, |
| 23 |  |  | (5) consignment sales and appraisals, |
| 24 |  |  | (6) sales of gun safes, |
| 25 |  |  | (7) hunting and fishing tags and licenses, |
| 26 |  |  | (8) and although they are currently illegal to buy or sell to |
| 27 |  |  | the general population in California, we agreed that no |
| 28 |  |  | ASSAULT WEAPONS would be sold at the store. |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

       iv.    Pg. 8: Sub-Heading: **DISTANCE FROM OTHER BUSINESSES & NON-RESIDENTIAL SENSITIVE USES**, Here the County admits that there are no other disqualifying property uses within 500 feet of our proposed gun store. (e.g., elementary, middle or high school; pre-school or day care center, other firearms sales business or liquor store.)

       v.    Pg. 8: Sub-Heading: **DISTANCE FROM RESIDENTIAL ZONED PROPERTY**, Here the County admits that it uses more than one endpoint to measure distances to residentially zoned properties.

         (1)    The County measured a distance of 446 feet from the closest exterior wall to the property at Albion Avenue. (A property where the current resident has no objection to the store. See Exhibit I.)

         (2)    It measured the same 446 foot distance from the closest exterior wall, to a another property across 12 lanes of Interstate 880, located at Paseo del Rio in San Lorenzo Village.

       vi.    Pg. 8: Sub-Heading: **PARKING**. The County admits that there is adequate parking for the proposed gun store.

   f.    Heading: **TENTATIVE FINDINGS BASED ON INFORMATION AVAILABLE PRIOR TO THE PUBLIC HEARING**

       i.    Pg. 9: Sub-Heading: <u>Conditional Use Permit:</u>

         (1)    To the question: "Is the use required by the public need?" The County answers: Yes.

         (2)    To the question: "Will the use properly relate to other land uses and transportation and service facilities in the vicinity?" The County answers: Yes.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

    (3)    To the question: "Will the use, if permitted, under all circumstances and conditions of this particular case, materially affect adversely the health or safety of persons residing or working in the vicinity, or be materially detrimental to the public welfare or injurious to property or improvements in the neighborhood?" The County answers: No.

    (4)    To the question: "Will the use be contrary to the specific intent clauses or performance standards established for the District in which it is to be considered?" The County answers: Yes, citing the 500 foot rule and noting that a variance would be required and that a variance application has been made.

ii.    Pgs. 9 - 10: Under a section of additional findings,

    (1)    The County again raises the wholly subject opinion about whether a gun store is desirable under the *Eden Area General Plan*.

    (2)    The County again notes the 500 foot requirement but concedes that the one of disqualifying properties is 446 feet across the 880 freeway. However the County erroneously states that the other residential property that is also 446 feet from the proposed gun shop is easily accessed. But that can only be true if the person is able to walk through concrete walls as the crow flies. The walking distance is well over 500 feet.

    (3)    The County concedes that we have all required licenses and knowledge to run a gun store and that my partners and I can meet the additional requirements imposed by

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | the Sheriff and Fire Marshall, in addition to bringing the building up the modern code requirements for wheel chair access and other building codes. |
| 4   |     | g.  | Heading: **TENTATIVE FINDINGS BASED ON INFORMATION AVAILABLE PRIOR TO THE PUBLIC HEARING**. |
| 6   |     |     | i. Pgs. 10 - 11: Nevertheless, the County denied the request for a variance based solely on the alleged less-than 500 foot distance between the gun store property and the Albion Way property, based on the ease of traversal from the gun store to the disqualifying property. (The one where the current resident has not objection to a gun store and where it would require someone to walk though concrete walls to get from the gun store to the Albion Way property.) |
| 14  |     |     | ii. The County find that the residential properties located across the 12 lanes of Highway 880 **would not** be detrimentally effected by the proposed gun store due to the physical barrier of the highway. These were the properties located in the San Lorenzo Village Homes Association. |
| 19  |     | h.  | The rest of **Exhibit N** are the County's exhibits attached to the Staff Report. |
| 21  | 24. |     | It so happened that the November 16, 2011 Hearing did not take place and was postponed to December 14, 2011. A true and correct copy of the revised STAFF REPORT is attached as **Exhibit O**: |
| 24  |     | a.  | The only substantive changes from the November 16, 2011 Report are the insertion of various pages under a Heading: **CURRENT CHANGES**, starting at page 4 and continuing to page 6. |
| 27  |     | b.  | This appears to be an insertion dealing with the different ways in which the 500 foot rule was to be implemented. |

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 12 of 17     Decl Plaintiffs: Nobriga, Teixeira & Gamaza

    c.    For the record, the County appeared to acknowledge that different distances could be obtained if the one used a different starting point from the gun store premises. By using the Plaintiffs' equally rational definition of a starting point, the distances to residential properties would measure, respectively, 560 feet, 532 feet and 534 feet.

    d.    There do not appear to be any other substantive changes to the STAFF REPORT or their conclusions. (i.e., Staff still recommended <u>against</u> granting the variance.)

25. Despite the Staff recommendation that the variance be denied, THE WEST COUNTY BOARD OF ZONING ADJUSTMENTS granted both the Conditional Use Permit and Variance in their December 14, 2012 meeting. See **Exhibit P**. My business partners and I have been ready, willing and able to comply with all of the requirements of RESOLUTION NO. Z-11-70. (Which is also part of Exhibit P.)

26. The minutes from that December 14, 2012 meeting are available on the County's website. A true and correct copy of those minutes is attached as **Exhibit Q**.

27. A critical fact of this case is that the resolution was adopted on December 14, 2011.

    a.    § 17.54.670 says: – *An appeal may be taken to the board of supervisors within ten days after the date of any order made by the planning commission, the planning director, or the board of zoning adjustments pursuant to Sections 17.18.130, 17.54.030, 17.54.060, 17.54.070, 17.54.100, 17.54.140, or 17.54.400. The appeal may be taken by any property owner or other person aggrieved or by an officer, department, board, or commission affected by the order within said ten-day period, by filing with the clerk of the board of supervisors or the planning department a notice of appeal specifying the grounds for such appeal.*

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

    *Filing such notice shall stay all proceedings in furtherance of the order appealed from. The planning department is designated as an agent of the clerk of the board for purposes of receiving a notice of appeal.*

    b. **Therefore a timely appeal would have to made by December 25, 2012!** Considering the holiday, a notice of appeal might still be timely if filed on Monday, December 26, 2011.

    c. An appeal was apparently filed by someone named Art Wydler the President of the San Lorenzo Village Homes Association. I obtained a full color copy of the document from the County of Alameda. A true and correct copy is attached as **Exhibit R**. (Also attached is another letter from someone named Diane Wydler who appears to be the Vice-President of the San Lorenzo Village Homes Association.)

    d. The critical fact about these letters is – even though one letter is dated December 14, 2011 (the same day the DUP and Variance was granted) and other is dated December 15, 2011 – **The only two Date-Stamps indicating when the letters of appeal were received by the County show a receipt date of Thursday, December 29, 2011 and/or Tuesday, January 3, 2012**.

    e. Either date makes the appeal void under § 17.54.670 *et seq*.

    f. In addition, according to both Staff Reports (Nov. 16, 2011 and Dec. 14, 2011), *the San Lorenzo Village Homes Association was not adversely effected by the variance because they are located across 12 lanes of Interstate 880 and a 20+ foot concrete wall!*

28. Even though the letter(s) requesting an appeal by the San Lorenzo Village Homes Association was not timely filed, the Alameda Board of Supervisors took up the appeal at a February 28, 2012 meeting. See **Exhibit S** for a copy of the letter we received from the Planning Department along with a copy of the Agenda for that meeting.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

29. **Exhibit T** is a copy of the video from the County's website. The "appeal" starts at time stamp 1:05:05 and the agenda item is #5. [A CD-Rom of the video was filed/lodged with Clerk of the Court and served on Opposing Counsel by U.S. Mail. **Exhibit T** has not been electronically filed.]

30. The Defendants acting through the Board of Supervisors present at that meeting (WILMA CHAN, NATE MILEY, and KEITH CARSON) reversed the decision of THE WEST COUNTY BOARD OF ZONING ADJUSTMENTS revoked our Variance and the CUP.

31. The Alameda County Board of Supervisors appeared to be acting with deliberate indifference and overt hostility to the fact that it was a gun store we wished to open, rather than attempt to address any rational public safety interest. Indeed, the Staff Report indicated there were no public safety concerns if the Variance and CUP were granted (as long as we ensured compliance with the terms of RESOLUTION NO. Z-11-70). The Staff Report only made the tautological argument that the proposed gun store was alleged less than 500 feet away from a disqualifying property; without making any argument as to how this wholly arbitrary distance is somehow relevant to land use regulations involving gun stores.

I declare under penalty of perjury, under the laws of California and the Untied States, that the forgoing is true and correct and that this declaration was executed in California on November 5, 2012.

                               /s/ Steve Nobriga
                               Steve Nobriga, Plaintiff

////
////
////
////
////

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# Declaration of John Teixeira

I, John Teixeira, declare as follows:

32. I am a plaintiff in this action. I live in San Leandro, California.

33. My business partners in a venture to open a gun store in Alameda County are STEVE NOBRIGA and GARY GAMAZA.

34. I have read STEVE NOBRIGA's declaration set forth above and it accurately and truly sets forth our experiences in trying to open a gun store at 488 Lewelling Blvd., in San Lorenzo.

35. I had a gun shop named Castro Valley Guns that I opened in 1975. I retired and closed that business in 2006.

36. I have been friends with STEVE NOBRIGA since 1975.

37. I went to High School with GARY GAMAZA and Mr. GAMAZA worked for me for 10 years at Castro Valley Guns.

38. The letter of recommendation from former Sheriff Charles Plummer speaks volumes about my reputation for running a law-abiding gun store. See **Exhibit C**.

I declare under penalty of perjury, under the laws of California and the Untied States, that the forgoing is true and correct and that this declaration was executed in California on November 5, 2012.

                                          /s/   John Teixeira
                                          John Teixeira, Plaintiff

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## **Declaration of Gary Gamaza**

I, Gary Gamaza, declare as follows:

39. I am a plaintiff in this action. I live in San Leandro, California.

40. My business partners in a venture to open a gun store in Alameda County are STEVE NOBRIGA and JOHN TEIXEIRA.

41. I have read STEVE NOBRIGA's declaration set forth above and it accurately and truly sets forth our experiences in trying to open a gun store at 488 Lewelling Blvd., in San Lorenzo.

42. I went to High School with JOHN TEIXEIRA and I worked for him for 10 years at Castro Valley Guns.

I declare under penalty of perjury, under the laws of California and the Untied States, that the forgoing is true and correct and that this declaration was executed in California on November 5, 2012.

                                  /s/   Gary Gamaza

                                  Gary Gamaza, Plaintiff

**ATTESTATION FOR COMPLIANCE WITH**
**LOCAL RULE 5.1**

I, Donald Kilmer, declare under penalty of perjury under the laws of California and the United States that I have in my possession e-mail correspondence from STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA that the content of this document is acceptable to all persons required to sign the document. I declare that this document was signed in San Jose, CA on November 5, 2012.

      /s/
Donald Kilmer
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 17 of 17     Decl Plaintiffs: Nobriga, Teixeira & Gamaza