Alameda County, California, Code of Ordinances >> Title 17 - ZONING >> Chapter 17.54 - PROCEDURES >>

## Chapter 17.54 - PROCEDURES 

### Sections:

17.54.010 - Zoning approval.
17.54.020 - Zoning approval—Lapse.
17.54.030 - Zoning approval—Permits revocable.
17.54.040 - Zoning approval—Not applicable to quarries.
17.54.050 - Uses not listed—Procedure.
17.54.060 - Uses not listed—Action.
17.54.070 - Administration or enforcement—Appeals.
17.54.080 - Variances.
17.54.081 - Variances—Firearms sales.
17.54.090 - Variances—Procedure.
17.54.100 - Variances—Action.
17.54.110 - Variances—Conditions.
17.54.120 - Variances—Effective date.
17.54.130 - Conditional uses.
17.54.131 - Conditional uses—Firearms sales.
17.54.132 - Conditional uses—Superstores.
17.54.135 - Conditional uses—Planning commission action.
17.54.140 - Conditional uses—Action.
17.54.141 - Conditional uses—Action—Firearms sales.
17.54.150 - Conditional uses—Changes and renewals.
17.54.160 - Conditional uses—Combined applications.
17.54.170 - Conditions.
17.54.180 - Prior uses.
17.54.190 - Conditional uses—Effective date.
17.54.200 - Conditional uses—Violation.
17.54.210 - Site development review.
17.54.220 - Site development review—Procedure.
17.54.225 - Site development review for garage conversions—Applications.
17.54.226 - Site development review for relocation agreement billboards—Applications and criteria.
17.54.230 - Site development review—Applications.
17.54.240 - Site development review—Investigation.
17.54.250 - Site development review—Investigation by consultants.
17.54.260 - Site development review—Action.
17.54.270 - Site development review—Effective date.
17.54.280 - Site development review—Conformity required.
17.54.290 - Site development review—Plan modifications.
17.54.300 - Single-family residence—Cluster permit.
17.54.310 - Cluster permit.
17.54.320 - Preliminary cluster development plan—Application.
17.54.330 - Preliminary plan—Professional services required.
17.54.340 - Preliminary plan—Information required.
17.54.350 - Preliminary plan—Action by the planning commission.
17.54.360 - Cluster permit—Application.
17.54.370 - Cluster permit plan—Persons authorized to prepare.
17.54.380 - Cluster permit plan.
17.54.390 - Cluster permit plan—Hearing by the planning commission.
17.54.400 - Cluster permit plan—Findings and action by the planning commission.
17.54.410 - Cluster permit—Time limit.
17.54.420 - Cluster permit—Building permits to conform.
17.54.430 - Cluster permit—Other expiration.

17.54.440 - Applicability—Title 17.
17.54.450 - Minimum project area.
17.54.460 - Density.
17.54.470 - Peripheral setback.
17.54.480 - Yards.
17.54.490 - Standards—Private open area.
17.54.500 - Modification of building site requirements.
17.54.510 - Cluster plan building site objectives.
17.54.520 - Common areas—Provision and design.
17.54.530 - Common areas—Preservation and maintenance.
17.54.540 - Vehicular and pedestrian access and circulation.
17.54.550 - Arrangement of buildings and facilities.
17.54.560 - Planting and fencing.
17.54.570 - Grading.
17.54.580 - Drainage.
17.54.590 - Applications—Petitions and appeals—Form and scope.
17.54.591 - Applications—Firearms sales.
17.54.600 - Applications—Where filed.
17.54.610 - Applications—Acceptance.
17.54.620 - Applications—Fees.
17.54.630 - Applications—Exceptions to requirement of fee.
17.54.640 - Applications—Effect of denial.
17.54.650 - Hearings—Notice.
17.54.660 - Hearings—Continuance.
17.54.670 - Appeals.
17.54.680 - Appeals—Transmittal of record.
17.54.690 - Appeals—Representation.
17.54.700 - Appeals—Notice of hearing.
17.54.710 - Board of supervisors—Action on appeals.
17.54.720 - Amendments.
17.54.730 - Amendments—Initiation of.
17.54.740 - Amendments—Content of petition.
17.54.750 - Amendments—Notice of hearing.
17.54.760 - Reserved.
17.54.770 - Failure to post notices.
17.54.780 - Amendments—Planning commission action.
17.54.790 - Amendments—Consensual conditions.
17.54.800 - Amendments—Board of supervisors action.
17.54.810 - Amendments—Board of supervisors action—Failure to act.
17.54.820 - Limitations of actions.
17.54.830 - Public notice.

## 17.54.010 - Zoning approval.

The term "zoning approval" or "approved as to zoning" refers to and means an official notation by the planning director or his authorized representative upon a building permit, occupancy permit, or license, or upon a written request certifying that the use, building, or structure specified thereon is in conformance with the regulations and provisions of this title. Zoning approval shall be obtained for every new use of land, new building or structure that exercises a variance, conditional use, cluster permit, residential planned development district, quarry, or site development review. The zoning approval shall include reference to any limitations in conditions to which the approval is subject. Any application for a permit or license may be referred to the planning department for a report as to conformity with the regulations and provisions of this title.

*(Prior gen. code § 8-90.0)*

## 17.54.020 - Zoning approval—Lapse.

A zoning approval shall lapse and become void whenever the permit or license upon which it is given either lapses or is revoked. A zoning approval authorized for a variance or from a conditional use shall lapse and become void if not exercised within one year, unless otherwise specified in the authorizing action.

*(Prior gen. code § 8-90.2)*

## 17.54.030 - Zoning approval—Permits revocable.

Whenever zoning approval is found to have been obtained by fraud or to have been issued illegally or in error, it shall be revoked. Whenever a use covered by zoning approval or by any previously issued variance, conditional use permit or site development review is found to be exercised unlawfully or contrary to any condition or limitation of its issuance or to be exercised as to constitute a nuisance or to be detrimental to the public health or safety, the matter shall be reported to the code enforcement manager. The code enforcement manager shall make such investigations as are necessary to determine whether such conditions exist and, if so, shall set the matter for hearing. After a hearing conducted pursuant to Section 17.54.650 the planning director, upon recommendation of the code enforcement manager, may revoke any such zoning approval or any variance, conditional use permit or site development review unless the exercise thereof has been so altered as to eliminate cause for revocation. At the planning director's discretion, where the planning director feels that such revocation may have community or county-wide import, the planning director may transfer jurisdiction for such revocation to a board of zoning adjustments or the planning commission. Upon any such revocation, Section 17.58.050 shall control.

*(Ord. 2002-60 (part): Prior gen. code § 8-90.3)*
*(Ord. No. 2010-17, § 93, 12-21-10)*

## 17.54.040 - Zoning approval—Not applicable to quarries.

The use of any land for the operation or maintenance of a quarry or a sand and gravel pit shall be governed by the provisions of Chapter 6.80 of this code, and the issuance of a permit by the board of supervisors, pursuant to the said Chapter 6.80 shall be required for every such use in lieu of the procedure set forth in this title for other uses of land.

*(Prior gen. code § 8-90.4)*

## 17.54.050 - Uses not listed—Procedure.

Whenever there is doubt as to the district classification of a use not listed in any part of this title, the planning department may refer the matter to the planning commission for action pursuant to Section 17.54.060. The referral shall include a detailed description of the proposed use.

*(Prior gen. code § 8-91.0)*

## 17.54.060 - Uses not listed—Action.

Upon referral as provided in Section 17.54.050, the planning commission shall consider the district classification of a use not listed in any part of this title, and shall make such investigations as are necessary to compare the nature and characteristics of the use in question with those of the listed uses in the various districts. If the use is found to be, in all essentials pertinent to the intent of this title of the same character as a permitted use in any district or districts, or of the same character as a conditional use in any district or districts, the commission shall so determine and the order shall be final, unless a notice of appeal is filed pursuant to Section 17.54.670 within ten days after the date of such an order. The person requesting the determination shall be notified forthwith and the final determination shall become a permanent public record.

*(Prior gen. code § 8-91.1)*

## 17.54.070 - Administration or enforcement—Appeals. 

Upon written application setting forth the grounds for appeal, the planning commission shall have jurisdiction to hear and decide appeals alleging error in any order, requirement, permit, revocation, decision or determination made by any official of the county, other than a member of the planning commission, or board of supervisors in the administration or enforcement of planning commission rules, or of the precise plans or zoning regulations of the county; provided however, that all appeals from decisions of the board of zoning adjustments which are required to be made following noticed public hearing and those appeals from the decision of the planning director on a site development review which also requires affirmative action on a variance in order to be implemented shall be governed by the procedure contained in Section 17.54.670. The order deciding such appeal shall become effective ten days after the date of such order unless notice of appeal is filed pursuant to Section 17.54.670 within said period of ten days.

*(Ord. 2002-60 (part): Prior gen. code § 8-92.0)*

## 17.54.080 - Variances. 

Upon application in proper form pursuant to Sections 17.54.590 and 17.54.610 and subject to the procedure governing variances set forth herein, the strict terms of Title 17 of this code, except as to regulations relating to principal uses, may be varied in specific cases upon affirmative findings of fact upon each of these three requirements:

 A. That there are special circumstances including size, shape, topography, location or surroundings, applicable to the property which deprive the property of privileges enjoyed by other property in the vicinity under the identical zoning classification;

 B. That the granting of the application will not constitute a grant of special privileges inconsistent with the limitations upon other properties in the vicinity and zone;

 C. That the granting of the application will not be detrimental to persons or property in the neighborhood or to the public welfare.

*(Prior gen. code § 8-93.0)*

## 17.54.081 - Variances—Firearms sales. 

A conditional use permit for firearms sales issued pursuant to this title is subject to the variance provisions set forth in Chapter 17.54.

*(Ord. 98-53 § 1 (part))*
*(Ord. No. 2010-17, § 94, 12-21-10)*

## 17.54.090 - Variances—Procedure. 

The board of zoning adjustments shall receive, hear and take action upon each application for a variance, except those concurrent with a conditional use permit or site development review that the planning commission hears, in which case the planning commission shall receive, hear and take action upon the variance. Notice of the hearing shall be given pursuant to Section 17.54.830.

*(Ord. 2002-60 (part): Prior gen. code § 8-93.1)*
*(Ord. No. 2009-17, § 4, 4-14-09; Ord. No. 2010-17, § 95, 12-21-10)*

## 17.54.100 - Variances—Action.

After the conclusion of the hearing on the application for a variance, it may be granted, in whole or in part, and subject to such conditions, limitations and guarantees as may be specified pursuant to Section 17.54.110, if from the information presented with the application and at the hearing it is found that the circumstances are as specified in Section 17.54.080, and otherwise the application shall be denied.

Where for any reason the board of zoning adjustments is unable to take an action on an application, the planning director has the power to transfer the application to the planning commission, who shall then receive, hear, and decide such applications as specified in Section 17.54.080.

*(Ord. 2004-61 § 1 (part): prior gen. code § 8-93.2)*

## 17.54.110 - Variances—Conditions. 

In granting a variance, the character and extent thereof shall be specified and the variance shall be made subject to such conditions and guarantees as are deemed necessary to secure conformance to the requirements set forth in Section 17.54.080. A variance may be made valid only for a specified term. If any portion of a variance is utilized, all of its conditions and specifications shall be operative, and the violation of any of them shall constitute a violation of this title.

*(Prior gen. code § 8-93.3)*

## 17.54.120 - Variances—Effective date. 

The order granting a variance, or denying the same, shall become effective ten days after the date of such order, unless a notice of appeal is filed pursuant to Section 17.54.670 of this chapter.

*(Prior gen. code § 8-93.4)*

## 17.54.130 - Conditional uses. 

Certain uses, referred to in this title as conditional uses, are hereby declared to possess characteristics which require special review and appraisal in each instance, in order to determine whether or not the use:

A.   Is required by the public need;

B.   Will be properly related to other land uses and transportation and service facilities in the vicinity;

C.   If permitted, will under all the circumstances and conditions of the particular case, materially affect adversely the health or safety of persons residing or working in the vicinity, or be materially detrimental to the public welfare or injurious to property or improvements in the neighborhood; and

D.   Will be contrary to the specific intent clauses or performance standards established for the district, in which it is to be located.

A use in any district which is listed, explicitly or by reference, as a conditional use in the district's regulations, or in Section 17.52.580 shall be approved or disapproved as to zoning only upon filing an application in proper form and in accordance with the procedure governing such uses set forth hereinafter.

*(Prior gen. code § 8-94.0)*
*(Ord. No. 2010-17, § 96, 12-21-10)*

## 17.54.131 - Conditional uses—Firearms sales. 

In addition to the findings required of the board of zoning adjustments under Sections 17.54.130 and 17.54.140, no conditional use permit for firearms sales shall issue unless the following additional findings are made by the board of zoning adjustments based on sufficient evidence:

A.   That the district in which the proposed sales activity is to occur is appropriate;

B.   That the subject premises is not within five hundred (500) feet of any of the following: Residentially zoned district; elementary, middle or high school; pre-school or day care center; other firearms sales business; or liquor stores or establishments in which liquor is served;

C.   That the applicant possesses, in current form, all of the firearms dealer licenses required by federal and state law;

D. That the applicant has been informed that, in addition to a conditional use permit, applicant is required to obtain a firearms dealer license issued by the county of Alameda before sale activity can commence, and that information regarding how such license may be obtained has been provided to the applicant;

E. That the subject premises is in full compliance with the requirements of the applicable building codes, fire codes and other technical codes and regulations which govern the use, occupancy, maintenance, construction or design of the building or structure;

F. That the applicant has provided sufficient detail regarding the intended compliance with the Penal Code requirements for safe storage of firearms and ammunition to be kept at the subject place of business and building security.

*(Ord. 2002-60 (part); Ord. 98-53 § 1 (part))*

## 17.54.132 - Conditional uses—Superstores. 

A. Additional Procedures. An applicant for a conditional use permit for a superstore shall follow the procedures for conditional use permits otherwise provided under this chapter. In addition, the applicant shall submit to the planning director an economic impact analysis prepared by a consultant recommended by the planning director and approved by the planning commission, and paid for in full by the applicant. The consultant shall be qualified by education, training, and experience to conduct economic and fiscal impact analyses. The analysis shall include, in addition to any other information requested by the planning director and/or planning commission, all of the following:

1. An assessment of the extent to which the proposed superstore will capture a share of retail sales in the market area;

2. An assessment of how the construction and operation of the proposed superstore will affect the supply and demand for retail space in the market area;

3. An assessment of the number of persons employed in existing retail stores in the market area, an estimate of the number of persons who will likely be employed by the proposed superstore, and an analysis of whether the proposed superstore will result in a net increase or decrease in employment in the market area;

4. An assessment of how the construction and operation of the proposed superstore will affect wages and benefits, community income levels in the market area;

5. A projection of the costs of public services and public facilities resulting from the construction and operation of the proposed superstore and the incidence of those costs;

6. A projection of the public revenues resulting from the construction and operation of the proposed superstore and the incidence of those revenues;

7. An assessment of the effect that the construction and operation of the proposed superstore will have on retail operations in the same market area, including the potential for blight resulting from retail business closures;

8. An assessment of the effect that the construction and operation of the superstore will have on the ability of the county to implement the goals contained in its general plan;

9. An assessment of the effect that the construction and operation of the proposed superstore will have on average total vehicle miles traveled by retail customers in the same market area; and

10. An assessment of the potential for long-term vacancy of the property on which the superstore is proposed in the event the superstore vacates the premises.

As used in this section, "market area" means a geographical area that is described in independent and recognized commercial trade literature, recognized and established business or manufacturing policies or practices, or publications of recognized independent research organizations, as being an area that is large enough to support the location of the specific superstore proposed.

B. Public Review. Upon receipt of a completed economic impact analysis as described in subsection A of this section, the planning director shall provide public notice of its completion. The planning director shall make the completed economic impact analysis available for public review for a period of no less than thirty (30) days prior to any public hearing on the application for a conditional use permit for the superstore.

C.  Additional Findings. In addition to any other findings required for a conditional use permit provided under this chapter, a conditional use permit for a superstore shall not be approved unless the planning commission, or the board of supervisors on appeal, finds that the superstore will not have a net adverse economic impact within the market area. Such finding shall be based on the economic impact analysis described in subsection A of this section, any public comments on the economic impact analysis received during the public review period specified in subsection B of this section, and any other information submitted to and received by the planning director, planning commission, and/or board of supervisors prior to the close of any public hearing(s) on the application.

*(Ord. 2006-18 § 2 (part))*

## 17.54.135 - Conditional uses—Planning commission action. 

The planning commission, sitting as a board of zoning adjustments, shall receive, hear and decide certain applications for a conditional use permit and after the conclusion of the hearing may authorize approval as to zoning of the proposed use if the evidence contained in or accompanying the application or presented at the hearing is deemed sufficient to establish that, under all circumstances and conditions of the particular case, the use is properly located in all respects as specified in Section 17.54.130, and otherwise the planning commission shall disapprove the same. In each case, notice of the hearing shall be given pursuant to Section 17.54.830.

*(Ord. 99-26 (part))*
*(Ord. No. 2009-17, § 5, 4-14-09)*

## 17.54.140 - Conditional uses—Action. 

Except as provided in Section 17.17.020 or Section 17.54.135, the board of zoning adjustments shall receive, hear and decide applications for a conditional use permit and after the conclusion of the hearing may authorize approval as to zoning of the proposed use if the evidence contained in or accompanying the application or presented at the hearing is deemed sufficient to establish that, under all circumstances and conditions of the particular case, the use is properly located in all respects as specified in Section 17.54.130, and otherwise the board of zoning adjustments shall disapprove the same. In each case, notice of the hearing shall be given pursuant to Section 17.54.830.

Where for any reason a board of zoning adjustments is unable to take an action on an application, the planning director has the power to transfer the application to the planning commission, who shall then receive, hear, and decide such applications as specified in Section 17.54.130.

*(Ord. 2002-60 (part): Ord. 2000-53 § 1 (part); Ord. 99-26 (part); prior gen. code § 8-94.1)*
*(Ord. No. 2009-17, § 6, 4-14-09; Ord. No. 2010-17, § 97, 12-21-10)*

## 17.54.141 - Conditional uses—Action—Firearms sales. 

In order for a conditional use permit for firearms sales to become effective and remain operable and in full force, the following are required of the applicant:

A.  A final inspection from appropriate building officials demonstrating code compliance;

B.  Within thirty (30) days of obtaining a conditional use permit, and prior to any sales activity, a firearms dealer license shall be secured from the appropriate county agency;

C.  The county-issued firearms dealer's license be maintained in good standing;

D.  The maintenance of accurate and detailed firearms and ammunition transaction records;

E.  Transaction records shall be available for inspection as required by the California Penal Code;

F.  Compliance with all other state and federal statutory requirements for the sale of firearms and ammunition and reporting of firearms transactions, including, but not limited to Section 12070 et seq. of the California Penal Code.

*(Ord. 98-53 § 1 (part))*

## 17.54.150 - Conditional uses—Changes and renewals. 

Except as provided in Section 17.17.020 and Section 17.54.135, the board of zoning adjustments shall receive, hear and decide applications to renew or extend the term of a conditional use or to modify or waive any condition previously imposed upon a conditional use, or upon a use permit issued prior to the effective date of the ordinance codified in this section. Every such application shall be subject to the same procedure and regulations as set forth herein for a conditional use.

*(Ord. 2002-60 (part): Prior gen. code § 8-94.2)*
*(Ord. No. 2010-17, § 98, 12-21-10)*

## 17.54.160 - Conditional uses—Combined applications. 

If the proposed conditional use is one listed in the district regulations as subject to site development review, procedure upon the application shall be subject to the additional requirements of Section 17.54.210 of this chapter. No separate application for site development review is required in such cases, but disapproval of either shall constitute disapproval of the application. Where the proposed conditional use permit is accompanied by a concurrent application for a variance pursuant to Section 17.54.090 the board of zoning adjustments shall act separately on each.

*(Ord. 2002-60 (part): Prior gen. code § 8-94.3)*

## 17.54.170 - Conditions. 

The approval of a conditional use permit may be valid only for a specified term, and may be made contingent upon the acceptance and observance of specified conditions, including but not limited to the following matters:

A.   Substantial conformity to approved plans and drawings;

B.   Limitations on time of day for the conduct of specified activities;

C.   Time period within which the approval shall be exercised and the proposed use brought into existence, failing which the approval shall lapse and be void;

D.   Guarantees as to compliance with the terms of the approval, including the posting of bond;

E.   Compliance with requirements of other departments of the county government.

*(Prior gen. code § 8-94.4)*

## 17.54.180 - Prior uses. 

A lawfully existing use in any district which is or becomes as a result of any subsequent amendment of these regulations or of the district boundaries, classified as a conditional use shall be deemed to be an approved conditional use without further action, and may continue, subject to any previously imposed conditions, as long as the use and building remain the same.

*(Prior gen. code § 8-94.5)*

## 17.54.190 - Conditional uses—Effective date. 

The order authorizing approval of a conditional use or disapproving the same, shall become effective ten days after the date of such order unless a notice of appeal is filed pursuant to Section 17.54.670 of this chapter.

*(Prior gen. code § 8-94.6)*

## 17.54.200 - Conditional uses—Violation.

Once a conditional use is established all of the conditions specified in the permit's approval shall become operative and the violation of any of them shall constitute a violation of this title.

*(Prior gen. code § 8-94.7)*

### 17.54.210 - Site development review. 

Site development review is intended to promote orderly, attractive, and harmonious development; recognize environmental limitations on development; stabilize land values and investments; and promote the general welfare by preventing establishment of uses or erection of structures having qualities which would not meet the specific intent clauses or performance standards of this title or which are not properly related to their sites, surroundings, traffic circulation, or their environmental setting. Where the use proposed, the adjacent land uses, environmental significance or limitations, topography, or traffic circulation is found to so require, the planning director may establish more stringent regulations than those otherwise specified for the district.

*(Prior gen. code § 8-95.0)*

### 17.54.220 - Site development review—Procedure. 

A.  Non-Garage Conversions—Site Development Review—Procedure. The planning director or his designated representative shall receive and decide applications for site development review. No public hearing is required, but the planning director may give such notice as he deems appropriate.

B.  Garage Conversions—Site Development Review—Procedure. The county board of zoning adjustments shall hold a public hearing and render a decision on the application after public notification to property owners within a minimum three hundred (300) foot radius of the perimeter of subject property and completion of a public comment period of a minimum of ten working days.

C.  Garage Conversions—Findings Required. The conditions listed in Section 17.52.955 of this title shall be met in the affirmative and entered into the public record as findings of fact prior to approval of a site development review for garage conversions.

D.  Relocation Agreement Billboards—Site Development Review—Procedure. The county planning commission shall hold a public hearing and make a recommendation to the county board of supervisors for the installation, alteration, expansion, modification, or replacement of a billboard or advertising sign pursuant to an agreement relocating presently existing, legal billboards or advertising signs pursuant to Business and Professions Code Section 5412. The county board of supervisors shall hold a public hearing and render a decision on the application.

E.  Relocation Agreement Billboards—Findings Required. The conditions listed in Section 17.54.226(A)(8) of this title shall be met in the affirmative and entered into the public record as findings of fact prior to the denial or approval of a site development review for a relocation agreement billboard.

*(Ord. 2004-97 § 4: prior gen. code § 8-95.1)*
*(Ord. No. 2009-17, § 7, 4-14-09; Ord. No. 2010-17, § 99, 12-21-10; Ord. No. 2010-49, § 14, 9-14-10)*

### 17.54.225 - Site development review for garage conversions—Applications. 

Applications for garage conversions shall include the materials required per "Site Development Review— Applications" Section 17.54.230, except that site development reviews for garage conversions shall also include:

A.  Elevations of all exterior wall surfaces of the existing on-site primary structure(s), and of the proposed garage conversion;

B.  Annotated photographs of all street-facing exterior wall surfaces of the five neighboring properties at either side of the subject site, and of the ten closest properties across the street from the subject site;

C.  Floor plans of all of the on-site primary structures and of the proposed garage conversion; and

D.  Site plans showing the entire subject property and all structures therein, including the replacement storage space, the proposed on-site parking spaces, and showing site plans for all adjacent parcels that share property lines with the subject parcel, including their curb-cuts and driveways, and locations of all structures.

*(Ord. 2004-97 § 5)*

## 17.54.226 - Site development review for relocation agreement billboards—Applications and criteria. 

A.    An application for a billboard review permit shall be made on forms prescribed by the planning director and shall be filed with the planning department. The application shall include the materials required per "site development review—applications" Section 17.54.230 and the following additional material:

1.    Elevation plan, fully dimensioned, showing location of all buildings and improvements and the location of the proposed billboard, together with the location, size and height of all existing signs on the premises;

2.    Photo simulations of the proposed billboard;

3.    Site plans showing the entire subject property and all structures therein;

4.    Structural details and circulations prepared and signed by an engineer or architect registered in the state. Such details shall be required when the area of the sign exceeds five square feet and the height of the sign exceeds six feet;

5.    A statement of the owner of the proposed billboard as to whether the sign is to display commercial or noncommercial messages, or both. If the proposed sign is to be used to display commercial messages, then the applicant shall also state whether the message is to be for on-site or off-site advertisements;

6.    A statement of the owner of the proposed billboard as to whether the sign will allow for public service announcements that provide a community benefit.

B.    Relocation Agreement Billboard Criteria. In determining whether to grant or deny a billboard review permit, the planning commission and board of supervisors shall consider whether the proposed billboard or advertising sign:

1.    Serves the public interest in aesthetics and safety and is not detrimental or injurious to property or improvements in the neighborhood;

2.    Will not be detrimental to the health or safety of persons residing or working in the neighborhood;

3.    Ensures adequate opportunity for persons to exercise their right of free speech by display of signs;

4.    Protects and preserves the character of residential areas by prohibiting commercial signage in such areas, except as required by state law or judicial decisions;

5.    Is compatible with uses and structures on the site and in the surrounding area. Compatibility shall be determined by the relationships of the elements of form, proportion, scale, and overall sign size;

6.    Does not constitute a hazard to the safe and efficient operation of vehicles on a street or a freeway or create a condition that endangers the safety of persons, pedestrians, or property;

7.    Does not create a traffic safety problem with regard to on-site access, circulation or visibility, speed of travel on adjacent roadways, sight visibility, and/or visibility of access ramps;

8.    Will not cause or contribute to a net increase in the cumulative number of existing billboards in a neighborhood or community.

C.    Relocation Agreement Billboard Prohibition. In determining whether to grant or deny a billboard review permit, neither the planning commission nor the board of supervisors shall authorize the installation or relocation of a relocation billboard in an R district, an A district, or a PO district which allows residential or agricultural uses.

D.    Appeal of Relocation Agreement Billboard Determination. Following a final decision by the board of supervisors any concerned person may seek judicial review of the final decision to grant or deny a billboard review permit for a relocation agreement billboard pursuant to California Code of Civil Procedure Section 1094.5, in conjunction with Sections 1094.6 or 1094.8, as applicable.

*(Ord. No. 2010-49, § 15, 9-14-10)*

## 17.54.230 - Site development review—Applications.

Every application for site development review shall be in proper form as provided in Section 17.54.590 and shall be accompanied by a site plan prepared by a licensed civil engineer, land surveyor, architect, landscape architect or a registered building designer; provided, however, that the boundary and topographic survey on the site plan shall be prepared by a licensed civil engineer or land surveyor whose seal shall appear on said site plan, drawn

to scale and indicating clearly and with full dimensions the following information:

    A.    Parcel dimensions in distance and bearings;

    B.    Existing and proposed buildings and structures—their location, size, height and use;

    C.    Dimensions of yards and open spaces between buildings;

    D.    Fences and walls—their location, height and materials;

    E.    Parking spaces—their location, number, dimensions and internal circulation;

    F.    Access—vehicular, pedestrian and service, with points of ingress and egress, internal circulation, design, and improvements;

    G.    Street dedications and improvements—existing, and proposed, if any;

    H.    Such other data as may be required under the circumstances of the case to permit the planning director to make the required findings.

        Where the proposed use includes any main building other than dwellings, or any commercial or industrial use, the plan shall also show:

    I.    Signs—their location, size, height and types of materials, and lighting;

    J.    Loading spaces—their location, number, dimensions and internal circulation;

    K.    Lighting—its location and general nature.

*(Prior gen. code § 8-95.2)*

## 17.54.240 - Site development review—Investigation. 

The planning director, upon receipt of an application for site development review, shall make such investigations as are necessary to determine whether or not the proposed use or structure conforms or may be conditioned to conform fully to the regulations for the district as herein set forth. The planning director may request reports and recommendations from the county surveyor, building official and health officer, public works department, other offices of the county, or any other interested public agencies regarding matters within their jurisdiction which may be affected by the proposed use or structure.

*(Prior gen. code § 8-95.3)*

## 17.54.250 - Site development review—Investigation by consultants. 

If, in the opinion of the planning director, the proposed use may cause the emission of dangerous or objectionable noise, odors, lights, dust, smoke or vibrations, the planning director with the consent of the applicant, may refer the application for investigation and report to one or more expert consultants qualified to advise as to whether a proposed use will conform to the applicable performance standards. Such consultant or consultants shall report in writing to the planning director and a copy of such report shall be furnished to the applicant. The applicant shall be required to pay the fee for service of said consultant(s).

*(Prior gen. code § 8-95.4)*

## 17.54.260 - Site development review—Action. 

At the conclusion of such investigation, the planning director shall determine from the reports and data submitted whether the use and structures will meet the requirements and intent of this title, and upon making an affirmative finding, shall approve said application. If from the information submitted, the planning director finds that compliance with the requirements of this title and the intent set forth herein would not be secure, the planning director shall disapprove or approve subject to such specified conditions, changes, or additions as will assure compliance.

*(Prior gen. code § 8-95.5)*

## 17.54.270 - Site development review—Effective date. 

The order approving or disapproving a site development review shall become effective ten days after the date of such action, unless a written appeal is filed pursuant to and in compliance with Section 17.54.070.

*(Prior gen. code § 8-95.6)*

## 17.54.280 - Site development review—Conformity required. 

Wherever a plan for the development of a building site has been the subject of site development review as hereinabove specified and has been given final approval the use of the building site thereafter shall be subject to compliance with the plan in conformance to all details specified thereon and subject to all the conditions set forth in the action of approval.

*(Prior gen. code § 8-95.7)*

## 17.54.290 - Site development review—Plan modifications. 

The planning director shall near and decide applications to modify any plan approved under the procedure for site development review, or to modify any condition set forth in the action of approval, subject to the same procedure and regulations as those applicable to the original application.

*(Prior gen. code § 8-95.8)*

## 17.54.300 - Single-family residence—Cluster permit. 

A single-family residence cluster development is intended to encourage the arrangement of single-family residences on suitable lands in such manner that will:

A.   Be in accord with the general plan of the county;
B.   Provide efficient use of the land that includes preservation of significant amounts of open areas and natural and topographic landscape features;
C.   Provide an environment that will encourage the use of common open areas for community activities and other amenities;
D.   Provide variety in the siting of residences and the design of access and circulation facilities;
E.   Be compatible with and enhance the development of the general area.

*(Prior gen. code § 8-96.0)*
*(Ord. No. 2010-17, § 100, 12-21-10)*

## 17.54.310 - Cluster permit. 

A cluster development of single-family residences is permitted only in R-1 (single-family residence) districts, and R-1 combining districts upon issuance of a cluster permit in accordance with the provisions of this title.

*(Prior gen. code § 8-96.1)*

## 17.54.320 - Preliminary cluster development plan—Application. 

Any land owner desiring a cluster permit shall submit to the planning commission a preliminary cluster development plan.

*(Prior gen. code § 8-96.2)*

## 17.54.330 - Preliminary plan—Professional services required. 

The preliminary plan shall contain certifications that a civil engineer, a landscape architect and an architect or registered building designer have participated in the preparation of the preliminary plan.

### 17.54.340 - Preliminary plan—Information required.

The preliminary plan shall be submitted to the planning commission in the form specified.

*(Prior gen. code § 8-96.4)*

### 17.54.350 - Preliminary plan—Action by the planning commission.

After consideration of the preliminary plan and any other pertinent information, the planning commission shall advise the applicant of its evaluation of the plan. This evaluation shall include a statement regarding whether the preliminary plan appears either to meet or not meet the intent of the provisions of this title and may include a statement regarding:

    A.   Development objectives pertinent to the characteristics of the site in question which should be observed in the design of the cluster development including:

          1.   Preservation of specified natural and topographic landscape features,

          2.   Type and extent of circulation facilities,

          3.   Nature and extent of grading;

    B.   Basic design changes which appear necessary in order to meet said intent which may include reduction of dwelling unit density and modifications in the location of buildings, roads and common areas.

*(Prior gen. code § 8-96.5)*

### 17.54.360 - Cluster permit—Application.

An application for a cluster permit shall be submitted to the planning commission in the form specified by the planning commission.

*(Prior gen. code § 8-96.6)*

### 17.54.370 - Cluster permit plan—Persons authorized to prepare.

Same as Section 17.54.330.

*(Prior gen. code § 8-96.7)*

### 17.54.380 - Cluster permit plan.

The cluster permit plan shall be based on the above preliminary plan and shall be in the form specified by the planning commission.

*(Prior gen. code § 8-96.8)*

### 17.54.390 - Cluster permit plan—Hearing by the planning commission.

Upon receipt of the application for a cluster permit, the planning commission shall hold a public hearing thereon. Notice of the hearing shall be given pursuant to Section 17.54.830.

*(Prior gen. code § 8-96.9)*
*(Ord. No. 2009-17, § 8, 4-14-09)*

### 17.54.400 - Cluster permit plan—Findings and action by the planning commission.

The planning commission shall consider the intent and standards of the district and of this title and if the cluster permit plan is found to be in compliance with these provisions, may issue a cluster permit which shall set forth

the conditions of approval the planning commission deems necessary to assure the affirmative findings. If the cluster permit plan is found not to be in compliance, or cannot be conditioned to comply with the intent and standards of the district and of this title, the planning commission shall deny the application. An order authorizing approval of a cluster permit or disapproving the same shall become effective ten days after the date of such an order, unless a notice of appeal is filed pursuant to Section 17.54.670.

*(Prior gen. code § 8-96.10)*
*(Ord. No. 2010-17, § 101, 12-21-10)*

### 17.54.410 - Cluster permit—Time limit.

Within two years of the date of approval of a cluster permit a final subdivision map in accordance with the provisions of the approved permit shall be recorded. Failure to file a final subdivision map within this period shall render said permit null and void.

*(Prior gen. code § 8-96.11)*

### 17.54.420 - Cluster permit—Building permits to conform.

All building permits issued within the boundaries of an approved cluster development shall conform to the provisions of the approved cluster permit until such time as said cluster permit expires or the property owner has filed with the planning commission notification in writing of his intent to abandon this permit which notification shall render said permit null and void.

*(Prior gen. code § 8-96.12)*

### 17.54.430 - Cluster permit—Other expiration.

In addition to these provisions relating to cluster permit expiration in Sections 17.54.410 and 17.54.420, a cluster permit shall be null and void if a tentative subdivision map is approved that is not in conformance with the provisions of the cluster permit.

*(Prior gen. code § 8-96.13)*

### 17.54.440 - Applicability—Title 17.

Cluster developments shall be in accord with all provisions of this title, except where provisions of Sections 17.54.300 through 17.54.580 inclusive are applicable.

*(Prior gen. code § 8-96.14)*

### 17.54.450 - Minimum project area.

The cluster development shall consist of a lot or contiguous lots under one ownership or control containing a project acreage of a least ten acres or having a potential of at least fifty (50) dwelling units as determined by the provisions of Section 17.54.460. Project acreage shall include only those lands to be used for lots, lands to be owned in common by the residents of the project and lands used for circulation facilities.

*(Prior gen. code § 8-96.15)*

### 17.54.460 - Density.

The maximum number of residential units shall be calculated in accordance with the provisions of Table 17.54.460.

Table 17.54.460

| Maximum Number of Residential Units | | |
|---|---|---|
| Zoning District | | Maximum Units Per Project Acre |
| R-1 | (5,000) | 5.5 |
| R-1-B-8 | (8,000) | 4.2 |
| R-1-B-10 | (10,000) | 3.5 |
| R-1-B-20 | (20,000) | 2.0 |
| R-1-B-40 | (40,000) | 1.0 |
| R-1-B-E (Specified lot size less than 1 acre) | | Determined in direct proportion by interpolation of those ratios expressed. |
| R-1-B-E (Specified lot size over 1 acre) | | Determined in direct proportion by the existing zoning. |

*(Prior gen. code § 8-96.16)*

*(Ord. No. 2010-17, § 102, 12-21-10)*

## 17.54.470 - Peripheral setback. 

No dwelling unit shall be located less than twenty (20) feet from any boundary of the cluster development.

*(Prior gen. code § 8-96.17)*

## 17.54.480 - Yards. 

Except as provided in Sections 17.54.470 and 17.54.500 and in lieu of yards required by other provisions of this title, the following minimum yards are required for each building site:

A.  All yards adjoining a building wall not exceeding one story in height: five feet;

B.  All yards adjoining a building wall two stories in height: ten feet;

C.  In addition to those yards required by the foregoing provisions of this section, yards adjoining a street shall be increased:

    1.  Five feet from a limited access street (less than three hundred (300) vehicular trips per day),

    2.  Ten feet from a minor residential street (three hundred (300)—six hundred (600) vehicular trips per day),

    3.  Twenty (20) feet from a neighborhood collector street (six hundred (600)—two thousand (2,000) vehicular trips per day),

    4.  Thirty (30) feet from a major thoroughfare (over two thousand (2,000) vehicular trips per day).

*(Prior gen. code § 8-96.18)*

## 17.54.490 - Standards—Private open area. 

Each building site shall have a private open area. The private open area shall contain at least five hundred (500) square feet of useable open space and measure not less than twenty (20) feet in width or depth and shall easily be accessible from the dwelling units. The required private open area shall not include a required yard adjoining a street, off-street parking spaces or vehicular access thereto.

*(Prior gen. code § 8-96.19)*

## 17.54.500 - Modification of building site requirements.

In the interest of design flexibility and to provide variety in housing types and site development, certain reductions in the building site requirements for the district and the requirements of Section 17.54.480 may be permitted, or higher standards required. However, the building site area may not be reduced to less than that required for the district except for building sites adjacent to common areas of substantial size which building sites may be reduced to an area of not less than five thousand (5,000) square feet and a width of not less than fifty (50) feet. Any modification of minimum standards must be found by the planning commission to be in best interest of the residents of the development. An approved reduction in the minimum standards must be found to be not detrimental either to the residents within the project or the uses adjoining the project. When reductions in minimum standards are requested by the applicant, the request shall be accompanied by evidence furnished by the project's architect or landscape architect which illustrate that the cluster plan which includes a modification of standards permit the following objectives to be met as well as or better than employment of minimum standards otherwise required.

*(Prior gen. code § 8-96.20)*

## 17.54.510 - Cluster plan building site objectives.

A.   Area. To achieve an equitable distribution of private useable open space and common open space while maintaining the over-all densities proposed by the general plan;

B.   Effective Lot Frontage. To assure permanent access of a width providing safe and efficient vehicle movement to a maintained street;

C.   Median Lot Width. To provide adequate space to accommodate a dwelling of reasonable design with the required yards and open areas;

D.   Yards. To provide insulation from off-site activities and to provide natural light and ventilation, privacy, and convenient access to and around each building and visually pleasing spatial relationship between adjoining buildings;

E.   Yards Adjacent to Street. To provide varied visual relationship between streets and dwellings and provide protection from traffic conflicts, noise, congestion and property damage;

F.   Provide Open Area. To provide useable and attractive areas for outdoor living.

*(Prior gen. code § 8-97.0)*
*(Ord. No. 2010-17, § 103, 12-21-10)*

## 17.54.520 - Common areas—Provision and design.

A.   All lands not utilized for building sites, and public uses shall be owned in common in accordance with the provisions of Section 17.54.530

B.   A minimum of five hundred (500) square feet per dwelling unit (exclusive of private streets) of the common areas provided shall:

　　1.   Not exceed a maximum gradient of ten percent,

　　2.   Be assembled in minimum areas measuring not less than ten thousand (10,000) square feet, not less than one hundred (100) feet in width or depth;

C.   All portions of the common areas used for active recreation areas shall be located not less than fifty (50) feet from any dwelling unit.

*(Prior gen. code § 8-97.1)*

## 17.54.530 - Common areas—Preservation and maintenance.

Ownership and maintenance of all areas owned in common shall be by an automatic-membership homes association being an incorporated nonprofit organization capable of dissolution only by a one hundred (100) percent affirmative vote of the membership, operating under recorded land agreements through which each lot owner in a cluster development is automatically a member, and each lot is automatically subject to a charge for a proportionate share of expenses for maintaining the common property and other facilities owned by the organization. The association shall be authorized to impose a lien on any lot for which required maintenance charges have not been paid. Maintenance of areas owned in common shall include the prevention of health and safety hazards.

*(Prior gen. code § 8-97.2)*

## 17.54.540 - Vehicular and pedestrian access and circulation. 

Vehicular and pedestrian access and circulation shall be adequate for anticipated traffic volumes. Adequate access shall be provided to all structures within the development, and provision shall be made for future development of adjacent, undeveloped acreage. Design and improvement of streets shall conform to applicable county standards. All streets shall be offered for dedication to the county. Private streets, the design and improvement of which have been approved by the planning commission, may be permitted provided they are limited access streets as defined by Section 17.54.480; do not serve through traffic and will be perpetually maintained by the homeowners association.

*(Prior gen. code § 8-97.3)*
*(Ord. No. 2010-17, § 104, 12-21-10)*

## 17.54.550 - Arrangement of buildings and facilities. 

All of the elements of the cluster development shall be harmoniously and efficiently organized in relation to topography, the size and shape of the plot, the character of adjoining property, and the type and size of the buildings.

*(Prior gen. code § 8-97.4)*

## 17.54.560 - Planting and fencing.

The appeal and character of the site shall be preserved or enhanced by retaining and protecting existing trees and other site features to the extent that they enhance the project and additional new plant material shall be added for privacy, shade, and to screen out objectionable features. Where needed for protection or screening purposes, appropriately designed fences, walls or planting shall be installed along property boundary lines, laundry yards, refuse collection points, playgrounds and other locations.

*(Prior gen. code § 8-97.5)*

## 17.54.570 - Grading. 

Grading shall be designed to assure stable ground forms, adequate surface drainage, safe and convenient access to and around the buildings and to conserve desirable existing vegetation and natural ground forms. Any unusual hazard to pedestrians created by slopes or sudden grade changes shall be minimized by the installation of fences, walls, rails or planting.

*(Prior gen. code § 8-97.6)*

## 17.54.580 - Drainage.

Installation of adequate facilities for the collection and disposal of stormwaters shall be provided to prevent damage to property and to provide for the safety and convenience of occupants.

*(Prior gen. code § 8-97.7)*

## 17.54.590 - Applications—Petitions and appeals—Form and scope. 

The planning director shall prescribe the form and scope of all petitions, applications and appeals and shall also specify the accompanying data to be furnished so as to assure the fullest practicable presentation of facts for proper consideration of the matter involved in each case and for a permanent record, and the following regulations shall apply.

*(Prior gen. code § 8-100.0)*

## 17.54.591 - Applications—Firearms sales. 

In addition to the application requirements prescribed in Section 17.54.590 et seq., the application for a conditional use permit for the sale of firearms or ammunition shall contain the following information and data:

A.    A detailed description of the location of the property from which the proposed firearms sale activity is to occur and a detailed description of the building or structure within which the sale of firearms is to take place including, but not limited to, the building floor-plan;

B.    The true and complete legal name and complete address of each owner and tenant of the building or structure within which the sale activity is to take place;

C.    A detailed description of all the makes and models of firearms and ammunition being offered for sale;

D.    A detailed description of the planned compliance with building and inventory security measures required by state law;

E.    The identification of any existing firearms dealer sales sites located within five hundred (500) feet of the applicant's proposed sales site.

*(Ord. 98-53 § 1 (part))*

## 17.54.600 - Applications—Where filed. 

Every application for a variance, for a conditional use, site development review, or for a cluster permit shall be filed with the planning department.

*(Prior gen. code § 8-100.1)*

## 17.54.610 - Applications—Acceptance. 

Every application filed and accepted pursuant to Section 17.54.600 shall be complete, legible and on a prescribed form, and shall include a verification by at least one owner of the property affected attesting to the truth and correctness of all the facts and drawings presented under penalty of perjury.

*(Prior gen. code § 8-100.2)*

## 17.54.620 - Applications—Fees. 

No application required by this title shall be considered to be in proper form unless it is accompanied by a fee as established by resolution by the board of supervisors, nor shall any application be accepted which is not in full compliance with all other requirements of this title. No part of any required fee shall be returned to the applicant, and every such fee shall be deposited with the county treasurer.

*(Prior gen. code § 8-100.3)*

## 17.54.630 - Applications—Exceptions to requirement of fee.

The fee required to accompany any application as specified in Section 17.54.620 shall be waived in the following cases:



A.   Where the application is made and filed by any public agency of a city, county, state or federal government;

B.   Where the application is for variance to permit a building to be relocated on the same lot, if such relocation is necessary solely because of the condemnation of a portion thereof for a public purpose or the sale of such portion of a public agency of the county, state or federal government.

C.   Where the application is for a site development review for signs as provided in Sections 17.04.010, 17.34.100, 17.38.110, 17.38.120 and 17.38.130

*(Prior gen. code § 8-100.5)*

## 17.54.640 - Applications—Effect of denial. 

No application for a variance, a conditional use or a site development review which has been denied wholly or in part shall be resubmitted, within one year from the date of the final order of denial, except on grounds of new evidence or proof of changed conditions found to be valid by the officer or public body which issued such final order.

*(Prior gen. code § 8-100.6)*

## 17.54.650 - Hearings—Notice.

Upon receipt in proper form of any application for a variance, for a conditional use, for a cluster permit, or a cluster permit preliminary plan, or for a determination relative to whether a use is nonconforming or for a determination as to whether a use is illegal or should be abated by the building official, the date for the public hearing thereon shall be set. At least one public hearing shall be held on each such application by the agency designated to receive it. Notice of the time and place of each such hearing shall be given pursuant to Section 17.54.830.

*(Prior gen. code § 8-101.0)*
*(Ord. No. 2009-17, § 9, 4-14-09)*

## 17.54.660 - Hearings—Continuance. 

At any public hearing, the presiding officer may order the hearing to be continued by publicly announcing the time and place of a continuance and no further notice thereof shall be required.

*(Prior gen. code § 8-101.1)*

## 17.54.670 - Appeals.

An appeal may be taken to the board of supervisors within ten days after the date of any order made by the planning commission, the planning director, or the board of zoning adjustments pursuant to Sections 17.18.130, 17.54.030, 17.54.060, 17.54.070, 17.54.100, 17.54.140, or 17.54.400. The appeal may be taken by any property owner or other person aggrieved or by an officer, department, board, or commission affected by the order within said ten-day period, by filing with the clerk of the board of supervisors or the planning department a notice of appeal specifying the grounds for such appeal. Filing such notice shall stay all proceedings in furtherance of the order appealed from. The planning department is designated as an agent of the clerk of the board for purposes of receiving a notice of appeal.

*(Ord. 2002-60 (part): Prior gen. code § 8-102.0)*
*(Ord. No. 2009-17, § 10, 4-14-09)*

## 17.54.680 - Appeals—Transmittal of record. 

Upon receiving an appeal the clerk of the board of supervisors or planning department shall indicate upon every notice of appeal received pursuant to Section 17.54.670 the date upon which it was filed. If filed with the clerk of the board, the clerk shall transmit a copy thereof to the planning department. If filed with the planning department, the planning department shall transmit a copy thereof to the clerk of the board. The planning department shall

immediately make available to the board all of the documents constituting the record upon which the action appealed was taken.

*(Prior gen. code § 8-102.1)*
*(Ord. No. 2009-17, § 11, 4-14-09)*

### 17.54.690 - Appeals—Representation. 

The planning department shall be represented at the hearing on the appeal, in order to make known the reasons for the action taken.

*(Prior gen. code § 8-102.2)*

### 17.54.700 - Appeals—Notice of hearing. 

The board of supervisors shall give written notice of the time and place for hearing any appeal filed pursuant to Section 17.54.670. Such notice shall be published and shall be given to the applicant, to the appellant, to the agency which made the order appealed, and to any other person requesting such notice and depositing with the clerk of the board a self-addressed, stamped envelope to be used for that purpose. In addition, notice shall be given pursuant to Section 17.54.830.

*(Prior gen. code § 8-102.3)*
*(Ord. No. 2009-17, § 12, 4-14-09)*

### 17.54.710 - Board of supervisors—Action on appeals. 

The board of supervisors may hear additional evidence and may sustain, modify or overrule any order brought before it on appeal pursuant to Section 17.54.670, and may make such findings and decisions as are not inconsistent with state law and county ordinances; provided that, if no motion relative to the order appealed attains a majority vote of the board of supervisors within thirty (30) days from the date of the hearing by said board thereon, said order shall stand sustained and be final. If in considering an appeal, the board of supervisors determines that in the time since the decision being appealed was made, new information has arisen that may have affected the original decision maker's evaluation of the "matter before it," the board of supervisors may remand the appeal to the original decision-maker for an advisory ruling on the new information prior to the board of supervisors sustaining, modifying, or overruling an order brought before it pursuant to Section 17.54.670.

*(Prior gen. code § 8-102.4)*
*(Ord. No. 2010-17, § 105, 12-21-10; Ord. No. 2010-22, § 2, 6-29-10)*

### 17.54.720 - Amendments. 

When the board of supervisors deems it to be for the public interest, this title may be amended by reclassifying property or by changing any of its provision. The procedure shall be as set forth in the following sections.

*(Prior gen. code § 8-103.0)*

### 17.54.730 - Amendments—Initiation of. 

An amendment may be initiated by resolution of the board of supervisors or of the planning commission. In the case of a proposed reclassification of property, amendment also may be initiated by a petition. When such amendment is initiated by petition, the petition shall be signed and verified by the owner of the property affected by the proposed change.

*(Prior gen. code § 8-103.1)*





## 17.54.740 - Amendments—Content of petition.

Every petition to reclassify property shall be upon a form prescribed for that purpose by the planning commission and shall be accompanied by such information, maps and other data as the commission may by its rules require.

*(Prior gen. code § 8-103.2)*

## 17.54.750 - Amendments—Notice of hearing. 

Upon passage of a resolution as specified in Section 17.54.730 or upon receipt in proper form of a petition to reclassify property, the proposal shall be set for public hearing before the planning commission as required by state law. Notice of the hearing shall be given pursuant to Section 17.54.830.

*(Prior gen. code § 8-103.3)*
*(Ord. No. 2009-17, § 13, 4-14-09)*

## 17.54.760 - Reserved. 

*Editor's note—*

Ord. No. 2009-17, § 14, adopted April 14, 2009, repealed § 17.54.760, which pertained to amendments; additional notice and derived from prior gen. code § 8-103.4 and Ord. No. 98-52 § 1, 1998.

## 17.54.770 - Failure to post notices. 

Any failure to post public notices shall not invalidate any proceedings for an amendment of this title.

*(Prior gen. code § 8-103.5)*

## 17.54.780 - Amendments—Planning commission action. 

After the conclusion of hearings on any proposed amendment, the planning commission shall make a report of its findings and recommendations and reasons with respect to the same, and shall file with the board of supervisors an attested copy thereof within thirty (30) days after the date of the conclusion of the hearing.

*(Prior gen. code § 8-103.6)*

## 17.54.790 - Amendments—Consensual conditions. 

The planning commission may recommend, and the board of supervisors may impose, conditions to the zoning reclassification of property where it is deemed proper to do so, and where the applicant for rezoning consents, so as not to create problems inimical to the public health, safety and general welfare of the county. Such conditions shall run with the land for however long the property remains in the zoning district involved.

*(Prior gen. code § 8-103.6.5)*

## 17.54.800 - Amendments—Board of supervisors action.

Upon receipt of a report from the planning commission, or upon the expiration of thirty (30) days after the conclusion of the hearing by the planning commission on any amendment initiated by petition or by resolution of the board of supervisors, the board of supervisors shall set the matter for public hearing, after notice thereof, given pursuant to Section 17.54.830. After the conclusion of such hearing, the board of supervisors may adopt the amendment of any part thereof set forth in the petition or in the resolution of intention in such form as the board may deem to be advisable.

*(Prior gen. code § 8-103.7)*
*(Ord. No. 2009-17, § 15, 4-14-09)*

## 17.54.810 - Amendments—Board of supervisors action—Failure to act. 

When the report of the planning commission pursuant to Section 17.54.800 contains a recommendation that a proposed amendment be disapproved and no motion relative thereto attains a majority vote of the board of supervisors within thirty (30) days from the date of the hearing thereon, such failure to act shall constitute disapproval of the proposed amendment.

*(Prior gen. code § 8-103.8)*

## 17.54.820 - Limitations of actions. 

Any court action or proceeding to attach, review, set aside, void or annul any decision of matters listed in this title otherwise subject to court review or concerning any of the proceedings, acts, or determinations, taken, done or made prior to such decision, or to determine the reasonableness, legality or validity of any condition attached thereto, shall not be maintained by any person unless such action or proceeding is commenced within forty-five (45) days after the effective date of such decision. Thereafter all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of such decisions or of such proceedings, acts or determinations.

*(Prior gen. code § 8-103.9)*

## 17.54.830 - Public notice. 

The planning department shall give notice for all hearings before the planning director, the board of zoning adjustments, the planning commission, and the board of supervisors for amendments to the zoning ordinance involving reclassification from one zoning district to another, cluster permits, conditional use permits, variances, and, as provided in subsection D of this section, for site development reviews. In addition to such notice as the Government Code or successor legislation may require, notice shall be given as follows:

A. Once an application is accepted as complete:

1. The applicant shall post a notice on the property within ten days of notification that the application is complete. Except as otherwise provided in this subsection, the notice shall be on a sign two feet by three feet in dimension, constructed of wood or metal, and secured to the ground to the satisfaction of the planning director. The planning director, at his or her discretion, may allow smaller signs, but not smaller than eleven (11) inches by seventeen (17) inches, of heavy card stock laminated with plastic for minor projects; or may require larger signs, up to a maximum of four feet by six feet, for projects of significant public interest or where visibility may be an issue. The notice shall contain the project file number; the name of the applicant; the project address or location if there is no address; the assessor's parcel number(s); a map showing the parcel(s) involved in the project; a brief description of the project; site plans and elevations if appropriate; applicant contact information; tentative hearing date(s) (if available); a statement that additional information, including the hearing date(s), is available by contacting the planning department either by telephone or in person; and other relevant information as the planning director may require. The sign shall also include space for public notices. Except for applications that involve only one single-family house or duplex, such on-site notices shall be placed parallel to and as close as possible to each street lot line of the site; if a street frontage is more than six hundred (600) feet in length, there shall be a second, identical notice posted along that street frontage. For applications that involve only one single-family house or duplex, only one sign is required to be posted along the front lot line of the property. Signs must be visible to pedestrians and motorists and may not be posted in the public right-of-way. On-site notices may not be affixed to the outside of a window, but, where the planning director, or his or her designee, determines that there is no reasonable way to mount the sign in the ground, it may be placed inside a window so long as it is clearly visible to passersby. This notice shall remain in place until final action on the project, including appeals. The applicant shall remove the notice within ten working days of the final action.

    2.    The planning department shall mail a preliminary notice to all property owners and residents located within five hundred (500) feet of the exterior limits of the property or properties that are the subject of the application as listed on the most recent assessor's rolls coupled with the Geographic Information System or Emergency 911 address lists. The planning director, at his or her discretion, may mail this notice to all property owners and residents located within one thousand (1,000) feet of the exterior limits of the property. This notice shall contain the project file number; the name of the applicant; the project address or location if there is no address; the assessor's parcel number(s); a map showing the parcels involved in the project; a brief description of the project; site plans and elevations if appropriate; applicant contact information; tentative hearing date(s) (if available); a statement that additional information, including the actual hearing date(s) is available by contacting the planning department either by telephone or in person; and other relevant information as the planning director may determine.

B.    No less than ten days prior to the hearing the planning department shall:

    1.    Mail a notice to all property owners and residents located within five hundred (500) feet of the exterior limits of the property or properties that are the subject of the application as listed on the most recent assessor's rolls coupled with the Geographic Information System or Emergency 911 address lists. The planning director, at his or her discretion, may mail this notice to all property owners and residents located within one thousand (1,000) feet of the exterior limits of the property. If the number of owners located within three hundred (300) feet of the real property that is the subject of the hearing to whom notice would be mailed or delivered pursuant to this section is greater than one thousand (1,000) feet, the planning department may, in lieu of mailed or delivered notice, provide notice by placing a display advertisement of at least one-eighth page in at least one newspaper of general circulation in the community or area where the action is proposed at least ten days prior to the hearing. Such notice shall contain the information required in subsection (A)(2) of this section.

    2.    Post a notice on the property. In the case of an area-wide planning commission initiated rezoning, in addition to the requirements of subsections (A)(2) and (B)(1) of this section, the planning department shall:

        a.    Mail a notice to all property owners in and residents of the affected area as in subsection (A)(2) of this section; and

        b.    Post notices in at least three conspicuous public places in the area proposed to be reclassified.

    The above notices shall contain all information required by pertinent Government Code sections and in subsection (A)(1) of this section, including, but not limited to, the date, time, and place of the public hearing, the identity of the hearing body or officer, a general explanation of the matter to be considered, and a general description, in text or by diagram, of the location of the real property, if any, that is the subject of the hearing.

    The on-site posting required under subsection (A)(1) of this section shall not apply to a planning commission initiated rezoning.

C.    When the planning commission initiates an action, the planning department shall notify all property owners in and residents of the proposed area of consideration of the hearing at which the planning commission will consider initiating the action as in subsection (B)(1) of this section. Following that hearing or any subsequent hearing at which the commission or board of supervisors acts on the proposal, the planning department shall notify all property owners in and residents of the proposed area of consideration of the commission's or board's action. This notice shall be in addition to that required under subsection B of this section.

D.    The above provisions shall apply only to those site development reviews for which a public hearing is held. However, where a public hearing is not held, but notice is given to surrounding residents and property owners it shall be given to residents and property owners within a five hundred (500) foot radius of the exterior limits of the property or properties under consideration.

*(Ord. No. 2009-17, § 16, 4-14-09)*

Case3:12-cv-03288-SI   Document20-5   Filed11/05/12   Page24 of 24