**MINUTES OF MEETING**
**WEST COUNTY BOARD OF ZONING ADJUSTMENTS**
**DECEMBER 14, 2011**
**(APPROVED JANUARY 25, 2012)**

The Regular Meeting was held at the hour of 1:30 p.m. in the Alameda County Building, 224 West Winton Avenue, Hayward, California, 94544.

**REGULAR MEETING: 1:30 p.m.**

**MEMBERS PRESENT:** Chair, Dawn Clark-Montenegro; Vice Chair, Kathy Gil; Members, Jewell Spalding, Frank Peixoto, and Jeff Moore.

**MEMBERS EXCUSED:** None.

**OTHERS PRESENT:** Phil Sawrey-Kubicek, Senior Planner; County Counsel, William Fleishhacker; Code Enforcement staff; and Yvonne Bea Grundy, Recording Secretary.

There were approximately 43 people in the audience.

**CALL TO ORDER:** The meeting was called to order by the Chair at 1:34 p.m.

**ANNOUNCEMENTS BY THE CHAIR:** The Chair made no special announcements.

**Neighborhood Preservation Ordinance Abatement Hearing:** There were no Agenda items scheduled for the Neighborhood Preservation Ordinance Hearing Calendar.

**Alcoholic Beverage Sale Regulations Administrative Hearings**: There were no Agenda items scheduled for the Alcoholic Beverage Sale Regulations Administrative Hearing Calendar.

**OPEN FORUM:** Open forum is provided for any members of the public wishing to speak on an item not listed on the agenda. Each speaker is limited to three (3) minutes. No one requested to be heard under open forum.

**CONSENT CALENDAR:**

There were no items on the Consent Calendar.

**REGULAR CALENDAR**

1. **AT&T MOBILITY / CREEKSIDE CENTER PK II, CONDITIONAL USE PERMIT, PLN-2011-00051 -** Application to allow a telecommunications facility, in a "FA" (Freeway Access corridor within the Ashland Cherryland Business Specific) District, located at 20600 Mission Boulevard, north east of Mattox Road, unincorporated Cherryland area of Alameda County, designated Assessor's Parcel Number: 414-0056-020-03. (Continued from September 28, October 26 and November 16, 2011). **Staff Planner: Richard Tarbell.**

The staff recommendation was approval. Public testimony was opened,

Agent Pat Kelly was present on behalf of AT&T Mobility. There is an existing AT&T facility mounted on a light pole, and supporting equipment cabinetry at the site. The proposed facility is to be placed on

another light pole on the property. The installation will consist of three long term evolution antennas and raydome. The equipment area will be further extended 10 feet by 16 feet. The new antennas will improve indoor and outdoor service in the area. Initial Board questions were as follows:

- Were coverage maps prepared for the proposed facility
- Is it possible for the new facility can be combined with an existing facility
- What is the light pole height of the proposed facility
- Will further landscaping be added to the site; if so how will it be maintained

Ms. Kelly said she worked with staff to develop the most stealth design. The existing AT&T facility at the site cannot accommodate further antennas. Coverage maps had not been prepared because the new antennas will accommodate future evolution, and increased peak load. Three frequencies provide faster service. The unencumbered lamp pole was the best choice. Staff explained the existing landscaping will screen the cabinet enclosure area. Condition #20 can be modified to require further landscaping. Public testimony was closed.

**Member Spalding motioned to accept the staff recommendation of approval with the following modification to Condition #20. Further landscaping shall be added to what exists at the cabinet area. All landscaping existing and new shall continue to be watered and maintained in a living state.**

**The Vice Chair seconded the motion. The motion to approve PLN, 2011-00051 AT&T Mobility / Creekside Center passed 5/0.**

2. **VALLEY GUNS & AMMO / STEVE NOBRIGA, CONDITIONAL USE PERMIT, VARIANCE, PLN-2011-00096 -** Application to allow the operation of a gun shop and operation at a distance less than 500 feet from a residentially zoned district where 500 feet is required, in an "FA" (Freeway Access within the Ashland, Cherryland Business District), located at 488 Lewelling Boulevard, south side, approximately 140 feet west of Hesperian Boulevard, in the unincorporated Ashland area of Alameda County, designated Assessor's Parcel Number: 413-0097-001-03. **Staff Planner: Richard Tarbell.** (Continued from November 16, 2011).

Staff stated the application had been continued to obtain further information and review materials submitted by the Applicant. The recommendation was denial based on the Zoning Ordinance minimum distance requirement. The Ordinance states distance is measured from the premises to Residentially Zoned property. The staff interpretation of premise is from the building to Residential Zoned property line. In this case the distance is 445 feet. The distance from the front door of the use to the property line is 492 feet. The distance from the property line of the gun shop to the property line of the residential district is 432 feet. Distance measurements presented by the Applicant conducted by the County Surveyor were from the front door of the gun shop to the front door of a premise. This does not comply with the Ordinance as to how measurements are to be conducted to the Residential Zoned District. Counsel added County Ordinances are subject to interpretation. Perhaps there is discretion to interpret the Ordinance differently. The authority to interpret the Ordinance is conducted by the decision making bodies. In this case the Board of Zoning Adjustments or the Board of Supervisor's if appealed. The importance of the 500 foot requirement is that if not met. A variance would be required. If a variance is then required, necessary findings must be made. If the variance findings cannot be met, the conditional use could not be supported.

The Board asked the following initial questions:

- What is the zoning history of the area surrounding the site
- Does the Ordinance provide a definition of "premises"

Staff said the zoning history on Albion Avenue has always been Residential. The measurement was taken from the building to the rear property line of the Residential Zoned district. The nearest property was used. This is a property on Albion Avenue. Others may believe special circumstances are present because of the location of the freeway. When the Applicant inquired at the Permit Center, initially staff was unsure how to interpret measurement methodology, resulting in a door to door notation with a question mark. Ordinance interpretation has now been confirmed. Measurement is from building wall to property line. The Ordinance does not provide a definition of "premises". The Dictionary defines premises as land and the building on it or land and part of a building. In this case all measurements are less than 500 feet. Public testimony was opened.

The Applicant, Mr. Teixeira was present. He told the Board Walmart does not sell ammo. Big 5 Sporting Goods sells guns and ammo. However they have a different business model. The proposed business will sell antique guns, and offer hand gun safety and maintenance classes in addition to hunting safety. Classes will show users how lock and secure weapons. The Boy Scouts use this training to obtain their Merit Badges. Specialized sporting good weapons will be sold. Training for trap and skeet shooting will be offered. Consignment sales will be available. This provides proper disposal when someone passes away, as opposed to garage sales. Big 5 Sporting Goods does not offer that service. The shop will also offer gun smith and cleaning services. The gunsmith currently does a lot of work for the Sheriff's Department. Mr. Teixeira has applied for a $25,000 dollar façade improvement loan through Redevelopment. Additional landscaping will be added, and the exterior cleaned. He does not believe the distance is less than 500 feet to the closest Residential Zoning. The 880 Freeway, a 40 foot sound wall, eight lanes of Hesperian Boulevard, the paint store, a cyclone fence, and sound wall block direct travel to the gun shop from the property on Albion Avenue. Mr. Teixeira spoke to the property owner. He does not object to the use. Board questions were as follows:

- When did the Applicant close his prior shop
- Will the business partners form a corporation
- How was this location selected
- Did the Applicant hire an outside surveyor
- Is there a County maintained wall between Hesperian Boulevard and Albion Avenue
- Is there a wall behind the auto store
- How many people on the signed petition live in the immediate area

Mr. Teixeira sold his business in 2006. His wife wanted him to retire. He discovered making bird houses is boring. He will form a corporation with John Teixeira and Steve Nobriga. Another location in Castro Valley was identified. The site was stocked with merchandise. However it is located behind a park owned by Hayward Area Recreation Department. The location did not meet the 500 foot distance requirement. He then returned to the Planning Department to confirm the current location would be acceptable. The Planner on Duty did a Google search and told him the site met the 500 foot distance requirement. The next step was to pay $450 dollars in fees and meet with a Senior Planner, and Fire Department. The Fire Department had no objections as long as they were not using black powder at the site. The Sheriff's Department representative said once they obtain an approved permit they will show how doors and windows must be sealed and locked. At the meeting Planning provided instructions to measure from the front door to the property line of Walmart, Usher Inn, Big 5 Sporting Goods, and the

house on Albion Avenue. When the measurements were submitted, he was told everything was fine. Approximately six weeks later he was contacted and informed the distance requirement was not met, per instructions from the Senior Planner's boss. Originally Mr. Teixeira was told to measure as the crow flies. He was also told the same by Nate Miley's office when he was attempting to open at the site near the park. Access must be easy access. Member Spalding pointed out the Senior Planner's notation had several question marks. Mr. Teixeira said at the time the notation was provided he was not told he needed a variance. He was told later by the staff Planner the distance was only 496 feet. A variance was needed. He and the staff Planner measured a plot map. The calculation was 100 foot per inch. They used a ruler measuring from the property line to the front door of the business. The distance was 525 feet. They took a second measurement using combined plot maps. The distance again exceeded 500 feet. He was not asked by County staff to get a surveyor. However a friend of his knew the County surveyor. He asked that measurements be conducted. The door to door instructions were passed on. It has been nine months since this has been going on. There has been a lot of confusion. The Fire Department does not object. The person that lives in the home on Albion Avenue submitted a letter in support, and his telephone number. One hundred people from the survey submitted, live in San Lorenzo. There is no fence behind the store, only on Albion Avenue.

Mr. Steve Nobriga, a partner of the proposed shop told the Board there is a sound wall then a six foot high chain link fence. You cannot go straight from Albion Avenue to Hesperian Boulevard. The Residential District is impassable. There are eight lanes on Hesperian Boulevard. This zone should not be considered direct. Mr. Jordan, the County Surveyor has 30 years of experience. He measured from the front door of the use to the rear door to the residence. In his opinion as per the original County instructions, the measurement was taken premises to premises. The County methodology has changed four times. Each time the measurement has been submitted per their direction. The distance has gotten shorter. The County map used in the staff report with the circle does not indicate a back door. You would have to exit a building through the front door. Measuring from the front door, even adding 60 feet, you exceed 500 feet. Page 13 of the staff report confirms you cannot pass over the freeway. Considering you must cross Hesperian Boulevard. This is the common sense path of travel. It exceeds 500 feet. The County Surveyor has confirmed his measurements are correct. Planning said use the home on the southeast corner. The property owner does not object. In his opinion the distance exceeds 500 feet. Board questions for the Applicant were as follows:

- How was this location been selected
- Who holds the Federal Firearms License for the business

Mr. Nobriga originally grew up in the area. He was a patron of the former store. He has hunted and fished with Mr. Teixeira for 40 years. The FFL holder has not been assigned yet. A cup must be obtained first. Then a license from the Sheriff's Department, a State license, and a Department of Justice background check. If approved, a business partner will hold the FFL. The FFL must be licensed from the place of business.

William Burns, Attorney said there were ample grounds to grant the variance. Going from Highway 880 to the rear of the building is impractical. Likewise to get from the Residential District from Albion Avenue, to Usher Avenue, to Lewelling Boulevard, then across Hesperian Boulevard is more than 1,000 feet. The observations, graphs and diagrams make it abundantly clear. What the gun shop offers to the community is invaluable. The lawful transfer of guns through consignment sales is not offered by Big 5 Sporting Goods, Kmart or Walmart. A background check verifies the individual a firearm is sold to, is allowed by law to purchase one. As long as the Second Amendment is in place, firearms will be among the constituents. The ATF does random checks. If the operation is unlawful, it will be closed down. A

petition of 1,400 approval signatures was submitted. Over 200 people are law enforcement. They know the value. This is an invaluable service to the community. There is a benefit to providing a legal means for people to obtain guns.

Eight people testified in support of the Application. Most currently live in the area or were once local residents. They had worked for or conducted business with the Applicant over the years. Points raised were the shop would offer invaluable services such as, fire arms education. Safety training for community members and young hunters will also be provided. The Boy Scouts can use the training to obtain Merit Badges. Consignment gun sales will provide a safe gun disposal method for widows or seniors. This prevents guns passing hands at garage sales. The shop will conduct background checks. The shop will also offer gun smith services, and be an asset to the community. Over time many businesses in the area have closed. There is no official definition of the 500 foot rule. The term common sense has been used in the staff report. There will always be people who do not believe in guns. However guns will be around. There should be a place to learn their proper use, and to obtain them legally. If a gun shop is conducting illegal operations it will be shut down, as has been proven by the former shop, Traders. The Applicant has conducted business in the community for many years. He has been fair and honest.

Three local residents testified in opposition to the Application. Some of the points raised were the people present at the hearing would likely use common sense. However guns may be obtained legally or stolen. They can be used in the commission of crimes. The community does not need more guns in circulation. Society on the whole has not been responsible, as of late. More access to guns means exposure to people in the San Lorenzo community. The stores in the vicinity that already sell guns like Walmart already have problem issues, every week. This use will bring people from out of town. In addition there are several public and private schools within 500 feet, Saint John's Catholic School, a Chinese Lutheran School, and San Lorenzo High School. The Ordinance lists schools as a use that should not be within 500 feet because this is a sensitive segment of the population. The area is heavily trafficked with children. All of the staff measurements are over 500 feet. The Board should uphold the Ordinance. The shop appears to be a destination. People will seek it out. The use should be placed in a more suitable location. Public testimony was closed.

**The Chair called for a 5 minute recess. The hearing resumed at 7:45 p.m.**

Member Peixoto said everything hinges on distance measurements and the variance. The average distance from the five properties on Via Del Rio is 464.82 square feet from the gun shop. The County Surveyor calculates an average distance of 505.6 feet. There is a 40 foot difference. Staff responded the County Surveyor measured from door to door. County staff has established this not the proper method. The correct methodology is from the premises to the property line. Counsel said the Board may want to organize their discussion by considering three potential things. Is a variance is required. Staff has presented a rationale a variance is required. The disagreement appears to be from where the measurement should be taken. The second consideration could be is a variance not required. The third consideration is then the use permit. If the Board decides a variance is indeed required. Findings to support approval or denial are then required. The Board may decide to rely on testimony and information submitted by the Applicant such as path of travel when considering findings. Member Peixoto did not believe Google should not carry the same weight as the County Surveyor. Counsel said again, what is important is the points at which measurements are taken. Member Spalding said the definition of premise is important. This will determine the points at which measurements are taken. Typically when using the term premise it is within the context of the Alcohol Ordinance, from property line to property line. Member Peixoto said if he measured, he would measure from property line to property line. Counsel further clarified the only way to interpret the measurement as being greater than

500 feet is if measured from front door of the use to the building or residence. Member Moore said in his opinion a variance is required.  The Applicant may have a chance to make variance findings based on extenuating circumstance.  A finding that  the Freeway to the south and Hesperian Boulevard creates a barrier to the residential parcels, may be found.  You cannot walk across the Freeway, and a fence. If the rational holds that the attorney presented.  You must travel the street to get to the use location.  This well exceeds 500 feet.  Member Spalding said in her opinion Big 5Sporting Goods, and another gun store are within 500 feet of the proposed use. Member Moore responded the proposed location is on a multi tenant parcel.  From his standpoint it is located far enough away.  Counsel clarified that if a finding was proposed it must be based on the distance from the Residential District.  The Board asked the Sheriff Officer present if unwanted guns could be dropped at a Sheriff station.  The Officer confirmed a firearm can by dropped off at a Sheriff station.  It would then be destroyed.  Further Board questions for staff were as follows:

- What is the measurement from the property line / parking lot of Big 5 to the Residential District
- What is the distance to the property line of the home on Via Del Rio

Staff said the home closest to the wall nearest the paint store is on Albion Avenue.  The distance from the front door of the use to the property line on Via Del Rio is 492 feet.  A measurement was not taken from the property line of Big 5 Sporting Goods because the established method is from the front door of the use considered to the Residential property line.  Member Moore added the language in the Ordinance "District" denoted property line, in his opinion when referring to Residential. Regarding a commercial site, premise is the face of the building.  In the absence of a clear definition, in his opinion the intent is to provide a buffer to things such as a school.  In making a finding, the Freeway is there. In turn you have to make a reasonable path.   Member Spalding said consideration of detriment of the use must be considered. Traditionally distance is measured in a consistent way.  The Vice Chair responded, the Alcohol Ordinance criteria, is not interchangeable.  The Alcohol Ordinance has a different purpose, to prevent multiple outlets from opening on top of one another.  This is a different Ordinance.  Member Spalding said consistence in methodology was her point.   The use is what is to be considered. A property can be sold. A variance goes with the property.  An application cannot be conditioned upon one person's approval.  Member Moore agreed with her premise, the use is what is to be considered.  A well run shop may not be a detriment.  The Chair said there was consensus among the Board, a variance was needed.

***Member Moore motioned to approve the variance based on special circumstance present at the site. The 880 Freeway and physical obstructions are present between the residential home on Albion Avenue and the premise.***  Regarding Finding #1, the presence of the 880 Freeway to the south of the site creates a barrier. The physical building, Hesperian Boulevard, sound wall and home on Albion Avenue are a physical obstruction between and do not allow a straight line to the property.   Regarding Finding #2, granting the variance would not be special privilege. The presence of the 880 Freeway to the south of the site creates a barrier. The physical building, Hesperian Boulevard, sound wall and home on Albion Avenue are a physical obstruction between and do not allow a straight line to the property.    Regarding Finding #3 the use will not be a detriment with proper Conditions of Approval associated with the Conditional Use Permit. ***Member Peixoto seconded the motion.***

***The motion to approve Variance, PLN2011-00096 Valley Guns & Ammo passed 4/1.  Member Spalding was not in favor of approval of the variance.***

The Board then discussed the Conditional Use Permit. Member Peixoto said the proposed Tentative Findings one through three, contained in the staff report on page 11 were acceptable.   Member Spalding did not believe required Finding #3 could be met. There are too many children in the area, and another

gun store within 500 feet.  She also believed the use was contrary to the intent as related to Finding #3. Tentative Finding #4 should remain unchanged.  The use was detrimental.  Member Moore said Member Spalding premise was correct.  However this may be impacted based on imposed Conditions of Approval.  He asked staff what were standard Conditions for a gun shop.  Staff said standard Conditions would consider hours of operation, building improvements and landscaping. The Chair thought Title 17 Ordinances on page nine, and a Security Plan that required approval by the Sheriff's Department were appropriate.  Public testimony was re-opened to obtain further information from the Applicant.

Member Moore asked Mr. Teixeira what was required for State licensing and security, also proposed building upgrades/improvements under consideration.   Mr. Teixeira said new security doors and windows would be added.  They will have bars on the inside.  This is an ATF requirement.  Everything must be locked and have cables run through it.  There will be two 14 foot gates that lock in front of the gun cabinets. The gates will be alarmed.  Handguns will be locked in a separate area.  There will be alarms on the building.   Lighting will be added to the back, front and sides of the store exterior.  The State of California comes to inspect the site before the license is issued.  The Sheriff then comes to the site to add any further requirements.  Public testimony was closed.

The Chair said a Condition of Approval should be instituted that immediate review is necessary upon the sale of the business and/or building.  Member Spalding asked if Conditions of Approval could be changed in the future.   Member Moore agreed the protection of the community relies upon the Conditions of Approval.  The permit can always be brought in for revocation proceedings.  If the permit is approved, Conditions should be such, safety is long lasting. .

***Member Moore motioned to approve Conditional Use Permit, PLN-2011-00096 Valley Guns & Ammo.*** Findings #1-3 shall remain unchanged as on page 11 of the staff report**.**

Finding #4 the use will not be contrary to the specific intent clauses or performance standards established for the District.  A variance has been approved as part of this application.

Additional Required Findings under Section 17.54.130 shall be modified as follows:

A. Shall be modified to state, the *Eden General Plan* call for "Mixed uses" in the "General Commercial" designation, which is where this site is located.  It has been determined that gun store/fire sales is an acceptable use.
B. Shall be modified, the finding can be made. The following sentence shall be added: a variance has been approved for this site.
C. Shall remain unchanged.
D. Shall remain unchanged.
E. The last sentence shall be stricken.
F. Shall remain unchanged.

Conditions of Approval:

The Applicant shall install an alarm and security system in accordance with County and Sheriff's requirements:

The Applicant shall paint the exterior of the building;
The Applicant shall provide signage in accordance with County requirements;
The Applicant shall install new doors and windows;
The Applicant shall install additional security measures in addition to what is shown on documentation

submitted, not limited to (2) 14 foot security gates that shall secure rifles and secure handguns with an alarm system;
The Applicant shall install exterior lighting, in the front, sides and rear of the building;
The Applicant shall install additional interior lighting;
The Applicant shall maintain the premises in good condition at all times, free of trash, debris and graffiti;
A Landscaping Plan is required and must be approved by the Planning Director;
A mandatory review shall be conducted one year from the date of approval.  Another mandatory review shall take place five years from the date of approval;
The Applicant shall provide documentation of Penal Code requirement as set forth in requirement #F;
*Member Peixoto seconded the motion.*

**The Chair asked for a modification to the motion.**  A Security Plan must be submitted and approved by the Sheriff's Office prior to issuance of Certificate of Occupancy by the Building Department.

Any sale and/or transfer of the business requires Planning Director notification within 30 days.

The Hours of Operation shall be Tuesday through Saturday from 10:00 a.m. to 5:00 p.m. The store will remain closed on Sunday and Monday.

The Lighting Plan must be approved by the Planning Director.  The Lighting Plan may be combined with the Landscape Plan.

*Members Moore and Peixoto accepted the modification to the motion.*

*The motion to approve, Conditional Use Permit, PLN-2011-00096 Valley Guns & Ammo / Steve Nobriga passed 4/1.  Member Spalding was not in favor of approval.*

**APPROVAL OF MINUTES:**  The Minutes of December 7, 2011 were continued to the January 11, 2012 Meeting.

**APPROVAL OF BOARD OF ZONING ADJUSTMENTS 2012 HEARING CALENDAR:**
The Vice Chair motioned to accept the Board of Zoning Adjustments 2012 Calendar as presented. Member Spalding seconded the motion.  The motion carried 4/0/1.  Member Peixoto abstained.

**STAFF COMMENTS & CORRESPONDENCE:**  Staff made no announcements.

**BOARD'S ANNOUNCEMENTS, COMMENTS AND REPORTS:**  The Chair asked that if an appeal was filed in response to the BZA denial decision regarding, PLN-2011-00105 Zhen Rong.  Planning staff should illuminate the fact that a corner lot within the zoning district allows a wider lot than a non corner.

**ADJOURNMENT:**  There being no further business, the hearing adjourned at 4:25 p.m.


_____
**ALBERT LOPEZ - SECRETARY**
**WEST COUNTY BOARD OF ZONING ADJUSTMENTS**