

## ALAMEDA COUNTY COMMUNITY DEVELOPMENT AGENCY
PLANNING DEPARTMENT

**Chris Bazar**
*Agency Director*

February 21, 2012

Agenda Item # 5
February 28, 2012

**Albert Lopez**
*Planning Director*

224
West Winton Ave.
Room 111

Hayward
California
94544

phone
510.670.5400
fax
510.785.8793

www.acgov.org/cda

Honorable Board of Supervisors
Administration Building
1221 Oak Street, Fifth Floor
Oakland, CA 94612

Dear Board Members:

**SUBJECT:** Appeal by the San Lorenzo Village Homes Association of the West County Board of Zoning Adjustments' (WBZA) decision to approve a Conditional Use Permit and Variance, PLN2011-00096, to allow the operation of a gun shop at a distance of less than 500 feet from a residentially zoned district where 500 feet is required, in the FA (Freeway Access) Zoning District, on a property at 488 Lewelling Boulevard, south side, 140 feet west of Hesperian Boulevard, unincorporated Ashland area of Alameda County, designated Assessor's Parcel Number: 413-0097-001-03.

The following is a summary of the appeal; the complete record is attached.

### RECOMMENDATION:

<u>West County Board of Zoning Adjustments (WBZA) Action</u>: At its meeting on December 14, 2011, the WBZA approved the Variance application after making the required findings for the operation of a gun shop at a distance of less than 500 feet from a residentially zoned district after determining that existing surface streets provided enough of a barrier between the subject premises and the surrounding residential zoning districts to consider the physical barriers a special circumstance. The WBZA also approved the Conditional Use Permit application for the operation of the gun shop itself, after making the required findings. The WBZA also needed to make the six special findings for approving the Firearm Sales use, which they did.

<u>Planning Staff Recommendation</u>: Planning staff recommended that the West County Board of Zoning Adjustments deny the application because staff could not make the findings required to approve the Variance given that the subject use would be located closer than 500 feet from the nearest residential zoning district. The distance, measured from the perimeter of the building housing the use, to the property lines of surrounding residential zoning districts, is across typical surface streets, with no special circumstance as to location or barriers. Staff recommends that the Board of Supervisors find in favor of the appeal by the San Lorenzo Village Homes Association and overturn the BZA action to approve PLN2011-00096, Conditional Use Permit and Variance, thereby denying the project.

Appeal of the San Lorenzo Village Homes Association
PLN2011-00096, Conditional Use Permit and Variance
February 21, 2012
Page 2

## SUMMARY:

Project Description: The applicant petitions to allow firearms sales (gun shop) at a distance of less than 500 feet from a residentially zoned district, where 500 feet is required. The distance from a residential district has been determined to be approximately 446 feet in two directions. In one direction, the I-880 freeway and limited access creates a substantial barrier between the gun shop and the residential zoning district to the southwest. However, in the other direction, there are only surface streets between the gun shop and a residential zoning district to the southeast. The distances were measured from the closest building exterior wall of the gun shop to the property line of the residentially zoned districts. No additional floor area or building expansion is proposed as part of this project.

Appeal: The appellant is requesting that the decision of the WBZA to approve the project, be overturned. The statements for the appeal are based on the contention that the findings for the Conditional Use Permit and the Variance were not met.

The appellant cites the staff report regarding the Ordinance requirement for a 500-foot distance from a residentially zoned district, and takes issue that the WBZA members did not consider the wording in the Variance Finding that asks: "Are there are special circumstances applicable which deprive the property of privileges enjoyed by other properties in the vicinity under the identical zoning classification?" The appellant points out that while the proposed business is separated by a major street and a fence from the residential property (which the WBZA cited to make the "special circumstance" finding), it is closer than 500 feet and it does not deprive the proposed business of any "privilege enjoyed by other businesses in the area".

The second Variance finding asks if granting the application will constitute a grant of special privileges inconsistent with other properties in the vicinity. The appellant states that the WBZA made this finding per the assumption that: "the 500 foot rule was subject to interpretation and in this case since there was a busy street and a chain link fence within the 500 feet, the 500 foot measurement was unreasonable". The appellant disagrees with this statement, arguing that: "there are many times in County ordinances that distances are used, especially the 500 foot separation distance. The distance is unequivocal: it doesn't state – on the same side of the street, across a busy street, on the other side of a fence."

The appellant also disagreed with the Conditional Use Permit findings as they were made by the WBZA. According to the appellant, the WBZA relied too heavily on testimony from law enforcement testimonials and not enough on neighboring residents or staff analysis.

West County Board of Zoning Adjustments (WBZA) Action: During the WBZA hearing on December 14, 2011, the WBZA, in a 4-1 vote, approved the Variance application making the finding that there are special circumstances applicable to the property, such as physical barriers like Hesperian Boulevard, located between the subject premises and the residential zoning district to the southeast. The WBZA then discussed the Conditional Use Permit and voted four 4-1 to approve the Conditional Use Permit.

Planning Considerations: The Conditional Use Permit findings for Firearms Sales (six additional findings to the Conditional Use Permit findings), include the following:

Appeal of the San Lorenzo Village Homes Association
PLN2011-00096, Conditional Use Permit and Variance
February 21, 2012
Page 3

**17.54.131 - Conditional uses—Firearms sales.**
In addition to the findings required of the board of zoning adjustments under Sections 17.54.130 and 17.54.140, no conditional use permit for firearms sales shall issue unless the following additional findings are made by the board of zoning adjustments based on sufficient evidence:

A. That the district in which the proposed sales activity is to occur is appropriate;
B. That the subject premises is not within five hundred (500) feet of any of the following: residentially zoned district; elementary, middle or high school; pre-school or day care center; other firearms sales business; or liquor stores or establishments in which liquor is served;
C. That the applicant possesses, in current form, all of the firearms dealer licenses required by federal and state law;
D. That the applicant has been informed that, in addition to a conditional use permit, applicant is required to obtain a firearms dealer license issued by the county of Alameda before sale activity can commence, and that information regarding how such license may be obtained has been provided to the applicant;
E. That the subject premises is in full compliance with the requirements of the applicable building codes, fire codes and other technical codes and regulations which govern the use, occupancy, maintenance, construction or design of the building or structure;
F. That the applicant has provided sufficient detail regarding the intended compliance with the Penal Code requirements for safe storage of firearms and ammunition to be kept at the subject place of business and building security.

Of all the above findings, finding B presents the biggest challenge to the proposed gun shop in that there are two residentially zoned districts within 500 feet of the subject location. Staff believes there are no special circumstances to determine that surface streets constitute a substantial barrier that somehow mitigates the minimum distance requirement of 500 feet.

The complete record is attached.

Sincerely,

Chris Bazar, Director
Community Development Agency

Attachments

cc:   Appellant, Applicant, Members of the WBZA, CommPre, San Lorenzo Village Homes Association, Alameda County Sheriff's Office