Donald E.J. Kilmer, Jr., (SBN: 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Voice:       (408) 264-8489
Facsimile:   (408) 264-8487
EMail:       Don@DKLawOffice.com

Jason A. Davis (SBN: 224250)
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice:       (949) 310-0817
Facsimile:   (949) 288-6894
EMail:       Jason@CalGunLawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC. (Cal-FFL),<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity.<br><br>Defendants. | CASE NO.: 3:12-CV-03288 SI<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF A REQUEST FOR PRELIMINARY INJUNCTION<br><br>Date:   December 21, 2012<br>Time:   9:00 a.m.<br>Place:  United States District Court - San Francisco 450 Golden Gate Ave.<br>Court:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

# INTRODUCTION

The facts of this case are relatively undisputed. The law is drawn from well established precedent regarding pre-textual land use regulations that impinge on fundamental rights. The Seventh Circuit has dealt with similar issues in a recent case. Under either: (1) the traditional 4-part analysis for preliminary injunctions, or (2) the alternative sliding scale test, the Plaintiffs can meet their initial burden for a preliminary injunction and do not expect the Defendants to be able to proffer admissible evidence necessary to defeat that clear showing.

# FACTS

1. A Civil Complaint was filed in this matter on June 25, 2012. As part of the packet of material served on the Defendants, a letter dated June 29, 2012 was tendered to the County that indicated a willingness to engage in informal early discovery to resolve this matter. In addition counsel for the parties exchanged several emails discussing possible resolution short of formal litigation. On or about September 18, 2012 Plaintiffs received correspondence from the Defendants indicating that they had rejected Plaintiffs' offer to settle the matter.[1] Since then Plaintiffs have worked diligently to prepare this request for a preliminary injunction.

2. The detailed facts for this matter are set forth in the following declarations filed concurrently with this memorandum:

    a. Declaration of Gene Hoffman in Support of Request for Preliminary Injunction. Doc #17.

    b. Declaration of Alan Gottlieb in Support of Request for Preliminary Injunction. Doc #18.

---

[1] This fact is set forth herein because the County of Alameda has history of engaging civil rights plaintiffs in formal litigation for decades and then claiming that they wanted to settle the matter all along. See *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)(en banc).

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

    c.    Declaration of Brandon Combs in Support of Request for Preliminary Injunction. Doc #19.

    d.    Declaration of Steve Nobriga, John Teixeira, Gary Gamaza in Support of Request for Preliminary Injunction. (w/Exhibit A - T). Doc # 20.

3. STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA want to open a gun store in San Lorenzo, California, which is situated in Alameda County.

4. JOHN TEIXEIRA used to own/operate a gun store for almost three decades. GARY GAMAZA worked for him for 10 of those years. STEVE NOBRIGA is a semi-retired general contractor with the skills and wherewithal to see to that buildings and be made to conform to building codes and land use regulations.

5. As part of their marketing plan for opening a gun store and selecting the site, NOBRIGA, TEIXEIRA and GAMAZA gathered feedback from approximately 1,400 people indicating that a full-service gun store in San Lorenzo could be successful.

6. Plaintiffs began the process to applying for federal and state licenses to operate a retail firearm store. They also started looking for suitable properties and made contact with community leaders about their project.

7. A specific and detailed list of the steps they took, along with the documentary evidence supporting their positions, is set forth in the DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA, filed concurrently with this memorandum. Doc #20.

8. The facts for this Request for a Preliminary Injunction are as follows:

    a.    The County of Alameda requires a Conditional Use Permit to open a gun store in that county. Alameda Municipal Code § 17.54.131.

    b.    The single point of law challenged in this case is § 17.54.131(B) which requires: *"That the subject premises is not within five hundred (500) feet of any [...] residentially zoned district [...]."*

    c.    Plaintiffs NOBRIGA, TEIXEIRA and GAMAZA found a suitable commercial property that met their needs and appeared to conform to the County's land use regulations. [i.e., they measured the distance from the only logical point of their building (the front door, there being no back door) to the neighboring "disqualifying properties" and found that distance was in excess of 500 feet.]

    d.    Plaintiffs NOBRIGA, TEIXEIRA and GAMAZA had set about trying to secure their firearm licenses and obtain their Condition Use Permit, when they discovered that the County, quite arbitrarily, used a different way of measuring distances between the properties and found that the proposed gun store was allegedly 446 feet from a "disqualifying property." The County then insisted that the Plaintiffs also apply for a Variance.

    e.    A hearing on the Conditional Use Permit and Variance was scheduled for November 16, 2011 and was continued to December 14, 2011.

    f.    It is undisputed that the Alameda Planning Department agrees that if distances are measured from the only accessible doors of the proposed gun store that face Lewelling Blvd to the "disqualifying properties" that the variance is not needed (i.e., the properties are more than 500 feet apart). [See page 6 of Exhibit O (Staff Report for the Dec. 14, 2011 Hearing) attached to the DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA. Doc # 20.]

    g.    While "Staff" recommended denying the project, the West County Board of Zoning Adjustment approved the project in a December 14, 2011 Resolution No.: Z-11-70. The Conditional Use Permit and Variance were conditionally granted upon the agreement that Plaintiffs would comply with the terms of Resolution No.: Z-11-70. [See P of the DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1         TEIXEIRA and GARY GAMAZA. Doc # 20.]

2    h.   Plaintiffs NOBRIGA, TEIXEIRA and GAMAZA indeed to comply with the terms of Resolution No.: Z-11-70, and they further pledge – by way of an undertaking if this Court grants their preliminary injunction – to deposit the necessary balance of sums with the County Planning Department so that the remaining building permits and inspections can be completed. Plaintiffs NOBRIGA, TEIXEIRA and GAMAZA contend on information and belief that this sum would be approximately: $5,000.00.

   i.   After their Conditional Use Permit and Variance were granted, an untimely appeal was filed by the San Lorenzo Village Homes Association. The last date for filing under Alameda's municipal code would have been December 26, 2011. Alameda Municipal Code § 17.54.670. The only two date stamps on the "appeal" are December 29, 2011 and January 3, 2012. [See R of the DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA. Doc #20.]

   j.   The Board of Supervisors revoked the Conditional Use Permit and Variance for the gun store in a meeting on February 28, 2012. [See Exhibit S and T[2] of the DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA and GARY GAMAZA. Doc # 20.]

## SUMMARY OF ARGUMENT

9. The factual inquiry most likely to yield a definitive resolution to this matter is whether the Alameda Board of Supervisors acted beyond their jurisdiction when they entertained the late-filed appeal of the San Lorenzo Homes

---

[2] Exhibit T is a video. It was sent to the Court for filing separately.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Association. The law is clear, there is no legal authority for the Board of Supervisors to entertain an appeal once the 10-day period set forth in Municipal Code § 17.54.670 has lapsed. Based on the evidence presented by the Plaintiffs in their declarations, the Defendants action revoking the Conditional Use Permit and Variance at the February 28, 2012 meeting was *ultra vires*. Resolution No.: Z-11-70 should be reinstated and Plaintiffs should be free to get on with running a business.

10. A second inquiry – a mixed question of fact and law – is whether the County acted in an arbitrary and capricious way, in derogation of a fundamental right, when it began using wholly subjective endpoints to measure the distance between the proposed gun store and the "disqualifying properties." This will require a two-part legal analysis:

   a. Is a fundamental right at stake? (e.g., are gun stores like book stores?)
   b. Does the vague and ambiguous ordinance in question leave too much discretion to the civil servant in charge of granting the permit?

11. The final inquiry is a direct challenge to the "500 foot rule" on constitutional grounds and is pure question of law.

## STATEMENT OF THE LAW

12. A plaintiff seeking a preliminary injunction 'must establish':
    a. 'that he is likely to succeed on the merits';
    b. 'that he is likely to suffer irreparable harm in the absence of preliminary relief';
    c. 'that the balance of equities tips in his favor'; and
    d. 'that an injunction is in the public interest.' *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20.

13. Many courts utilized an alternative test, allowing preliminary injunctive relief upon a showing of either:

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    a.    a combination of probable success on the merits and the possibility of irreparable injury if injunctive relief is denied; or

b.    the likelihood of success was such that 'serious questions going to the merits were raised and the balance of hardships tipped sharply in plaintiff's favor.' See: *Alliance for Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1131-1132; see also *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.* (2nd Cir. 2010) 598 F.3d 30, 36, fn. 5 – noting that prior to *Winter*, majority of circuits applied 'sliding scale' approach.

14. The advantage of this 'sliding scale' test is that it provides flexibility; the trial court can 'balance' the requirements for a preliminary injunction 'so that a stronger showing of one element may offset a weaker showing of another.' For example, a stronger showing of irreparable harm to plaintiff may offset a lesser showing of likelihood of success on the merits. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d at 1131.

## ARGUMENT

### I. **Plaintiffs Will Prevail on the Merits of Their Claims**.

15. As noted in the Summary, this really breaks down into three different questions ranging from factually dispositive to, a mixed questions of fact/law and a pure question of law. However for this Court to properly exercise Article III jurisdiction, it must be adjudicating a fundamental right.

16. *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010) resolved the status of the Second Amendment 'right to keep and bear arms' and its relationship to state and local government action that impinges on that right. It should not be controversial that gun stores (even though subject to federal and state licensing) are the Second Amendment analog to the First Amendment's book

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   stores.  See generally: *Young v. American Mini Theatres, Inc.*, 427 U.S. 50
2   (1976); *Schad v. Mt. Ephraim*, 452 U.S. 61 (1981); and *City of L.A. v.*
3   *Alameda Books*, 535 U.S. 425 (2002).
4   17. A law-abiding citizen's fundamental right to "keep and bear arms" means
5   little if her ability to acquire the means of exercising that right in a well-
6   regulated manner is chilled or zoned out of existence by local government
7   regulations that bear no rational relationship to the states' legitimate
8   interest in public safety.

### A. The Board of Supervisors Wrongfully Considered the Appeal.

18. The County acted beyond its power when it entertained the late appeal and revoked the Plaintiffs' Conditional Use Permit and Variance.
    a. Was the appeal tendered by the San Lorenzo Homes Association filed late, in violation of the requirements of Alameda Municipal Code § 17.54.670?
    b. This is a simple factual inquiry.  If the answer is yes, then the Board of Supervisors acted beyond their power when they revoked the Plaintiffs' Conditional Use Permit and Variance as set forth in Resolution No.: Z-11-70.
    c. The Court can either grant an injunction, enter a declaratory judgment or summarily adjudicate this issue on this undisputed fact – void the action of the Board of Supervisors and reinstate Resolution No.: Z-11-70.  Much depends on the evidence offered by the Defendants in their opposition.

### B. The Defendants' Measurements for the "500 Foot Rule" are Arbitrary.

19. The County's wholly arbitrary and subjective criteria for selecting the endpoints for the "500 foot rule" is an engraved invitation to a government

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 official who does not like the "right to keep and bear arms" and would use
2 their power to gerrymander the measurements to suit his/her policy
3 preferences about the utility of gun stores within their jurisdiction.  Clearly
4 this kind of unfettered discretion would offend the First Amendment.
5 *Forsyth County v. Nationalist Movement,* 505 U.S. 123 (1992). See also:

6  a.  A government regulation that allows arbitrary application is
7 "inherently inconsistent with a valid time, place, and manner
8 regulation because such discretion has the potential for becoming a
9 means of suppressing a particular point of view." *Heffron v.*
10 *International Society for Krishna Consciousness, Inc.*, 452 U.S. 640,
11 649 (1981).

12  b.  To curtail that risk, "a law subjecting the exercise of First Amendment
13 freedoms to the prior restraint of a license" must contain "narrow,
14 objective, and definite standards to guide the licensing authority."
15 *Shuttlesworth v. Birmingham*, 394 U.S. 147, 150-151 (1969).  See also
16 *Niemotko v. Maryland*, 340 U.S. 268, 271 (1963).

17  c.  The reasoning is simple: If the permit scheme "involves appraisal of
18 facts, the exercise of judgment, and the formation of an opinion,"
19 *Cantwell v. Connecticut*, 310 U.S. 296, 305 (1940), by the licensing
20 authority, "the danger of censorship and of abridgment of our precious
21 First Amendment freedoms is too great" to be permitted, *Southeastern*
22 *Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975).

23 20. This Court should have no trouble finding that this kind of arbitrary practice
24 offends the Second Amendment when different government officials give
25 different definitions of endpoints for taking ordinary measurements relating
26 to land use regulations.  Nor should this Court have any trouble finding that
27 Alameda Municipal Code § 17.54.131(B) does not provide the kind of narrow,
28 objective, standards necessary to regulate a fundamental right.  Especially

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 since the County itself admits that *"The language of how that 500 feet is measured is not quite so clear – that is from what point to what point is the 500 feet measured."* [See Exhibit O attached to Declaration of Plaintiffs Nobriga, Teixeira and Gamaza. page 4 at the bottom of the Staff Report.]

### C. The "500 Foot Rule" Is Not Rational.

21. The County should be required to establish some kind of – at least – rational basis for this rule. As noted in the Declarations of BRANDON COMBS of Cal-FFL (Doc # 19) and GENE HOFFMAN of CGF (Doc # 17):

   a. The employees, patrons and vendors of gun stores are, by definition, law-abiding people. The symphony of federal and state laws that regulate the firearms industry, and retail sales in particular, do not need to be recounted here. It is enough that this Court be made aware that the traffic through a properly licensed gun store cannot be compared with the traffic that would attend: liquor stores, adult bookstores, tattoo parlors, strip-clubs and other establishments that have traditionally been subject to a *secondary effects* analysis. See: *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41 (1986) and *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560 (1991).

   b. Furthermore NOBRIGA, TEIXEIRA and GAMAZA agreed to operate their store Tuesday through Saturday from the 10:00 a.m. to 5:00 p.m. and remain closed on Sunday and Monday.

   c. Nor can the County claim that "residential districts" are a sensitive place because that would flatly contradict the holdings of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010). It would also run afoul of the pair of California cases that stand for the proposition that local governments cannot regulate the law-abiding possession of firearms in a residence.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 10 of 13     Memorandum of Points and Auth

1      *Doe v. City and County of San Francisco*, 136 Cal. App. 3d 509 and

2      *Fiscal v. City and County of San Francisco*, 158 Cal. App. 4th 895.

3   22.   These questions must be put to the County and they must provide answers

4      that would survive "almost strict scrutiny." *Ezell v. City of Chicago*, 651 F.3d

5      684, 708-709 (7th Cir. 2011).

6      a.   How does a gun store, that would be in compliance with Resolution

7          No.: Z-11-70, that is located across 12 lanes of Interstate 880 have

8          ANY effect on the homes located in the San Lorenzo Homes

9          Association? (The complainant in the appeal.)

10      b.   How does a gun store, that would be in compliance with Resolution

11          No.: Z-11-70, that is located across 8 lanes of Hesperian Blvd., behind a

12          20 foot concrete wall of an adjacent building, have any effect on the

13          property located at 452 Albion Way. Especially when the resident of

14          that property has no objection to the gun store?

15      c.   What is dangerous about a gun store located 450 feet away, but not

16          dangerous if located 500 feet away?

17   23.   Finally, even if the County tenders some kind of justification for the "500 foot

18      rule" – that justification must be based on evidence. From *Ezell*, at 709:

> [T]he government must supply actual, reliable evidence to justify restricting protected expression based on secondary public-safety effects. See *Alameda Books, Inc.*, 535 U.S. at 438 (A municipality defending zoning restrictions on adult bookstores cannot "get away with shoddy data or reasoning. The municipality's evidence must fairly support the municipality's rationale for its ordinance."); see also *Annex Books, Inc. v. City of Indianapolis*, 624 F.3d 368, 369 (7th Cir. 2010) (affirming preliminary injunction where a city's "empirical support for [an] ordinance [limiting the hours of operation of an adult bookstore] was too weak"); *New Albany DVD, LLC v. City of New Albany*, 581 F.3d 556, 560-61 (7th Cir.

Donald Kilmer, Attorney at Law, 1645 Willow St. Suite 150, San Jose, CA 95125, Vc: 408/264-8489, Fx: 408/264-8487

2009) (affirming preliminary injunction where municipality offered only "anecdotal justifications" for adult zoning regulation and emphasizing the necessity of assessing the seriousness of the municipality's concerns about litter and theft).

## II. Plaintiffs will Suffer Irreparable Harm and the Equities Favor Them.

24. The irreparable harm to the Plaintiffs takes two forms:

   a. The denial of the Constitutional Right is the harm. Again Plaintiffs would direct the Court to the *Ezell v. Chicago*, 651 F.3d at 697.

   b. However there is a unique harm to civil rights litigants who bring their claims under 42 U.S.C. § 1983, 1988. The latest trend in defending municipalities is for the governments to changes their laws, or merely the interpretation of its laws and then call "Olly, Olly, Oxen, Free" to escape the consequences of their conduct under *Buckhannon Board and Care Home, Inc., et al., v. West Virginia Department of Health and Human Resources, et. al.* 532 U.S. 598 (2002). This was precisely the gamesmanship employed by Alameda County in *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)(en banc).[3]

   c. And since this case is vulnerable to the same kind of "re-interpretation" of how the "500 foot rule" is measured, the County of Alameda has every incentive to *"Buckhannon"* this case if they begin to see that an adverse ruling might be headed their way. If the County pulls that stunt, then by definition monetary remedies will be foreclosed and the Plaintiffs will be out any lost profits from the delay in opening their gun store.

---

[3] Counsel for the Plaintiffs (Donald Kilmer) is also counsel of record of the Nordykes in that case. This issue of ducking monetary liability via the *Buckhannon* case was addressed in a Petition for Certiorari to the U.S. Supreme Court. Docket No.: 12-275. On October 10, 2012 the U.S. Supreme Court ordered Alameda County to file a response in that matter.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

25. The simplest place to look for how the equities favor the Plaintiffs is to read the Staff Reports set forth in Exhibits N and O attached to the Declarations of NOBRIGA, TEIXEIRA and GAMAZA. Except for the mantra about the "500 foot rule" the reports admit that there are no discernable adverse consequences to any properties adjacent to the Plaintiffs' proposed gun store.

26. In fact the tax receipts, DROS fees and licensing fees paid by the plaintiffs and their customers would be a net positive to a County and State struggling with loss of revenue. (i.e., It would be in the public interest to permit the gun store to open.)

## **CONCLUSION**

27. There is simply no downside to the Plaintiffs opening a gun store that complies with Resolution No.: Z-11-70. The County's actions impinge on a fundamental right, the Plaintiffs are likely to prevail on the merits and they respectfully request an order from this Court granting them preliminary injunctive relief.

Respectfully Submitted on November 5, 2012,

  /s/ Donald Kilmer
Donald E.J. Kilmer, Jr., (SBN: 179986)
LAW OFFICES OF DONALD KILMER
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125-3030
Telephone:   408/264-8489
Facsimile:    408/264-8487
E-Mail:      Don@DKLawOffice.com

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 13 of 13     Memorandum of Points and Auth