DONNA R. ZIEGLER [142415]
County Counsel
By: MARY ELLYN GORMLEY [154327]
Assistant County Counsel
SAMANTHA N. STONEWORK-HAND [245788]
Associate County Counsel
Office of County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone: (510) 272-6700

Attorney for County of Alameda, Alameda,
Board of Supervisors, Wilma Chan,
Nate Miley and Keith Carson

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES (Cal-FFL),<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity,<br><br>Defendants. | Case No.: CV12-3288 (SI)<br><br>**DECLARATION OF RODRIGO ORDUÑA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, RODRIGO ORDUÑA, do hereby declare:

1. I am a Senior Planner for the Alameda County Community Development Agency Planning Department.

2. I have been a Senior Planner for approximately 5 years. I have worked as a planner at both the county and city levels since approximately 1999. The matters stated herein are true of my personal knowledge, and if called upon I could and would testify competently thereto.

3. I am familiar with the Alameda County Community Development Agency Planning Department practices and procedures as they relate to the interpretation of Alameda County zoning ordinances, in particular I am familiar with ordinance section 17.54.131.

4. I personally reviewed the Alameda County Community Development Agency Planning Department Staff Reports to the West County Board of Zoning Adjustments regarding the conditional use permit and variance application PLN2011-00096. A true and correct copy of the Staff Report prepared prior to the November 16, 2011 hearing is filed as an attachment to Plaintiff's Motion for Preliminary Injunction as Document Number 20-14. A true and correct copy of the Staff Report prepared prior to the December 14, 2011 hearing is filed as an attachment to Plaintiff's Motion for Preliminary Injunction as Document Number 20-15.

5. When a measurement is required for a conditional use permit, the Planning Department always looks to the language of the relevant ordinance in order to determine how to measure the distance between the applicant's proposed property and the other relevant locations.

6. Pursuant to Alameda County Ordinance section 17.54.131, subsection (B), "the subject premises" must not be within five hundred (500) feet of a "residentially zoned district."

7.  The term "subject premises" is what establishes the first point from which the measurement must be taken to determine whether the property in application PLN2011-00096 complies with Section 17.54.131.

8.  The term "subject premises" has a precise meaning. When there is only one business on the property, "subject premises" is defined as the building perimeter. When there is more than business on the property, then "subject premises" is defined as the specific tenant space, or area of the structure in which the business is located, on the property.

9.  The property in application PLN2011-00096 is one of two structures located on the property. There is both the vacant building proposed for the gun shop and a separate building with an upholstery shop on the property.

10. Because the proposed gun shop in application PLN2011-00096 is located in a building with no other business in the same structure, the measurement begins at the building wall perimeter of the structure (the "subject premises").

11. The term "residentially zoned district" determines the second point in the measurement.

12. The term "residentially zoned district" has a precise meaning. A residentially zoned district consists of a polygon which outlines an area in unincorporated Alameda County zoned for residential use.

13. The Planning Department is consistent in its interpretation of the terms "subject premises" and "residentially zoned district." In each case where these terms are used in County ordinances, the Planning Department defines them in the same manner.

14. The Planning Department measures the distance in a straight line between the subject premises and the residentially zoned district.

15. In my experience as a planner at both the county and city levels, a measurement of this kind is always measured in a straight line. If one were to measure

distance based on travel distance then the planner would have to decide whether to take into account travel by car or by foot, which would not provide applicants with consistency or predictability.

16. Using these two points, the "subject premises" and the "residentially zoned district," for this development application the Planning Department used the available computer software: Ortho Photographic projection method from Pictometry using 500 foot buffer on ESRI, ArcMap (Version 9.3.) on Windows 7 software.

17. The measurement from the building wall of the proposed gun shop in a straight line to a point within the closest residentially zoned district to the southeast is 397.7 feet. A true and correct copy of the distance study showing the measurement of the building wall of the proposed gun shop to the closet residentially zoned district is attached as Exhibit 1.

18. During review of the project, because of the unconventional wedge shape of the nearest property in the nearest residentially zoned district, the Planning Department Staff also took a measurement from the proposed gun shop to a usable location inside the property line to remove any doubt of the distance measured. A true and correct copy of the distance study showing the measurement of the building wall of the proposed gun shop to a usable location inside the property line is attached as Exhibit 2.

19. As stated in the language of the Ordinance, the measurement must be taken from the "subject premises" to the "residentially zoned district"; not "door-to-door."

20. A measurement from the door of the proposed gun shop to the door of the closest residential property is illogical and impractical and would cause section 17.54.131 to be applied in an inconsistent manner.

21. There are several reasons a door to door measurement is illogical and impractical. One reason is that the Planning Department does not and could not keep track of where doors on commercial or residential buildings are located. In addition,

1 doors on commercial or residential buildings can be relatively easy to move and
2 replace.

3   22.   A door to door measurement would also cause section 17.54.131 to be
4 applied inconsistently.  Commercial buildings often have several doors.  The County or
5 the applicant would then have to designate one door as a main entrance or front door.
6 Because the measurement from each door would provide a different distance to the
7 residentially zoned district, the applicant would presumably always want to the
8 measurement to be taken from the door furthest from the residentially zoned district.

9   23.   On or about May 6, 2011, I met with Steve Nobriga for a pre-application
10 meeting regarding Valley Guns and Ammo's proposed gun shop.

11   24.   At the pre-application meeting, Mr. Nobriga showed me a map allegedly
12 depicting the distance between the proposed location of the gun shop and the nearest
13 residence.  Mr. Nobriga measured the distance between the proposed location of the
14 gun store to nearest residence using Google Maps for a total measurement of 505.6
15 feet.

16   25.   At the pre-application meeting, I asked Mr. Nobriga how he measured the
17 distance and he told me "door to door."  Although I did not believe that to be the correct
18 way to measure the distance pursuant to section 17.54.131, because applications for
19 gun stores are relatively rare, I made a note to check whether the measurement should
20 be made "door to door" and told Mr. Nobriga that I would check with my supervisor, Mr.
21 Albert Lopez, regarding the correct way to measure the distance and get back to him.  A
22 true and correct copy of the note I made during our meeting is attached to Plaintiffs'
23 Motion for Preliminary Injunction as Document Number 20-7.

24   26.   On July 1, 2011, I attended the application submittal meeting with Mr.
25 Nobriga regarding his conditional use permit application PLN2011-00096.  At this
26 meeting, I informed Mr. Nobriga that pursuant to the provisions of section 17.54.131, the
27 correct way to measure the distance was from the building perimeter wall of the
28

proposed gun shop to the residentially zoned district. I also informed Mr. Nobriga that according to the correct measurement, the proposed location for the gun shop was located within 500 feet of a residentially zoned district and was not in compliance with section 17.54.131.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and within my personal knowledge and that it was executed on November 26, 2012. If called upon, I could competently testify thereto.

/s/ Rodrigo Orduña
RODRIGO ORDUÑA

**EXHIBIT 1**




PLN2011-00096
**DISTANCE STUDY**

*Alameda County CDA - Planning Department*

**EXHIBIT 2**




PLN2011-00096
## DISTANCE STUDY
*Alameda County CDA - Planning Department*