1  DONNA R. ZIEGLER [142415]
   County Counsel
2  By:  MARY ELLYN GORMLEY  [154327]
   Assistant County Counsel
3  SAMANTHA N. STONEWORK-HAND [245788]
   Associate County Counsel
4  Office of County Counsel
   County of Alameda
5  1221 Oak Street, Suite 450
   Oakland, California 94612
6  Telephone:   (510) 272-6700

7  Attorneys for County of Alameda, Alameda
   Board of Supervisors, Wilma Chan,
8  Nate Miley, and Keith Carson

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DIVISION OF CALIFORNIA

12

13 | JOHN TEIXEIRA, STEVE NOBRIGA, | Case No.: CV12-3288 (SI)
14 | GARY GAMAZA, CALGUNS |
   | FOUNDATION (CGF), INC., SECOND | **DEFENDANTS' REPLY IN SUPPORT**
15 | AMENDMENT FOUNDATION (SAF), INC., | **OF MOTION TO DISMISS**
   | and CALIFORNIA ASSOCIATION OF |
16 | FEDERAL FIREARMS LICENSEES (Cal- | DATE: December 21, 2012
17 | FFL), | TIME: 9:00 a.m.
   | | DEPARTMENT: Ctrm 10, 19th Floor
18 |               Plaintiffs, |

19 |       v. |

20 | COUNTY OF ALAMEDA, ALAMEDA |
21 | BOARD OF SUPERVISORS (as a policy |
   | making body), WILMA CHAN in her official |
22 | capacity, NATE MILEY in his official |
   | capacity, and KEITH CARSON in his official |
23 | capacity, |

24 |               Defendants. |

25

26

27

28

TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................. 1

II.   LEGAL STANDARD ........................................................................................... 1

III.  ANALYSIS ........................................................................................................... 2

    A.   The Legal and Factual Issues Underlying Plaintiffs' Claims Have Achieved
       Finality And Cannot Be Challenged In This Action ........................................ 2

       1.   The hearing on plaintiffs' conditional use permit satisfies the *Utah
          Construction* requirements ...................................................................... 3

       2.   Collateral estoppel applies ...................................................................... 4

    B.   Plaintiffs' Due Process Claim Must Be Dismissed ......................................... 5

       1.   Plaintiffs' have failed to plead a substantive due process claim based on
          the timeliness of the appeal ..................................................................... 6

       2.   Plaintiffs' have failed to plead a substantive due process claim based on
          the Ordinance ......................................................................................... 7

    C.   Plaintiffs' Equal Protection Claim Must Be Dismissed ................................... 9

    D.   Plaintiffs' Second Amendment Claims Must Be Dismissed ............................ 9

       1.   The Ordinance does not impose a substantial burden on the Second
          Amendment. ............................................................................................ 9

       2.   Even If the Ordinance substantially burdens a core right, it survives
          constitutional scrutiny. ........................................................................... 10

       3.   Plaintiffs Are Estopped From Challenging The Ordinance As Applied . 12

       4.   Even If Plaintiffs Were Not Collaterally Estopped From Challenging The
          Ordinance, The Ordinance Is Constitutional As Applied ...................... 12

E.  Defendants Chan, Miley, and Carson Must Be Dismissed With Prejudice .... 13

IV.    CONCLUSION ..................................................................................................... 14

1

TABLE OF AUTHORITIES

2

Page(s)

3

**State Cases**

4

*Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637 .................................. 13

5

*People v. Sims* (1982) 32 Cal.3d 468 ......................................................................... 4, 5

6

*Suter v. City of Lafayette* (1997) 57 Cal.App.4th 1109 ............................................... 9, 12

7

*Stubblefield Constr. Co. v. City of San Bernardino* (1995) 32 Cal.App.4th 687 .............. 8

8

**California Statutes**

9

Cal. Code Proc. § 1094.5 ........................................................................................ 8

10

Cal. Gov. Code, § 65009, subd. (c)(1)(E) ................................................................. 8

11

Cal.Civ.Proc.Code § 1094.5 .............................................................................. 6, 13

12

Cal.Civ.Proc.Code § 1094.6 .................................................................................... 6

13

**Federal Rules**

14

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 2

15

16

**Federal Cases**

17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 2

18

*City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986) ...................................... 12

19

*Club Moulin Rouge LLC v. City of Huntington Beach*, No. CV04-10546, 2005 WL

20

5517234 (C.D. Cal. June 22, 2005) .................................................................... 6

21

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) .................................................. 8

22

*Crown Point Dev. Inc., v. City of Sun Valley*, 506 F.3d 851 (9th Cir. 2007) .................... 7

23

*Dream Palace v. County of Maricopa*, 384 F.3d 990 (9th Cir. 2004) ............................ 11

24

*Eilrich v. Remas*, 839 F.2d 630 (9th Cir. 1988) ................................................. 4, 5, 6, 8

25

*Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) ............................................... 11

26

*Gerhart v. Lake County, Mont.*, 637 F.3d 1013 (9th Cir. 2011) .................................... 10

27

*Hall v. Garcia*, No. C 10-03799, 2011 WL 995933 (N.D. Cal. Mar. 17, 2011) .............. 11

28

1   *District of Columbia v. Heller*, 554 U.S. 570 (2008) ........................................................ 10

2   *Hill v. Colorado*, 530 U.S. 703 (2000) ............................................................................... 8

3   *Kachalsky v. County of Westchester*, No. 11-3642, 2012 WL 5907502 (2d Cir. Nov. 27,

4      2012) ................................................................................................................................ 11

5   *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461(1982) ..................................................... 5

6   *Lingle v. Chevron U.S.A Inc.*, 544 U.S. 528 (2005) ........................................................... 7

7   *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010)................................................ 11

8   *Mathews v. Eldridge*, 424 U.S. 319 (1976) ....................................................................... 5

9   *Matsuda v. City & County of Honolulu*, 512 F.3d 1148 (9th Cir. 2008) ........................... 7

10  *Matsuda v. City & County of Honolulu*, 512 F.3d 1148 (9th Cir. 2008) ........................... 7

11  *McDonald* v.*City of Chicago,* 130 S. Ct. 3020 (2010) ..................................................... 10

12  *Near v. Minnesota,* 283 U.S. 697 (1931) ......................................................................... 11

13  *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478 (9th Cir. 2008) .............................. 7

14  *Paulsen v. CNF Inc.*, 559 F.3d 1061(9th Cir. 2009) ......................................................... 3

15  *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, n.1 (9th Cir. 1998) .............................. 7

16  *Scocca v. Smith*, C-11-1318 EMC, 2012 WL 2375203 (N.D. Cal. June 22, 2012) ........ 10

17  *Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008) ....................................................... 7, 8

18  *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011) ........................................................... 7

19  *Soffer v. City of Costa Mesa*, 798 F.2d 361 (9th Cir. 1986)............................................ 14

20  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)................................................................... 6

21  *Tyson v. City of Sunnyvale*, 920 F. Supp. 1054 (N.D. Cal. 1996)................................. 8, 9

22  *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) ................................................... 11

23  *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966) .................................. 3

24  *Univ. of Tennessee v. Elliott*, 478 U.S. 788 (1986)..................................................... 3, 13

25  *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926)......................................... 12

26  *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) ................................................... 10

27  *Vogt v. City of Orinda*, No. C11-2595 CW, 2012 WL 1565111 (N.D. Cal. May 2, 2012) 10

28

*Wehrli v. County of Orange*, 175 F.3d 692 (9th Cir. 1999) ................................................. 3

**Federal Statutes**

42 U.S.C. § 1983................................................................................................. 3

**Other Authorities**

Ordinance § 17.54.131 ................................................................................... 2, 11

## I.    INTRODUCTION[1]

Plaintiffs assert four claims for relief including due process and equal protection violations as well as facial and as-applied Second Amendment challenges.  Apparently conceding that their other claims have no merit, Plaintiffs state that, "[t]he single point of law challenged in this case is [Alameda County Ordinance] § 17.54.131(B) which requires:  '*That the subject premises is not within five hundred (500) feet of any […] residentially zoned district […]*."  (Doc. #22 at ¶9b) (emphasis in original).  This claim must fail.  Plaintiffs' Second Amendment challenge should be dismissed as a matter of law because Alameda County Ordinance § 17.54.131 ("the Ordinance") is a presumptively valid regulation of the commercial sale of firearms.

Plaintiffs also challenge the way the distance was measured between the proposed gun store and the nearest residentially zoned district, as well as the timeliness of the appeal regarding their conditional use permit and variance.  The Alameda County Board of Supervisors (the "Board") made findings on these issues at a February 29, 2012 hearing.  Because Plaintiffs failed to writ the Board's decision, these findings have achieved finality.  Plaintiffs are therefore precluded from challenging the Board's findings.  Accordingly, Plaintiffs' claims must be dismissed with prejudice.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In deciding whether the plaintiff has stated a claim upon which

---

[1] Defendants Motion to Dismiss (Doc. #13) and Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. #23) detail the relevant factual and procedural background.

relief can be granted, the court is not "required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (citation omitted).

In ruling on a motion to dismiss, the court may consider allegations contained in the Complaint, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation omitted).

### III.   ANALYSIS

#### A.  The Legal and Factual Issues Underlying Plaintiffs' Claims Have Achieved Finality And Cannot Be Challenged In This Action

While exhaustion of state judicial or administrative remedies is not a prerequisite to bringing an action pursuant to 42 U.S.C. § 1983, Plaintiffs' failure to writ the Board's decision nevertheless precludes them from bringing their claims. "There is no doubt that, as a general matter, a state administrative decision can have preclusive effect upon a federal § 1983 claim." *Wehrli v. County of Orange*, 175 F.3d 692, 694 (9th Cir. 1999); *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 798 (1986). In *Elliott*, the Supreme Court held that state administrative proceedings must be given the same preclusive effect they would be given in that state when an administrative agency, "'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" 478 U.S. at 799 (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). In *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994), the Ninth Circuit held that "the federal common law rules of preclusion described in *Elliott* extend to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state [administrative] proceeding satisfies the requirements of fairness outlined in [*Utah Construction*]." *Id.* at

1032-33 (citation omitted).  This preclusive effect is afforded to both state and municipal agencies.  *Eilrich v. Remas*, 839 F.2d 630, 632-33 (9th Cir. 1988).

In California, there is a two-part test to evaluate whether to accord the preclusive effect to administrative agency determinations.  *Id.* at 633 (citing *People v. Sims* (1982) 32 Cal.3d 468, 479).  First, the court must determine whether the proceeding satisfies the *Utah Construction* requirements.  *Id.*  Second, the court analyzes the claims under traditional collateral estoppel analysis.  *Id.*

### 1.   The hearing on plaintiffs' conditional use permit satisfies the *Utah Construction* requirements

Plaintiffs do not and cannot dispute that the hearing on their conditional use permit and variance satisfies the *Utah Construction* fairness requirements; i.e:  (1) the administrative agency must act in a judicial capacity; (2) the agency must resolve disputed issues of fact properly before it; and (3) the parties must have had an adequate opportunity to litigate.  *Miller*, 39 F.3d at 1033.

The Board clearly acted in a judicial capacity.  An administrative agency acts in a judicial capacity[2] when it "applie[s] an established rule to specific existing facts rather than establishing a rule of law applicable to future cases, . . ."  *Eilrich*, 839 F.2d at 634.  Here, rather than acting in a legislative capacity by promulgating new rules relating to conditional use permits for gun stores, the Board acted in a judicial capacity by determining whether Plaintiffs complied with the established requirements set forth in the Ordinance.

The WBZA and the Board resolved disputed issues of fact.  At both the WBZA and the Board's hearings on Plaintiffs' conditional use permit and variance, both the Planning Department and Plaintiffs presented evidence regarding how the distance between the proposed gun store and the nearest residentially zoned district should be measured.  (Doc. #13-3 at 8-9; Doc. # 20-15 at 4-6; Doc. #20, Ex. T.)  The WBZA

---

[2] Boards act in a legislative capacity when they promulgate new rules.  *Eilrich*, 839 F.2d at 634.

resolved the disputed issues of fact and held that the measurement should be taken from the building wall of the gun store to the boundary line of the nearest residentially zoned district, resulting in a measurement of less than 500 feet.  (Doc. #13-3 at 8-9, 13.)  By considering the San Lorenzo Valley Homes Associate ("SLVHA") appeal, the Board implicitly held that the appeal was timely.  Therefore, both the WBZA and the Board resolved factual disputes before them.

Plaintiffs had an adequate opportunity to litigate.  In order for an administrative proceeding to provide a plaintiff with an adequate opportunity to litigate, the administrative proceeding "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause . . ."  *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982).  "The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations omitted).  Plaintiffs Teixeira and Nobriga personally argued before the Board.  (Doc. #20, Ex. T.)  Plaintiffs were represented by counsel who also addressed the Board.  (*Id.*)  Several witnesses who supported Plaintiffs' proposed gun store also addressed the Board.  (*Id.*)  Accordingly, Plaintiffs had a meaningful opportunity to be heard.

Because the Board acted in a judicial capacity, resolved disputed issues of fact properly before it, and Plaintiffs had an adequate opportunity to litigate, the *Utah Construction* fairness requirements are satisfied.

### 2.   Collateral Estoppel Applies

Collateral estoppel bars relitigation of an issue if:  "(1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]."  *Eilrich*, 839 F.2d at 633 (quoting *Sims*, 32 Cal.3d at 484).

1    The WBZA ruled that the proper way to measure the distance between the

2    Plaintiffs' proposed gun store and the nearest residentially-zoned district was a

3    measurement in a straight line from the building wall of the proposed gun store to the

4    nearest residentially zoned district, and that Plaintiffs' proposed gun store was within

5    500 feet of the nearest residentially-zoned district in violation of the Ordinance.  (Doc.

6    #20-16 at 2; Doc. #20-17 at 5-6.)  The Board relied on these determinations when it

7    sustained the SLVHA appeal and denied Plaintiffs' conditional use permit and variance.

8    (Doc. #20, Ex. T.)  By sustaining SLVHA's appeal, the Board implicitly ruled that the

9    appeal was timely.  As Plaintiffs admit, these issues are identical to the issues in this

10   case.  (Doc. #22 at ¶¶ 10-11.)  The Board's decision became final when Plaintiffs failed

11   to appeal it to the California superior court pursuant to the California Code of Civil

12   Procedure within the statutory period.  *See Eilrich,* 839 F.2d at 632 (citing

13   Cal.Civ.Proc.Code §§ 1094.5, 1094.6).  Finally, it is undisputed that Individual Plaintiffs

14   were the parties involved in the WBZA and Board hearings.  (Complaint at ¶17.)

15         Because each of the three requirements of *Utah Construction* are met and each

16   of the three traditional collateral estoppel criteria are met, California courts would give

17   preclusive effect to the Board's findings.  *Club Moulin Rouge LLC v. City of Huntington*

18   *Beach*, No. CV04-10546, 2005 WL 5517234 at *3,15 (C.D. Cal. June 22, 2005).

19   Accordingly, this Court must give preclusive effect to the Board's findings.  *Id.*

20         **B.  Plaintiffs' Due Process Claim Must Be Dismissed**

21         Plaintiffs' due process claim must be dismissed because the Complaint fails to

22   plead sufficient underlying facts to give fair notice and to enable the Defendants to

23   defend themselves effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The

24   Complaint is so poorly plead that Plaintiffs attempted to use their Opposition to explain

25   away the uncertainty that infects their due process claim.  Plaintiffs appear to assert

26   several theories for their due process claim that were not plead in the Complaint.  These

27   new allegations should be disregarded and Plaintiffs' due process claims should be

28

dismissed on this basis alone.  *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

### 1. Plaintiffs' have failed to plead a substantive due process claim based on the timeliness of the appeal

Plaintiffs now assert, for the first time, in summary fashion, that their due process claim is based, in part, on the County not following its own "laws" regarding the timeliness of the appeal.  (Doc. #22 at ¶18a.)  This theory was not plead in the Complaint, and for Defendants to adequately respond, Plaintiffs must amend the Complaint.  However, the Court can grant leave to amend only if Plaintiffs can cure the Complaint's defects.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011).

Plaintiffs' due process claim cannot be cured by amendment.  Plaintiffs cite *Crown Point Dev. Inc., v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007) and *Lingle v. Chevron U.S.A Inc.*, 544 U.S. 528 (2005) to support their due process claim based on the allegedly untimely SLVHA appeal.  (Doc. #22 at ¶19.)  However, neither of these cases is on point.  In *Crown Point*, the Ninth Circuit held only that a plaintiff is not precluded from bringing a substantive due process claim regarding a land use regulation.  506 F.3d at 856.  The fact that a substantive due process claim <u>may</u> be viable does not mean that Plaintiff <u>can</u> plead one in this case.

To state a substantive due process claim, Plaintiffs must show, as a threshold matter, that the Board deprived them of a constitutionally protected life, liberty or property interest.  *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).  The "irreducible minimum" of a substantive due process claim challenging land use action is failure to advance any legitimate governmental purpose.  *Id.* at 1088 (citing *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008)).  The "exceedingly high burden" required to show that the Board behaved in a constitutionally arbitrary fashion has not and cannot be met here.  *Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008).  Only "egregious official conduct can be said to be 'arbitrary in the constitutional sense' ": it must amount to an "abuse of power" lacking

1  any "reasonable justification in the service of a legitimate governmental objective."

2  *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  Even decisions that rest on

3  erroneous legal interpretation are not necessarily constitutionally arbitrary.  *Shanks*, 540

4  F.3d at 1088.

5       A Board's refusal to issue a discretionary conditional use permit does not

6  ordinarily implicate substantive due process.  *Tyson v. City of Sunnyvale*, 920 F. Supp.

7  1054, 1063 (N.D. Cal. 1996) (citing *Stubblefield Constr. Co. v. City of San Bernardino*

8  (1995) 32 Cal.App.4th 687).  Rather than a due process issue, such a refusal is an

9  ordinary dispute between business owners and a municipality and the Court should

10 decline to "sit as a super zoning board or a zoning board of appeals."  *Id.*

11      Moreover, as argued in the Motion to Dismiss, Plaintiffs have failed to allege a

12 procedural due process claim.  (*See* Doc. #13-1 at 8-10.)  That the appeal was timely

13 has been conclusively established.  The Board implicitly found that the SLVHA appeal

14 was timely by considering it at the February 28, 2012 hearing.  Plaintiffs' remedy was a

15 writ of mandate challenging the Board's consideration of a purportedly untimely appeal.

16 Cal. Code Proc. § 1094.5.  This was the <u>only</u> way to challenge such a finding.  *Id.*; Cal.

17 Gov. Code, § 65009, subd. (c)(1)(E).  Because Plaintiffs failed to writ the Board's

18 decision to accept the appeal, this Court must give the Board's findings preclusive

19 effect.  *Eilrich*, 839 F.2d at 632-33.  Plaintiffs' due process claim fails as a matter of law;

20 accordingly, this Court must dismiss it with prejudice.

21      **2.  Plaintiffs' have failed to plead a substantive due process claim**
            **based on the Ordinance**
22

23      Plaintiffs also, for the first time, assert a substantive due process claim alleging

24 that the Ordinance is unconstitutionally vague.  (Doc. #22 at ¶18b.)  A statute can be

25 impermissibly vague if it fails to provide people of ordinary intelligence a reasonable

26 opportunity to understand what conduct it prohibits, or if it authorizes or even

27 encourages arbitrary and discriminatory enforcement.  *Hill v. Colorado*, 530 U.S. 703,

28 732 (2000).

1    Plaintiffs' sole challenge to the Ordinance is the requirement that a gun store

2    shall not be located within 500 feet of a residentially zoned district.  (Doc. #22, ¶9b.)

3    The language of the Ordinance is clear.  If Plaintiffs contend that people of ordinary

4    intelligence cannot understand what conduct this Ordinance prohibits, then many laws,

5    including most zoning ordinances, would be found void for vagueness.  Yet, many

6    similar zoning regulations have been upheld.  *See, e.g., Suter v. City of Lafayette*

7    (1997) 57 Cal.App.4th 1109, 1131-32.  Any claim that the terms of the Ordinance are

8    vague must fail.

9    Further, the Ordinance clearly sets forth the requirements for obtaining a

10   conditional use permit and the permissible grounds for denying or revoking such a

11   permit or variance.  The requirement is that the subject premises shall not be within 500

12   feet of a residentially zoned district.  Plaintiffs contend that the measurements were

13   taken incorrectly.  (Complaint at ¶31.)  Simply because Plaintiffs disagree with the

14   measurement does not make the measurement arbitrary.  The measurements were

15   taken in conformance with the language of the Ordinance.  (Doc. #20-15 at p. 5.)  The

16   measurement from the proposed location to the residentially zoned district was made in

17   a manner consistent for all locations covered by the Ordinance.  (*Id.* at pp. 4-6.)  The

18   clear language of the Ordinance mandates how the measurement is to be taken, and

19   the measurement was taken in that manner.   The Ordinance neither authorizes nor

20   encourages arbitrary enforcement.

21   Plaintiffs also allege that members of the Board have expressed "overt hostility"

22   to Second Amendment rights, but cite only to statements allegedly made by a former

23   member of the Board.  (Doc. #22 at ¶2.)  The motives of Board members are usually

24   considered irrelevant to any inquiry concerning the reasonableness of their decisions.

25   *Tyson*, 920 F. Supp. at 1064 (citing cases).  "If there is any rational basis for a zoning

26   decision from the objective facts, the actual motive for the decision becomes

27   immaterial."  *Id.* (citation omitted).  As demonstrated above and in Defendants' Motion to

28

1   Dismiss, there is a rational basis for denying Plaintiffs' conditional use permit;

2   specifically that the proposed location of the gun store was not in compliance with the

3   Ordinance.  Thus, any alleged bias is irrelevant and Plaintiffs' claim must fail.

4   **C.  Plaintiffs' Equal Protection Claim Must Be Dismissed**

5   Plaintiffs have not sufficiently alleged any of the elements of a class of one equal

6   protection claim.  The elements of a class of one claim are that the state actor: "(1)

7   intentionally (2) treated [Plaintiffs] differently than other similarly situated property

8   owners, (3) without a rational basis."  *Gerhart v. Lake County, Mont.*, 637 F.3d 1013,

9   1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

10   Plaintiffs have failed to sufficiently allege that they were treated differently than

11   other similarly situated property owners because they have failed to identify specific

12   similarly situated businesses.  This is fatal to their claim.  *Vogt v. City of Orinda*, No.

13   C11-2595 CW, 2012 WL 1565111 at *3 (N.D. Cal. May 2, 2012); *see also Scocca v.*

14   *Smith*, C-11-1318 EMC, 2012 WL 2375203 at *5 (N.D. Cal. June 22, 2012).  Plaintiffs

15   have also failed to plead sufficiently that the Board acted intentionally and without a

16   rational basis.  Instead, Plaintiffs take pains to argue that gun stores are "unique."

17   (Complaint at ¶39.)  But if gun stores are indeed unlike any other type of business, then

18   there are rational bases for treating them differently.  For all these reasons, Plaintiffs

19   have failed to state an equal protection claim.

20   **D.  Plaintiffs' Second Amendment Claims Must Be Dismissed**

21   As argued in the Motion to Dismiss, the Court should use a two-pronged

22   approach in reviewing Plaintiffs' Second Amendment claims.   (*See* Doc. #13-1 at 12-

23   14.)  Applying that approach, the Court must find the Ordinance passes constitutional

24   muster.

25   **1.  The Ordinance does not impose a substantial burden on the
         Second Amendment**

26   

27   The Second Amendment, as construed in *Heller*, protects "the right to possess a

28   handgun in the home for the purpose of self-defense."  *McDonald v. City of Chicago*,

130 S. Ct. 3020, 3050 (2010); *see also United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (en banc) (the Second Amendment encompasses the right to "keep[] operable handguns at home for self-defense"). The *Heller* court specifically stated that "[n]othing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms." *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008). Thus, the very law at issue in this case is a "presumptively lawful regulatory measure[ ]." *Id.* at 627 n.26.

The Ordinance permits Plaintiffs to locate a gun store on a site that is more than 500 feet from a residentially zoned district, elementary, middle, or high school, pre-school or daycare, other firearms sales business, liquor store or establishments in which liquor is served. Alameda County Ordinance § 17.54.131. Restricting the commercial sale of firearms in residential and other sensitive areas does not substantially burden the core "right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. Because the Ordinance does not impose a substantial burden on Second Amendment rights, the Court's inquiry should end. *United States v. Marzzarella*, 614 F.3d 85, 91& 91n.6 (3d Cir. 2010); *Hall v. Garcia*, No. C 10-03799, 2011 WL 995933 at *2 (N.D. Cal. Mar. 17, 2011).

## 2. Even If the Ordinance substantially burdens a core right, it survives constitutional scrutiny

Even if this Court were to find that the Ordinance substantially burdened Second Amendment rights, it would nevertheless pass constitutional muster.[3] Plaintiffs assert that a citizen's Second Amendment rights include the right to acquire firearms. (Doc. #22 at ¶36.) The alleged right to acquire firearms is irrelevant. Unlike the ordinance at

---

[3] Plaintiffs also summarily assert that the Ordinance is an impermissible prior restraint. (Doc. #22 at ¶ 23.) Courts have not imported prior restraint law into the Second Amendment context and this court should decline to do so here. *See Kachalsky v. County of Westchester*, No. 11-3642, 2012 WL 5907502 at *7 (2d Cir. Nov. 27, 2012). Further, a prior restraint only exists when the exercise of protected expression is contingent upon the approval of government officials. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1001 (9th Cir. 2004) (citing *Near v. Minnesota*, 283 U.S. 697, 711–13 (1931)). Plaintiffs have failed to show that the opening of a gun shop is protected expression.

issue in *Ezell v. City of Chicago*, 651 F.3d 684, 708-709 (7th Cir. 2011), which prohibited all firing ranges in the city, the Ordinance does not impose an outright ban on the commercial sale of firearms, but rather puts reasonable limits on where gun shops may be located.  The Ordinance is more akin to a content-neutral time, place, and manner regulation on the commercial sale of firearms.  Therefore, it must pass a type of intermediate scrutiny:  the ordinance must be designed to serve a substantial government interest and allow for reasonable alternative avenues of communication. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50 (1986).

The Ordinance serves several substantial County interests.  The County has a substantial interest in preventing the deleterious secondary effects of commercial sales of firearms.  While Plaintiffs aver that only law-abiding individuals purchase firearms, gun shops "can be targets of persons who are or should be excluded from purchasing and possessing weapons." *Suter*, *supra,* 57 Cal.App.4th at 1132.  Therefore, it is reasonable to regulate them such that they are located away from residential areas. *Id.* By prohibiting gun sales near certain well-defined areas, the County promotes public safety and prevents harm in populated, well-traveled, and sensitive areas such as residential districts or schools.

The Ordinance also allows the County to preserve the quality of its residential neighborhoods, commercial districts, and the overall quality of urban life.  (Doc. #20-15 at 7-8.)  This interest is "vital." *Renton*, 475 U.S. at 48, 50.  The sale of firearms, like the sale of any product, is a commercial activity, and municipalities are entitled to confine commercial activities to certain districts. *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926).  In the First Amendment context, the Supreme Court has already endorsed geographic restrictions on certain businesses in order to disperse them throughout the County and not have them located within sensitive places such as residential neighborhoods, schools, or churches. *Renton*, 475 U.S. at 52.

Plaintiffs argue that the Ordinance effectively zones gun stores out of existence, allowing for no alternative venues to open and operate a gun store.  Plaintiffs' allegations find no basis in fact.  Ten[4] other gun stores operate in the County, including the Big 5 Sporting Goods located only 607 feet from Plaintiffs' proposed gun shop. (Doc. #20-15 at 5.)  Even Plaintiff John Teixeira has owned and operated a gun store in Alameda County.   (Doc. #20 at ¶ 5.)  Given the number of gun stores operating in the County in compliance with the Ordinance, the Court cannot find that the County has effectively denied gun stores a reasonable opportunity to open and operate within the County limits.

The Ordinance is a presumptively lawful measure and not subject to a facial Second Amendment challenge.  Even if the Ordinance were not outside the scope of the Second Amendment, it nevertheless survives constitutional scrutiny.

### 3.    Plaintiffs Are estopped from challenging the Ordinance as applied

Plaintiffs also challenge the Ordinance as unconstitutional as applied to the facts of this case.  (Complaint at ¶54.)  As noted above, Plaintiffs never sought to set aside either the WBZA's findings or the Board's decision by petitioning for a writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5. Because this was Plaintiffs' "exclusive remedy for judicial review," they are estopped from relitigating the same issues.  *Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 645 (citation omitted); *Elliott,* 478 U.S. at 796-99.

### 4.    Even If Plaintiffs were not collaterally estopped from challenging the Ordinance, the Ordinance is constitutional as applied

As demonstrated above, the Ordinance does not impose a substantial burden on Plaintiffs' core Second Amendment rights.  Even if it does, as applied to the facts of this case, the Ordinance passes constitutional scrutiny.

---

[4] Three gun shops operate in the unincorporated area of the County; ten gun shops operate in the County if one counts the stores that operate in the incorporated cities.

Plaintiffs base their "as-applied" challenge on the manner in which the distance between their proposed gun shop and the nearest residentially zoned district was calculated.  (Complaint at ¶38; Doc #21 at ¶22.)  The measurement from the proposed location to the residentially zoned district was made in a manner consistent for all locations covered by the Ordinance.  (Doc. # 20-15 at pp. 4-6.)  The measurements made are neither arbitrary nor subjective.  The clear language of the Ordinance mandates how the measurement is to be made, and the measurement was made in that manner. [5]

The Court should not accept Plaintiffs' invitation to explore whether the 500-foot limit is appropriate given the barriers between the gun shop location and the residentially-zoned districts.  Any application of the 500-foot rule, or any other zoning ordinance, will have varying effects in each situation.  Nothing about the facts in this case distinguishes Plaintiffs' proposed gun store from any other gun store, or any other property subject to a conditional use permit.  Accordingly, Plaintiffs have failed to sufficiently plead a Second Amendment claim as applied to the facts of this case.

### E.  Defendants Chan, Miley, and Carson Must Be Dismissed With Prejudice

The claims against Supervisors Chan, Miley, and Carson in their official capacities are duplicative of the claims against the Board.  *Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986).  Plaintiffs have no objection to dismissing these defendants.  (Doc. #22 at ¶45.)  Accordingly, any claims against them should be dismissed with prejudice.

---

[5] Even if the County were to measure from the front door of Plaintiffs' proposed gun shop, it would still be within 500 feet of the nearest residentially zoned district.  (Doc. #20-15 at 5.)

#### IV.   **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint For Damages, Injunctive Relief and/or Declaratory Judgment with prejudice.


DATED:      December 3, 2012          DONNA R. ZIEGLER,
                                      County Counsel in and for the
                                      County of Alameda, State of California



                                      By  _/s/ *Mary Ellyn Gormley*_
                                          MARY ELLYN GORMLEY
                                          Assistant County Counsel

                                          Attorneys for County of Alameda