Donald E.J. Kilmer, Jr., (SBN: 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Voice:      (408) 264-8489
Facsimile:  (408) 264-8487
EMail:      Don@DKLawOffice.com

Jason A. Davis (SBN: 224250)
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice:      (949) 310-0817
Facsimile:  (949) 288-6894
EMail:      Jason@CalGunLawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC. (Cal-FFL),<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity.<br><br>Defendants. | CASE NO.: 3:12-CV-03288 SI<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION<br><br>Date:    December 21, 2012<br>Time:    9:00 a.m.<br>Place:   United States District Court - San Francisco 450 Golden Gate Ave.<br>Court:   Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston |

*Teixeira v. County of Alameda*     Page 1 of 4     Errata Memorandum

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

REPLY

Defendants submitted a 21 page memorandum opposing Plaintiffs' request for a preliminary injunction (Doc #23) and two Declarations (Doc #23-1 and #23-2) in support of that opposition. What the Defendants did not file with their opposition, was any **evidence** tending to show that their "500 Foot Rule" is rational on its face or that it will advance any government interest. (i.e., that it will reduce crime, enhance public safety or prevent traffic congestion, etc....)

The building where Plaintiffs want to locate their gun store is a commercial property. That characteristic of that building is not going to change. In fact Plaintiffs recently received notice from the County of Alameda that "a new 2,500 square foot 7-11 store" may be located virtually next door to them. See Exhibit A attached hereto. As this case is in its infancy, it will be interesting to see whether Alameda County has the same aversion to granting a conditional use permit for a liquor store as they do for a gun store. At any rate, this is not a case about commercial zoning under the *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365 (1926) line of cases. This is a case about "red-lining" gun stores. The proposed gun store's commercial qualities are irrelevant.

Defendants' citation to *Suter v. City of Lafayette* (1997) 57 Cal.App.4th 1109 is of no help as the case predates *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010). The analysis this Court must perform in a post-*Heller/McDonald* legal environment is to look at **evidence** of the government's claims of compelling (and/or important) government interest and **evidence** of how their means will be achieve their ends.

Defendants have made this Court's job easy. They have only submitted "lawyer's talk" not "evidence." In the context of the lesser, intermediate scrutiny analysis under the First Amendment, the Seventh Circuit opined:

> [...] [B]ecause books (even of the "adult" variety) have a constitutional status different from granola and wine, and laws requiring the closure of bookstores at night and on Sunday are likely to curtail

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

> sales, the public benefits of the restrictions must be established by evidence, and not just asserted. The evidence need not be local; Indianapolis is entitled to rely on findings from Milwaukee or Memphis (provided that a suitable effort is made to control for other variables). See *Andy's Restaurant*, 466 F.3d at 554-55. **But there must be evidence; lawyers' talk is insufficient.** (Emphasis added.)
>
> *Annex Books v. City of Indianapolis*,
> 581 F.3d 460, 463 (7th Cir. 2009)[1]

This means that the Court need not address the standard of review issue, it need not adjudicate the late appeal, nor must it wrestle with the Plaintiffs' due process or equal protections claims. It can cut right to the Second Amendment claim, note the Defendants' failure of proof on an issue where they bear the burden of producing evidence and the burden of proof and grant Plaintiffs' request for a Preliminary Injunction. *Ezell v. City of Chicago*, 651 F.3d 684, 708-709 (7th Cir. 2011).

Finally, it should not escape this Court's notice that RODRIGO ORDUNA's DECLARATION IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION OF SUMMARY JUDGMENT has introduced yet another method of taking measurements under Alameda's "500 Foot Rule." In the Staff Report of November 16, 2011[2] the distance from the gun store to the closest residential property located at Albion Avenue was measured at 446 feet. The same result was reached in the December 14, 2011 Staff Report.[3] Now, Mr. Orduna says the distance is really 397.7 feet. (See Doc #23-2, ¶ 17) Furthermore, this "new interpretation" of the "500 Foot Rule" by the County of Alameda flatly contradicts what Mr. Orduna told the Plaintiffs, which they reasonably relied upon, when they

---

[1] Plaintiffs do not concede that intermediate scrutiny is the correct standard of review. They contend that it is "almost strict" as set forth in *Ezell v. City of Chicago*, 651 F.3d 684, 708-709 (7th Cir. 2011).

[2] DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA, GARY GAMAZA, (Doc # 020-14, Exhibit N, page 8)

[3] DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA, GARY GAMAZA, (Doc # 020-15, Exhibit M, page 5)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1 were researching the conditional use permit for their property.[4] If this (new)
2 "interpretation" of the County's "500 Foot Rule" had been made clear to the
3 Plaintiffs from the very beginning of the process, they might have made other
4 decisions about location and avoided the lost time and costs of pursuing the
5 conditional use permit at that particular property. Nor is this the first time that
6 Alameda County has engaged in *post hoc* (re)interpretations of county ordinances
7 when Second Amendment rights were at stake. *Nordyke v. King*, 681 F.3d 1041 (9th
8 Cir. 2012)(en banc). This institutional hostility to the "right to keep and bear arms"
9 lends weight to Plaintiffs' "class-of-one" Equal Protection claim. *Gerhart v. Lake*
10 *County Mont.*, 637 F.3d 1013 (9th Cir. 2011)

11 Furthermore, the fact that the distances between the proposed gun shop and the
12 disqualifying properties keep changing, even at this late date, is further proof that
13 no objective standards exist for implementing this regulation. With a constitutional
14 right at stake the Court can, and should, find it unconstitutional. *Heffron v.*
15 *International Society for Krishna Consciousness, Inc.*, 452 U.S. 640 (1981);
16 *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969); *Niemotko v. Maryland*, 340 U.S.
17 268 (1963); *Cantwell v. Connecticut*, 310 U.S. 296 (1940); *Southeastern Promotions,*
18 *Ltd. v. Conrad*, 420 U.S. 546 (1975).

### **CONCLUSION**

20 The Court should grant the Plaintiffs' request for Preliminary Injunction for the
21 reasons set forth in their application and this reply as the Defendants have not met
22 their constitutional burden to prove that their "500 Foot Rule" serves any
23 government interest, let alone an compelling or important one.

24 Respectfully Submitted on December 7, 2012,

25 /s/ Donald Kilmer
Donald E.J. Kilmer, Jr., Attorney for the Plaintiffs.

---

28 [4] DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA, GARY GAMAZA, (Doc # 020, ¶ 17, Doc # 20-7, Exhibit G)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487