IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEIXEIRA, et al., | No. C 12-3288 SI |
| Plaintiffs, | **ORDER RE: SUPPLEMENTAL BRIEFING; VACATING HEARING** |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants. | |

Now before the Court are plaintiffs' motion for a preliminary injunction and defendants' motion to dismiss. Plaintiffs challenge the denial of a variance permit to allow them to open a gun store within five-hundred feet of an area zoned for residential use. Plaintiffs' complaint raises four Constitutional claims for relief, including an equal protection and due process claim under the Fourteenth Amendment, and a facial and as-applied challenge under the Second Amendment. A threshold issue in both motions is plaintiffs' ability to pursue these claims in this Court without having first pursued state remedies.

Defendants argue that *all* of plaintiffs' claims must be dismissed because plaintiffs "failed to exhaust their judicial remedies." Def. Mot. at 5. Under California law, the sole procedure for judicial review of zoning determinations is a petition for a writ of mandate in accordance with California Code of Civil Procedure § 1094.5. *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70-71 (2000). Defendants contend that before initiating a lawsuit in federal court for injunctive relief and damages, plaintiffs must first exhaust their judicial remedies regarding zoning determinations. Failure to do so, defendants contend, means that the underlying administrative decision has preclusive effect in federal and state court. Citing *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966), defendants contend that where the administrative agency acted in a judicial capacity, resolved disputed issues of fact before it, and both parties had an adequate opportunity to litigate, the administrative decision has a preclusive effect as to both legal and factual issues, even those unreviewed.

Plaintiffs respond that it is well-settled that exhaustion of judicial or state remedies is not a prerequisite to bringing an action under 42 U.S.C. § 1983. *See Patsy v. Bd. of Regents*, 457 U.S. 496,

500 (1982) ("[W]e have on numerous occasions rejected the argument that a § 1983 action should be dismissed where the plaintiff has not exhausted state administrative remedies."). *Patsy*, however, does not dispose of the instant issue. Although plaintiffs' use the phrase "failure to exhaust," the pressing issue is what preclusive effect, if any, the administrative decision below has on this Court. Here plaintiffs did not petition for a writ of mandate to challenge the factual findings of the West County Board of Zoning Adjustments ("WBZA"), nor did plaintiffs challenge the legality of Alameda County Ordinance § 17.54.131.

The consequences of plaintiffs' failure to challenge the factual or legal accuracy of the decision are squarely at issue in both instant motions. Defendants argue that plaintiffs' failure is fatal to *all* four constitutional claims. At a minimum, WBZA's unchallenged legal and factual determinations appear so closely tied to plaintiffs' constitutional claims that any factual preclusion may be fatal to those claims. For example, plaintiffs' due process challenge is premised on WBZA's consideration of an allegedly late filed appeal by a homeowner's association to WBZA's initial grant of a variance permit to plaintiffs. Similarly, plaintiffs' equal protection challenge is premised, in part, on the validity of WBZA's '500 feet' determination. Plaintiffs' Second Amendment claims are also related to factual and legal determinations made by the WBZA.

To resolve the instant motions, the Court must resolve the following issue: what preclusive effect, if any, does plaintiffs' failure to seek state review of the WBZA's decisions have on this Court's authority to decide the factual questions and/or legal claims in plaintiffs' complaint. Accordingly, the Court hereby DIRECTS the parties to file with the Court **no later than January 25, 2013**, supplemental briefs not to exceed 30 pages, addressing this issue. **The December 21, 2012, hearing on the instant motions is hereby VACATED and the hearing is rescheduled for February 22, 2013 at 9:00 a.m.**

**IT IS SO ORDERED.**

Dated: December 18, 2012

SUSAN ILLSTON

2

United States District Judge