Donald E.J. Kilmer, Jr., (SBN: 179986)
Law Offices of Donald Kilmer
A Professional Corporation
1645 Willow Street, Suite 150
San Jose, California 95125
Voice:        (408) 264-8489
Facsimile:  (408) 264-8487
EMail:       Don@DKLawOffice.com

Jason A. Davis (SBN: 224250)
Davis & Associates
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Voice:        (949) 310-0817
Facsimile:  (949) 288-6894
EMail:       Jason@CalGunLawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TEIXEIRA, STEVE NOBRIGA, GARY GAMAZA, CALGUNS FOUNDATION (CGF), INC., SECOND AMENDMENT FOUNDATION (SAF), INC., and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC. (Cal-FFL),<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity.<br><br>Defendants. | CASE NO.: 3:12-CV-03288 SI<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF<br><br>Date:    February 22, 2013<br>Time:    9:00 a.m.<br>Place:   United States District Court - San Francisco 450 Golden Gate Ave.<br>Court:   Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston |

*Teixeira v. County of Alameda*      Page 1 of 5      Plaintiffs' Supp Br.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Pursuant to this Court's order of December 18, 2012 (Doc # 30), Plaintiffs submit this Supplemental Brief.

### Re: Late Administrative Appeal / Due Process Claim

There is one factual dispute that gives rise to the issue preclusion and/or res judicata concerns this Court raised in its order for supplemental briefing that can be summarily adjudicated. That is whether the appeals filed by San Lorenzo Village Homes Association and Diane Wydler were timely filed. If those appeals were timely filed, then the Board of Supervisors had jurisdiction to review the decision of the West County Board of Zoning Adjustment. (Which was favorable to the Plaintiffs.) If the appeals were not timely filed, then the Board of Supervisors acted without lawful authority when they revoked the variance and conditional use permit for the Plaintiffs' gun store.

Plaintiffs are prepared to accept as conclusively proven, and would waive any hearsay objection to the DECLARATION OF ALBERT LOPEZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION. (Doc #23-1) But this is new information that was not available to the Plaintiffs when they filed their complaint. Furthermore, it is highly likely that a trial court in a mandamus review, would defer to an agency's decision to accept a late-filed appeal. *Simi Valley Adventist Hosp. v. Bonta*, 81 Cal. App. 4th 346 (2000).

Therefore Plaintiffs stipulate to a dismissal of their First Claim and withdraw one of their three reasons for requesting a preliminary injunction.

### Re: 500' Foot Rule / Equal Protection and Second Amendment

There is no dispute of facts, and therefore no state court adjudication required, regarding the distances between the various points (front door, back wall, building wall, center of building, etc..) on the property of the Plaintiffs' proposed gun store and the disqualifying properties. Plaintiffs have already implied, and expressly concede herein, that the multitude of measurements taken by all parties and reported accurately by the administrative agency are "res judicata."

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

All of those various permutations of taking the same measurement are set forth in pages 5 and 6 of the Staff Report prepared by the Alameda County Community Development Agency Planning Department dated December 14, 2011. The Staff Report was addressed to the West County Board of Zoning Adjustments. [See Doc #20-15; Exhibit O; DECLARATION OF PLAINTIFFS: STEVE NOBRIGA, JOHN TEIXEIRA AND GARY GAMAZA.]

Neither did the appeal conducted by the Board of Supervisors dispute that there were various permutations of measurements set forth in the Staff Report. They merely adopted one set of measurements over another, equally reasonable, set of measurements. There are no findings of fact that a Superior Court Judge could add to that Staff Report that would improve Plaintiffs' theory of the case.

It may be that a Superior Court Judge could make a "legal" ruling that would interpret how simple measurements are to be taken. (e.g., from the center of properties, from portal to portal, from closest point to closest point, etc...) But that process would just mean that this case would have to journey through: (1) The West County Board of Zoning Adjustment, (2) The Alameda Board of Supervisors, (3) Alameda Superior Court for a writ of mandate, (4) The First District Court of Appeals, and (5) and the California Supreme Court before state law judicial remedies would be exhausted on a point of law wholly unnecessary to Plaintiffs' claims.

The issue that this Court has to grapple with on the equal protection claim, especially one that touches on a fundamental right, is whether the rules are uniform for all similarly situated persons or whether they are arbitrary and capricious, and therefore subject to abuse that offends the Fourteenth Amendment. *Allegheny Pittsburgh Coal Co. v. County Com.*, (1989) 488 U.S. 336.

In other words, the issue isn't what is the final, non-appealable rule for measurements under the 500 foot rule. The issue is whether the County uses the same methodology for measuring these zoning restrictions in all cases.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*        Page 3 of 5        Plaintiffs' Supp Br.

Notwithstanding the DECLARATION OF RODRIGO ORDUÑA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Doc # 23-2), which cites no written law or written regulation for choosing endpoints for making these measurements – this case is about whether these measurements are objective and uniform for all zoning regulation measurements **and** whether the Board of Supervisors revoked Plaintiffs's variance and conditional use permit, when permits and variances for similarly situated businesses were allowed by the same body.

Giving preclusive effect to **the fact** that multiple methodologies exist for taking simple zoning measurements does nothing to undermine Plaintiffs' theory of their case.  The very fact that no objective standards exist, and that the County has not tendered any on this record helps to make the Plaintiffs' case.

Even if this Court gives preclusive effect to the inchoate **legal interpretation** proffered by the County for where the endpoints for the measurements are to be taken, this does nothing to address the substantive issue of why there is an important (or compelling) government interest in forbidding a gun store from opening 499 feet away from a residential property (located across 12 lanes of freeway) but no government interest when it is to be located 501 feet away.

This Court's jurisdiction has been invoked for constitutional claims and the gravamen of those remaining claims are that:

1. Plaintiffs were denied "equal protection" of law by an arbitrary and capricious zoning scheme, which fairly includes a claim that there are no objective standards for measuring distances between subject and disqualifying properties.  This claim also necessarily means that discovery will be required to determine if The Alameda County Board of Supervisors has revoked conditional use permits and variances in other instances where an inferior zoning board has approved such permits and variances.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

2. Whether the zoning scheme is invalid as applied under the Second Amendment. This is a mixed question of fact and law that will require the same factual inquiry as the equal protection claim.

3. Whether the zoning scheme is facially invalid under the Second Amendment. This is a pure question of law.

One final point. On page 2, beginning at line 6 of the December 18, 2012 Order (Doc #30) the Court wrote: "[...] nor did plaintiffs challenge the legality of the Alameda County Ordinance § 17.54.131." In point of fact the Third and Fourth Claims of the Complaint are constitutional challenges to that ordinance under standard notice pleading requirements of the Federal Rules of Civil Procedure. If clarification is necessary, Plaintiffs are happy to oblige and respectfully request leave to amend their complaint.

## **Conclusion**

Exhaustion of state judicial/administrative remedies is not required under 42 U.S.C. § 1983. *Patsy v. Bd. of Regents*, 457 U.S. 496 (1982); *Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2005). And any Res Judicata and/or Collateral Estoppel effect of the findings by the West County Board of Zoning Adjustment and the Alameda County Board of Supervisors has no impact on Plaintiffs' remaining claims under the Fourteenth and Second Amendment.

Respectfully Submitted on January 25, 2013.

/s/ Donald Kilmer

Donald Kilmer, Attorney for the Plaintiffs

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*     Page 5 of 5     Plaintiffs' Supp Br.