1   Donald E.J. Kilmer, Jr., (SBN: 179986)
    Law Offices of Donald Kilmer
2   A Professional Corporation
    1645 Willow Street, Suite 150
3   San Jose, California 95125
    Voice:         (408) 264-8489
4   Facsimile:     (408) 264-8487
    EMail:         Don@DKLawOffice.com
5
    Jason A. Davis (SBN: 224250)
6   Davis & Associates
    27201 Puerta Real, Suite 300
7   Mission Viejo, California 92691
    Voice:         (949) 310-0817
8   Facsimile:     (949) 288-6894
    EMail:         Jason@CalGunLawyers.com
9
    Charles W. Hokanson (SBN: 163662)
10  4401 Atlantic Ave, Suite 200
    Long Beach, California 90807
11  Voice: (562) 316-1476
    Facsimile: (562) 316-1477
12  Email: CWHokanson@TowerLawCenter.com

13  Attorneys for Plaintiffs

14

15          **UNITED STATES DISTRICT COURT**
        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

17  JOHN TEIXEIRA, STEVE              CASE NO.: 3:12-CV-03288 - SI
    NOBRIGA, GARY GAMAZA,
18  CALGUNS FOUNDATION (CGF),         COMPLAINT FOR DAMAGES,
    INC., SECOND AMENDMENT            INJUNCTIVE RELIEF and/or
19  FOUNDATION (SAF), INC., and       DECLARATORY JUDGMENT
    CALIFORNIA ASSOCIATION OF
20  FEDERAL FIREARMS LICENSEES        28 USC §§ 2201, 2202
    (Cal-FFL),
21              Plaintiffs,           42 USC §§ 1983, 1988

22                                    SECOND AMENDMENT AND FOURTEENTH
                                      AMENDMENT
23          vs.
                                      JURY TRIAL DEMANDED
24  COUNTY OF ALAMEDA, ALAMEDA        (For Damages Only)
    BOARD OF SUPERVISORS (as a
25  policy making body), WILMA CHAN
    in her official capacity, NATE MILEY
26  in his official capacity, and KEITH
    CARSON in his official capacity,
27
28              Defendants.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

**INTRODUCTION**

This suit seeks damages and injunctive relief (and/or declaratory relief) to compensate plaintiffs for damages and force the defendants to refrain from policies, practices and customs that are hostile to the United States Constitution.  In spite of recent Supreme Court precedent, the County of Alameda remains among a handful of jurisdictions in the nation that refuses to treat the rights protected by the Second and Fourteenth Amendments with the constitutional dignity required by law.

**PARTIES**

1.      Plaintiff JOHN TEIXEIRA is an individual who is a citizen of the United States and a resident of Alameda County.

2.      Plaintiff STEVE NOBRIGA is an individual who is a citizen of the United States and a resident of San Joaquin County.

3.      Plaintiff GARY GAMAZA is an individual who is a citizen of the United States and a resident of Alameda County.

4.      Plaintiff THE CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners.  As part of CGF's mission to educate the public – and gun-owners in particular –  about developments in California's firearm laws, CGF maintains a website at http://calgunsfoundation.org and contributes content to various print and online media.  On their website CGF informs its members and the public at large about pending civil and criminal cases, relating to developments in federal and California gun law.  The website hosts forums and publishes notices that document the concerns that California gun owners

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   threats to their Second Amendment rights. CGF expends financial and other

2   resources in both litigation and non-litigation projects to protect the interests

3   of their patrons, members and the public-at-large. CGF brings this action on

4   behalf of itself and its supporters, who possess all the indicia of membership.

5   5.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-

6   profit membership organization incorporated under the laws of Washington

7   with its principal place of business in Bellevue, Washtington. SAF has over

8   650,000 members and supporters nationwide, including California. The

9   purposes of SAF include education, research, publishing and legal action

10  focusing on the Constitutional right to privately owned and possess firearms,

11  and the consequences of gun control. SAF expends financial and other

12  resources in both litigation and non-litigation projects to protect the Second

13  Amendment rights its members and the public-at-large. SAF brings this

14  action on behalf of itself and its members.

15  6.   Plaintiff CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS

16  LICENSEES, INC., (Cal-FFL) is a non-profit industry association of, by, and

17  for firearms manufacturers, dealers, collectors, training professionals,

18  shooting ranges, and others, advancing the interests of its members and the

19  general public through strategic litigation, legislative efforts, and education.

20  Cal-FFL expends financial and other resources in both litigation and non-

21  litigation projects to protect the interests of their members and the public-at-

22  large. Cal-FFL brings this action on behalf of itself and its members.

23  7.   Defendant COUNTY OF ALAMEDA is a state actor located in the State of

24  California. Defendant COUNTY OF ALAMEDA is responsible for setting

25  policies and procedures relating to land use regulations within the County of

26  Alameda – including but not limited to promulgating and interpreting land

27  use regulations and granting conditional use permits and variances to those

28  regulations. Alameda County has an established pattern and practice of

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   hostility to persons, businesses and organization that seek to advance,

2   expand and enforce the fundamental, individual "right to keep and bear

3   arms" and has historically and aggressively sought to enact local legislation

4   inimical to that right.

5   8.   The ALAMEDA BOARD OF SUPERVISORS is a government body that sets

6   land use policies in the County of Alameda through their power of legislative

7   rule making, oversight of administrative agencies and the power to review

8   appeals of land use decisions by subordinate administrative agencies.

9   9.   Supervisor WILMA CHAN was a member of the ALAMEDA BOARD OF

10   SUPERVISORS when they took actions that deprived the plaintiffs of

11   constitutionally protected rights.  She is sued in her official capacity.

12   10.   Supervisor NATE MILEY was a member of the ALAMEDA BOARD OF

13   SUPERVISORS when they took actions that deprived the plaintiffs of

14   constitutionally protected rights.  He is sued in his official capacity.

15   11.   Supervisor KEITH CARSON was a member of the ALAMEDA BOARD OF

16   SUPERVISORS when they took actions that deprived the plaintiffs of

17   constitutionally protected rights.  He is sued in his official capacity.

18   12.   The names of any possible co-actors in the scheme to deprive plaintiffs of

19   their constitutional rights are unknown at this time.  Plaintiffs reserve the

20   right to amend this complaint to add defendants if/when their identities are

21   discovered.

22

23   **JURISDICTION AND VENUE**

24   13.   This action arises under the United States Constitution, this Court also has

25   jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1983 and 1988.

26   14.   As the Plaintiffs are seeking declaratory relief, this Court has jurisdiction

27   over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

28   15.   Venue for this action is properly in this District pursuant to 28 U.S.C. § 1391.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

16. All conditions precedent, including exhaustion of administrative remedies where required, have been performed, have occurred, are futile or unnecessary where the government infringes on a fundamental right.

## **FACTS**

*Facts Common to All Licensed Retail Gun Stores*

17. Businesses offering gun smithing services and retail firearm sales are strictly licensed and regulated by state and federal law. Thus all employees working at a gun store, and all clients/customers are required to be law-abiding citizens who must pass a criminal background check to be employed at or make a purchase from a licensed gun store.

18. The mere presence of firearms, albeit privately owned rather than as business inventory, in a residential district is beyond the control of local governments under California's preemption doctrine (Government Code § 53071) and statutory law. See: *Doe v. City and County of San Francisco*, 136 Cal. App. 3d 509 and *Fiscal v. City and County of San Francisco*, 158 Cal. App. 4th 895. In other words, there is nothing in federal or state law that prohibits a law abiding gun owner, who might be a collector or shooting enthusiast, from owning and keeping scores of firearms and ammunition at his residence. Therefore local governments like the County of Alameda cannot prevent a law-abiding gun owner from collecting and storing an unlimited number of firearms (and/or ammunition) in his home. Therefore, a residence, and by extension, a residentially zoned district, cannot be a designated as a sensitive place with respect to the mere presence of firearms. See also: *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010).

19. The transportation of firearms is particularly and strictly regulated by state law. For any person not licensed to carry concealed firearms, all firearms

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1     must be transported unloaded and handguns must be transported in a locked

2     container.  See CA Penal Code § 25300 *et seq.*

3   20.   Furthermore, properly transported firearms may even be transported

4         through the thousand foot radius of a presumptively sensitive Gun-Free

5         School Zone.  CA Penal Code § 626.9.

6   21.   The State of California strictly regulates who may purchase/acquire firearms.

7         Some form of mandatory training is a required showing before a licensed

8         firearm dealer and transfer a firearm.  For example:

9         a.   Fish and Game Code section 3050 and the California Code of

10             Regulations, Title 14, section 710, provide that no hunting license shall

11             be issued unless the applicant presents:

12             i.   evidence that he or she has held a hunting license issued by this

13                  state in a prior year; or

14             ii.  evidence that he or she holds a current hunting license issued by

15                  another state or province; or

16             iii. a certificate of completion of a course in hunter safety, principles

17                  of conservation, and sportsmanship, as provided in this article,

18                  with a hunter safety instruction validation stamp affixed

19                  thereto; or

20             iv.  a certificate of successful completion of a hunter safety course in

21                  another state or province; or

22             v.   evidence of completion of a course in hunter safety, principles of

23                  conservation, and sportsmanship, which the commission may, by

24                  regulation, require.

25        b.   Effective January 1, 2003, any person who wishes to receive a handgun

26             through a sale or transfer must have a valid Handgun Safety

27             Certificate (HSC) or a qualifying exemption. Any person who wishes to

28             obtain an HSC must pass a written test that includes, but is not

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

limited to, laws applicable to carrying and handling firearms,

particularly handguns; responsibilities of ownership of firearms,

particularly handguns; the law related to the private sale/transfer of

firearms; the law as it relates to the permissible use of lethal force;

safe firearm storage; and issues & prevention strategies associated

with bringing firearms into the home. (CA Penal Code § 26800 *et seq.*)

A DOJ Certified Instructor may charge each HSC applicant a fee of up

to $25 to cover the costs of providing the test and issuing the

certificate. (CA Penal Code §§ 31645, 31650.)

    c.    Any person who takes delivery of a handgun from a firearms dealer

must first successfully demonstrate to a DOJ Certified Instructor that

he or she is able to handle that handgun safely and that he or she can

properly operate all of the safety features. Any person who has an

exemption to the HSC requirement is also exempt from this

requirement. (CA Penal Code §§ 26850(a)-(b), 26853, 26856, 26859)

22.    Furthermore gun stores are partners with federal, state and local law

enforcement agencies on the issues of gun safety and helping to stop gun

crimes.  For example, in California private party transfers of all firearms

must occur through a licensed dealer unless the transfer is subject to very

narrow exceptions (e.g., antique, curio, relic, long-gun transfers between

immediate family members) (CA Penal Code §§ 16130, 16400, 16550, 16810,

17110, 26700-26915 (inclusive), 27500-27590, 28050-28070).

23.    Licensed gun stores are one of only two places (firearm dealer and law

enforcement agency) where someone subject to a "domestic violence

restraining order" can turn in their guns in order to comply with federal and

state law.  See CA Family Code § 6389 *et seq*.

24.    Thus licensed gun stores facilitate making sure that appropriate safety

training has occurred, that the person is not prohibited from acquiring

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*        Page 7 of 26        First Amended Complaint

firearms, and that consumers are advised of their duties of safe storage of firearms. They also act as a temporary repository for the safe-keeping of firearms during domestic disputes.

25. Far from being a necessary evil, licensed gun stores are a net positive to the communities they serve. They not only provide the means of exercising a fundamental right, but they ensure that transfer laws are complied with and government mandated safety programs are effective.

## *Case Specific Facts*

26. In the Fall of 2010, plaintiffs JOHN TEIXEIRA , STEVE NOBRIGA and GARY GAMAZA formed a business partnership named VALLEY GUNS AND AMMO (VGA) for the purpose of opening a gun store in Alameda County. The products and services to be offered at VGA include but are not limited to:

   a.   Training and certification in firearm safety. (e.g., state-mandated Hunter Safety Classes, Handgun Safety Certificates, etc...)

   b.   General gun-smithing services.

   c.   Sale and advice regarding reloading equipment and their components.

   d.   Consignment sale of used firearms.

   e.   Sale of new and used firearms.

   f.   Sale of Ammunition.

   g.   Offering classes in gun safety, including safe storage of firearms in accordance with state law.

27. As part of their plan for opening a gun store VGA conducted market research among gun enthusiasts in and around Alameda County and obtained feedback from approximately 1,400 people indicating that a full service gun store located in San Lorenzo would be a success, in part, because existing retail establishments (e.g., general sporting good stores) do not meet customer needs and demands. In fact, gun stores that can provide the level

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

of personal service contemplated by VGA are a central and important resource for individuals trying to exercise their Second Amendments rights. Not only do smaller retail establishments provide arms and ammunition for exercising Second Amendments, they also provide personalized training and instruction in firearm safety and operation. Plaintiffs therefore bring this action on behalf of their actual and prospective customers, as well as themselves. *Craig v. Boren*, 429 U.S. 190 (1976).

28. A licensed gun store like the one VGA contemplate opening, would facilitate making sure that appropriate safety training has occurred, that the prospective gun-buyer is not prohibited from acquiring firearms, and that consumers are advised of their duties of safe storage of firearms. They also act as a temporary repository for the safe-keeping of firearms during domestic disputes.

29. Plaintiff TEIXEIRA had previously owned a gun store in Castro Valley, both he and Plaintiff NOBRIGA either already hold valid Federal Firearms Licenses or would easily qualify to hold such a license.

30. Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA either already hold valid licenses from the State of California to engage in the business of selling firearms or would easily qualify to hold such a license.

31. Plaintiff TEIXEIRA, NOBRIGA and GAMAZA set about the process of contacting the Alameda County Planning Department for advice on obtaining the appropriate land use permits to open their store in the Fall of 2010.

32. In November of 2010, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA were informed that their business location would have to meet a requirement that gun stores must not be located within 500 feet of any school, liquor store or residence. (Alameda County Land Use Regulations – Conditional Uses – Firearms Sales. 17.54.131)

33. From Alameda Ordinance § 17.54.131, those requirements are:

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

a.   That the district in which the proposed sales activity is to occur is appropriate;

b.   That the subject premises is not within five hundred (500) feet of any of the following: Residentially zoned district; elementary, middle or high school; pre-school or day care center; other firearms sales business; or liquor stores or establishments in which liquor is served;

c.   That the applicant possesses, in current form, all of the firearms dealer licenses required by federal and state law;

d.   That the applicant has been informed that, in addition to a conditional use permit, applicant is required to obtain a firearms dealer license issued by the county of Alameda before sale activity can commence, and that information regarding how such license may be obtained has been provided to the applicant;

e.   That the subject premises is in full compliance with the requirements of the applicable building codes, fire codes and other technical codes and regulations which govern the use, occupancy, maintenance, construction or design of the building or structure;

f.   That the applicant has provided sufficient detail regarding the intended compliance with the Penal Code requirements for safe storage of firearms and ammunition to be kept at the subject place of business and building security.

34.   This 500 foot zoning rule is a recent land use regulation. The 500 foot zoning regulation has no basis in empirical studies or criminological science.  It is NOT a long-standing rule/regulation with respect to retail firearm sales.

35.   The County of Alameda only requires Conditional Use Permits (CUP) for Firearm Sales and "Superstores."  (Alameda Ordinance §§ 17.54.131, 17.54.132) Thus retail stores selling firearms – even though they are already strictly regulated by state and federal law – are treated differently from other

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   retail stores selling similar products without any reasonable basis for

2   believing that the CUP will advance public safety.

3   36.   Plaintiffs allege on information and belief, that as of February 2013, there

4   are 29 Federal Firearm Licensees (FFLs) in Alameda County.  Many of these

5   FFLs are not located in commercial buildings open for retail firearm sales.

6   37.   Plaintiffs further allege on information and belief, that the CUP

7   requirements of Alameda Ordinance § 17.54.131, have not been imposed

8   against many of these 29 FFLs, who either: (A) are not currently in

9   compliance with the restrictions imposed against VGA, or (B) were never

10   required to comply with the restrictions imposed against VGA.

11   38.   In attempting to assess a proposed site for compliance with the CUP, VGA

12   was informed by the Alameda County Planning Department that the 500 foot

13   measurement should be taken from the closest door in the subject property to

14   the front door of any disqualifying property.  VGA relied upon this

15   information – the only information provided by county authorities –  in

16   seeking an appropriate commercial location to open their gun store.

17   39.   In April of 2011, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA located a

18   suitable property at 488 Lewelling Blvd., in San Leandro.  They met with the

19   landlord and formed an agreement to lease the property.  They obtained the

20   landlords permission to conduct preliminary preparations to comply with

21   federal and state requirements for operating a gun store.  (e.g., building

22   security studies, commissioning architectural drawings, etc...)

23   40.   The subject property has only one door which faces Lewelling Blvd.

24   41.   Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA obtained a survey which

25   shows the distance to one residential property on Albion Ave, located across

26   Hesperian Blvd., measured 534 feet from the front door of the subject

27   property (facing Lewelling Blvd.) to the front door of the residential property

28   on Albion Ave.  The same survey showed a distance of 532 feet and 560 feet,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    respectively, to the two front doors of the next closest residential properties

2    located across 12 lanes of Interstate 880 in the San Lorenzo Village.

3    42.   There are no other buildings located within a 500 foot radius of the front door

4          of the subject property that would disqualify the subject property from use as

5          a gun store under the County's land use regulations.

6    43.   Based on these surveys and assurances from the Alameda County Planning

7          Department, Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA incurred

8          contractual obligations and expenses to begin preparing the subject property

9          for their gun store.

10   44.   Notwithstanding the fact that the property at 488 Lewelling Blvd., did not

11         come within 500 feet of any disqualifying property, a hearing was scheduled

12         by the West County Board of Zoning Adjustment on or about November 16,

13         2011 to take up the issue of a Conditional Use Permit and a Variance of the

14         subject property.  Said hearing was continued to December 14, 2011.  The

15         staff reports issued for both hearings recommended a denial of the

16         (unnecessary) variance based (erroneously) on the proposition that the

17         subject property was less than 500 feet from a disqualifying property.

18   45.   Plaintiffs allege on information and belief, that in order to disqualify the

19         property at 488 Lewelling Blvd., Defendants or some co-actor working with

20         them, sought to defeat the variance, and caused the measurements to be

21         taken from the front doors of the disqualifying residential properties to the

22         closest possible part of the building that was to become the Plaintiffs' gun

23         store.  The end-point used to defeat the variance at the subject property was

24         a brick wall with no door.  This trick of moving the end-points to defeat the

25         variance was done to defeat the plaintiffs' project of opening a gun store at

26         the subject property.  Furthermore, this trick was also motivated by an

27         animus toward the rights of the plaintiffs and their potential customers and

28         patrons to exercise their rights to acquire – and therefore "keep and bear

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 12 of  26                    First Amended Complaint

1    arms."  The burdens on the plaintiffs and their customers' Second

2    Amendment rights include, but is not limited to a restriction on convenient

3    access to a neighborhood gun store and the corollary burden of having to

4    travel to other, more remote locations to exercise their rights to acquire

5    firearms and ammunition in compliance with the state and federal laws

6    requiring the purchase of these constitutionally significant artifacts from

7    licensed stores.

8    46.    On or about November 16, 2011 the Alameda County Community

9    Development Agency Planning Department issued its Staff Report on the

10    CUP and Variance for our store.  A true and correct copy is attached as

11    **Exhibit A**.  Please note the following adoptive admissions and/or undisputed

12    facts regarding the Planning Department's findings.  (page numbers refer to

13    the PDF page number of the Exhibit, not the page number of the report):

14    a.    Heading: **SITE AND CONTEXT DESCRIPTION**,

15            i.    Pg. 2: Sub-Heading: Physical features: "The only access to the

16                property is the frontage on Lewelling Boulevard."

17            ii.    Pg. 2: Sub-Heading: Adjacent area: "The residential properties

18                are across Highway 880 to the southwest, and across Hesperian

19                Boulevard to the east.

20    b.    Heading: **PROJECT DESCRIPTION,** Pg. 3:

21            i.    Alameda County claims that the distance from the gun shop to

22                the nearest residential district is 446 feet.

23            ii.    The County admits that it measured the distance from the

24                closest building exterior wall of the gun shop to the property line

25                of the residentially zoned district.

26            iii.    By negative admission, there are no other disqualifying

27                properties within a 500 foot radius from any point of

28                measurement from the proposed gun shop.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

c.   Heading: **REFERRAL RESPONSES**,

    i.   Pg. 3: Most of the other "stake-holders" only wanted to be sure that the gun store would comply with existing federal and state laws regarding firearms sales, safe-storage and licenses.

    ii.   Pg. 4: This is the part of the staff report that repeats the extraordinary claims by the <u>San Lorenzo Village Home Association</u>, none of which specifically addressed why a gun store located 500 feet away from disqualifying property would be safe for the community, but a gun store located an (alleged) 446 feet away would not be safe for the community.  Similar vague and ambiguous complaints are lodged against the variance by the <u>Cherryland Community Association</u>, and the <u>Ashland Area Community Association</u>.

    iii.   Pg. 4: The <u>City of San Lorenzo</u> took no position on the proposed variance to allow the gun store to open.

d.   Heading: **STAFF ANALYSIS**,

    i.   Pg. 4 - 6: Sub-Heading: <u>Conformance with the General Plan</u>: This section of the report deals with the entirely arbitrary and subjective opinion of Staff as to whether a gun store would be a "questionable use" when guided by the *Eden Area General Plan*.

    ii.   Pg. 6: Sub-Heading: <u>Conformance with the Specific Plan</u>: In this sections Staff admits that firearm retail sales are "illustrative examples of the types of general commercial and land uses along busy streets that access from freeways."

    iii.   Pg. 7: Sub-Heading: <u>Conformance with the Zoning Ordinance</u>: Here the report sets out the text of §§ 17.54.131 and 17.54.141 regarding Conditional Use Permits for gun stores.

e.   Heading: **GENERAL DISCUSSION**,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

i.  Pg. 7: The report notes that applicants have 38 years of firearm retail experience and knowledge.  That they are owner/operators who will personally attend the shop five days a week, Tuesday through Saturday, 10:00 a.m. to 6:00 p.m.

ii.  Pg. 8: confirms that VGA's business partners collected 1,200 individually signed letters of support from the general public and 113 letters were from police officers and a personal letter of endorsement from the former Sheriff of Alameda County – Charles C. Plummer.

iii.  Pg. 8: Sub-Heading: **SERVICES PROVIDED**, notes that VGA was set to provide more than just gun and ammunition sales. The business was also set to provide:

(1)  firearm instruction,

(2)  classes in hunter safety by certified instructors,

(3)  handgun safety certificate testing (as required by law),

(4)  repairs,

(5)  consignment sales and appraisals,

(6)  sales of gun safes,

(7)  hunting and fishing tags and licenses,

(8)  and although they are currently illegal to buy or sell to the general population in California, VGA agreed that no ASSAULT WEAPONS would be sold at the store.

iv.  Pg. 8: Sub-Heading: **DISTANCE FROM OTHER BUSINESSES & NON-RESIDENTIAL SENSITIVE USES**, Here the County admits that there are no other disqualifying property uses within 500 feet of VGA's proposed gun store. (e.g., elementary, middle or high school; pre-school or day care center, other firearms sales business or liquor store.)

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

v.    Pg. 8: Sub-Heading: **DISTANCE FROM RESIDENTIAL ZONED PROPERTY**, Here the County admits that it uses more than one endpoint to measure distances to residentially zoned properties.

    (1)    The County measured a distance of 446 feet from the closest exterior wall to the property at Albion Avenue. (The current resident at this property has no objection to the store.)

    (2)    It measured the same 446 foot distance from the closest exterior wall, to a another property across 12 lanes of Interstate 880 and concrete barriers, located at Paseo del Rio in San Lorenzo Village.

vi.    Pg. 8: Sub-Heading: **PARKING**.  The County admits that there is adequate parking for the proposed gun store.

f.    Heading: **TENTATIVE FINDINGS BASED ON INFORMATION AVAILABLE PRIOR TO THE PUBLIC HEARING**

i.    Pg. 9: Sub-Heading: <u>Conditional Use Permit:</u>

    (1)    To the question: "Is the use required by the public need?" The County answers:  Yes.

    (2)    To the question: "Will the use properly relate to other land uses and transportation and service facilities in the vicinity?"  The County answers: Yes.

    (3)    To the question: "Will the use, if permitted, under all circumstances and conditions of this particular case, materially affect adversely the health or safety of persons residing or working in the vicinity, or be materially detrimental to the public welfare or injurious to property or improvements in the neighborhood?"  The County

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*    Page 16 of 26    First Amended Complaint

1    answers: No.

2       (4) To the question: "Will the use be contrary to the specific

3         intent clauses or performance standards established for

4         the District in which it is to be considered?" The County

5         answers: Yes, citing the 500 foot rule and noting that a

6         variance would be required and that a variance

7         application has been made.

8      ii. Pgs. 9 - 10: Under a section of additional findings,

9       (1) The County again raises the wholly subjective opinion

10        about whether a gun store is desirable under the *Eden*

11        *Area General Plan*.

12      (2) The County again notes the 500 foot requirement but

13        concedes that the one of disqualifying properties is 446

14        feet across the 880 freeway.  However the County

15        erroneously states that the other residential property that

16        is also 446 feet from the proposed gun shop is easily

17        accessed.  But that can only be true if the person is able to

18        walk through existing fences as the crow flies.  The

19        walking distance is well over 500 feet.

20      (3) The County concedes that VGA has all required licenses

21        and knowledge to run a gun store and that plaintiffs can

22        meet the additional requirements imposed by the Sheriff

23        and Fire Marshall, in addition to bringing the building up

24        the modern code requirements for wheel chair access and

25        other building codes.

26   g. Heading: **TENTATIVE FINDINGS BASED ON INFORMATION**

27   **AVAILABLE PRIOR TO THE PUBLIC HEARING**.

28     i. Pgs. 10 - 11: Nevertheless, staff recommended a denial of the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    request for a variance based solely on the alleged less-than 500

2    foot distance between the gun store property and the Albion

3    Way property, based on the ease of traversal from the gun store

4    to the disqualifying property.  (The one where the current

5    resident has no objection to a gun store and where it would

6    require someone to walk though fences to get from the gun store

7    to the Albion Way property.)

8         ii.    The County made a finding that the residential properties

9                located across the 12 lanes of Highway 880 **would not** be

10               detrimentally effected by the proposed gun store due to the

11               physical barrier of the highway.  These were the properties

12               located in the San Lorenzo Village Homes Association.

13   h.    The rest of **Exhibit A** are the County's exhibits attached to the Staff

14         Report.

15   47.  It so happened that the November 16, 2011 Hearing did not take place and

16        was postponed to December 14, 2011.  A true and correct copy of the revised

17        STAFF REPORT is attached as **Exhibit B**:

18   a.    The only substantive changes from the November 16, 2011 Report are

19         the insertion of various pages under a Heading: **CURRENT**

20         **CHANGES**, starting at page 4 and continuing to page 6.

21   b.    This appears to be an insertion dealing with the different ways in

22         which the 500 foot rule was to be implemented.

23   c.    For the record, the County appeared to acknowledge that different

24         distances could be obtained if the one used a different starting point

25         from the gun store premises. By using the Plaintiffs' equally rational

26         definition of a starting point, the distances to residential properties

27         would measure, respectively, 560 feet, 532 feet and 534 feet.

28   d.    There do not appear to be any other substantive changes to the STAFF

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    REPORT or their conclusions. (i.e., Staff still recommended <u>against</u>

2    granting the variance.)

3    48.   Despite the Staff recommendation that the variance be denied, THE WEST

4          COUNTY BOARD OF ZONING ADJUSTMENTS granted both the

5          Conditional Use Permit and Variance in their December 14, 2012 meeting.

6          See **<u>Exhibit C</u>**.

7    49.   VGA has been ready, willing and able to comply with all of the requirements

8          of RESOLUTION NO. Z-11-70. (Which is also part of Exhibit C.)

9    50.   In a letter dated December 16, 2011, plaintiffs TEIXEIRA, NOBRIGA, and

10         GAMAZA were informed that the resolution would be effective on the

11         eleventh day following December 14, 2011 unless an appeal was filed with

12         the Alameda County Planning Department.

13   51.   In an email dated February 23, 2012, plaintiffs TEIXEIRA, NOBRIGA, and

14         GAMAZA were informed that the San Lorenzo Village Homes Association

15         filed an appeal with the Planning Department challenging the West County

16         Board of Zoning Adjustment Resolution Z-11-70.

17   52.   Plaintiffs TEIXEIRA, NOBRIGA, and GARY GAMAZA allege on information

18         and belief that the appeal by the San Lorenzo Village Homes Association was

19         filed on or after December 29, 2011.  To be timely, under the eleven-day rule,

20         the appeal was required to be filed on or before December 26, 2011.

21   53.   All plaintiffs allege on information and belief that the late appeal and the

22         illegal consideration of the late appeal by the San Lorenzo Village Homes

23         Association was orchestrated and encouraged by a person or persons hostile

24         to the civil rights of the plaintiffs as guaranteed by the SECOND AND

25         FOURTEENTH AMENDMENTS to the United States Constitution.

26   54.   On February 28, 2012, the Board of Supervisors, acting through Supervisors

27         CHAN, MILEY and CARSON voted to sustain the late-filed appeal by the

28         San Lorenzo Village Homes Association and overturn the decision of the West

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

County Board of Zoning Adjustment in Resolution Z-11-70.  Thus the CUP
and Variance granted to VGA by the Board of Zoning Adjustment was
revoked.

55.   The Alameda County Board of Supervisors appeared to be acting with
deliberate indifference to the rights of the Plaintiffs and overt hostility to the
fact that it was a gun store, rather than attempt to address any identifiable
public safety interest in a reasonable way.  Indeed, the Staff Report indicated
there were no public safety concerns if the Variance and CUP were granted
(as long as VGA ensured compliance with the terms of RESOLUTION NO. Z-
11-70).  The Staff Report only made the tautological argument that the
proposed gun store was allegedly less than 500 feet away from a disqualifying
property; without making any argument as to how this wholly arbitrary
distance is somehow relevant to land use regulations involving gun stores.

56.   Both the "500 Foot Rule" on its face and the erroneous and unreasonable
methodology of taking measurements from other than the front door of the
subject property have deprived plaintiffs TEIXEIRA, NOBRIGA, and
GAMAZA of the ability to open their gun store at the subject property and
are thus the proximate cause of the violation of their rights.

57.   The gun store that Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA seek to
open at 488 Lewelling Blvd., is essential to them assisting their patrons and
customers in exercising their SECOND AMENDMENT rights.

58.   The gun store that TEIXEIRA, NOBRIGA and GAMAZA  seek to open is
essential to them exercising their own SECOND AMENDMENT rights.

59.   Furthermore, a well and reasonably regulated market for firearms and
ammunition is essential to the safety and liberty of all residents in any given
community.  The proliferation of retail firearm dealers, reasonably regulated
in a way that confines gun ownership to law-abiding persons who receive the
competence tests and safety training required by state law is an effective

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 20 of  26          First Amended Complaint

means of curbing violent crime through exercising the right of self-defense.
Defendants' red-lining of gun stores out of existence burdens this right.

60. Subsequent to filing this law suit, in part to mitigate their damages, plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA have investigated at least three (3) additional properties in Alameda County that would otherwise be suitable (location, building security, parking, etc...) for a gun store. All prospects were disqualified by either the "500 Foot Rule" or some other insurmountable obstacle.

61. Subsequent to filing this law suit, plaintiffs commissioned a study to determine if any prospective gun store could satisfy the CUP based solely on having to comply with the "500 Foot Rule." Their conclusion is that it is virtually impossible to open a gun store in unincorporated Alameda County while complying with this rule due to the density of disqualifying properties. Specifically, the study indicates that there is only one parcel in the entire unincorporated county that is greater than 500 feet from a residentially zoned property, and that parcel is also unavailable as it lies within 500 feet of an establishment that sells alcohol. Thus, according to the plaintiffs' research, which is based primarily on government agency data, there are no parcels in the unincorporated areas of Alameda County which would be available for firearm retail sales.

62. Plaintiffs TEIXEIRA, NOBRIGA, and GAMAZA have incurred damages in the form of expenses and costs in securing the use of the subject property and for lost profits due to the delay in opening their store.

### Facts Relating to the "500 Foot Rule"

63. Alameda's "500 foot rule" for firearm retail sales is not reasonably related to any possible public safety concerns a retail gun store might raise, especially when that gun store is otherwise in compliance with all federal, state and

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 21 of 26          First Amended Complaint

1    local laws relating to firearm sales.   Nor does Alameda County articulate

2    how the "500 Foot Rule" is narrowly tailored to achieve any legitimate

3    government interest.

4  64.    The "500 foot rule" appears to be exclusively designed to limit gun stores by

5    red-lining (or zoning) them out of existence and thus establishing a condition

6    that is practically impossible to satisfy in metropolitan areas.

7  65.    This pretext of land-use regulations is not unlike the pattern and practice of

8    local governments using these same regulations to restrict retail

9    establishments selling constitutionally protected adult-oriented material as

10    described in a line of U.S. Supreme Court Cases that began with: *Young v.*

11    *American Mini Theatres, Inc.,* 427 U.S. 50 (1976); and *Schad v. Borough of*

12    *Mount Ephraim*, 452 U.S. 61 (1981), and continuing through with the cases:

13    *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41 (1986); *Barnes v. Glen*

14    *Theatre, Inc.,* 501 U.S. 560 (1991).   These latter cases developed what has

15    come to be known as the *secondary effects* doctrine.

16  66.    There is no justification for red-lining gun stores.  Unlike adult bookstores,

17    adult live-entertainment establishments and liquor stores, the employees and

18    patrons of gun stores are – by definition and force of law – law-abiding

19    citizens.  No one can work in a gun store, buy a gun (or ammunition), possess

20    a gun (or ammunition), or transport a gun (or ammunition) if they are:

21    a.    A convicted felon,

22    b.    A misdemeanant convicted of various enumerated crimes of violence,

23    including domestic violence,

24    c.    A person subject to terms of probation that prohibit the possession of

25    weapons,

26    d.    A person subject to a restraining order,

27    e.    A person found to be a danger to themselves or others due to mental

28    illness,

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

f.      A person addicted to narcotics,

g.      A person under indictment in any court for a crime punishable by imprisonment for a term exceeding one year,

h.      A person who has been discharged from the military under dishonorable conditions,

i.      A person who is a fugitive from justice

67.     Plaintiffs allege on information and belief that the County has not conducted (or cited) any *secondary effects* study to back up any claim that the "500 foot rule" serves any compelling, let alone any important, government interest which is required when courts look at "land-use" regulations impacting First and Second Amendment rights.  See generally: *Ezell v. City of Chicago*, 651 F.3d 684, 2011 U.S. App. LEXIS 14108. (7th Cir., July 6, 2011).

## FIRST CLAIM FOR RELIEF
### (Equal Protection - As Applied)

68.     Plaintiffs repeat and reallege each of the allegations set forth above in paragraphs 1 through 67 above, and incorporate them by reference as though fully set forth herein.

69.     Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA have been denied equal protection of the law under the Fourteenth Amendment to the United States Constitution in that the Defendants have intentionally discriminated against them and engaged in unreasonable conduct by enacting and enforcing regulations that are inapplicable or unenforced against similar situated parties. Particularly, Defendant's singling out the plaintiffs business as one that is subject to requirements, including the necessity of a Conditional Use Permit and the particulars of obtaining such a permit, but not requiring the same of similar situated parties violates the Constitution's guarantee of equal protection.

70.     Plaintiffs are engaged in, or assisting others in exercising a core fundamental

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    right, the Government's actions infringe on a fundamental right.

2    71.   As Plaintiffs have been singled out for different treatment they are a class of

3          one in a matter where land use regulations are infringing their rights.

4    72.   The government's actions lack a proper basis and are constitutionally

5          impermissible.

6

7                            **SECOND CLAIM FOR RELIEF**
                            **(Equal Protection - Facial Challenge)**

8    73.   Plaintiffs repeat and reallege each of the allegations set forth above in

9          paragraphs 1 through 67 above, and incorporate them by reference as though

10         fully set forth herein.

11   74.   Alameda's Land Use Regulations, including but not limited to its

12         requirement that Retail Firearm Businesses are required to obtain a

13         Conditional Use Permit, and the subordinate requirements for obtaining such

14         permit such as the "500 Foot Rule," different treatment from other similarly

15         situated retail businesses.

16   75.   The requirement that a gun store obtain a Conditional Use Permit and the

17         subordinate requirements for obtaining such permit such as the "500 Foot

18         Rule" have no proper basis and are constitutionally impermissible.

19

20                            **THIRD CLAIM FOR RELIEF**
                            **(Second Amendment - Facial Challenge)**

21

22   76.   Plaintiffs repeat and reallege each of the allegations set forth above in

23         paragraphs 1 through 67 above, and incorporate them by reference as though

24         fully set forth herein.

25   77.   Alameda's zoning laws requiring that gun stores obtain a Conditional Use

26         Permit and be located 500 feet away from residential zones are unreasonable

27         on their face and cannot withstand any form of constitutional scrutiny under

28         the Second Amendment to the United States Constitutional as that right is

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

*Teixeira v. County of Alameda*          Page 24 of  26          First Amended Complaint

1    applied through the Fourteenth Amendment's due process clause.

2  78.   The requirement that a gun store obtain a Conditional Use Permit and the

3        subordinate requirements for obtaining such permit such as the "500 Foot

4        Rule" have no proper basis and are constitutionally impermissible.

5

6                        **FOURTH CLAIM FOR RELIEF**
                        **(Second Amendment  – As Applied)**
7

8  79.   Paragraphs 1 through 67 are incorporated by reference as though fully set

         forth herein.

9
10 80.   Alameda's zoning laws requiring that gun stores be located 500 feet away

11       from residential properties is irrational as applied to the facts of this case

12       and cannot withstand any form of constitutional scrutiny under the SECOND

         AMENDMENT to the United States Constitutional as that right is applied
13
         through the FOURTEENTH AMENDMENT'S Due Process Clause.
14
15 81.   The requirement that a gun store obtain a Conditional Use Permit and the

16       subordinate requirements for obtaining such permit such as the "500 Foot

17       Rule" have no proper basis and are constitutionally impermissible.

18
                          **PRAYER FOR RELIEF**
19
20 WHEREFORE, Plaintiffs prays that this Court will enter judgment as follows:

21 A.    Declaratory and injunctive relief that the appeal granted to the San Lorenzo

22       Village Homes Association by the Alameda Board of Supervisors was

23       improperly granted and that the subject property located at 488 Lewelling

24       Blvd., intended for use by Plaintiffs TEIXEIRA, NOBRIGA and GAMAZA as

25       a gun store, may open under the conditions set forth in the West County

26       Board of Zoning's Resolution Z-11-70.

27 B.    Declaratory and injunctive relief that Alameda's zoning requirements that
28       gun stores be located 500 feet away from residential properties is

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   unconstitutional on its face as to all Plaintiffs and as applied to Plaintiffs

2   TEIXEIRA, NOBRIGA and GARY GAMAZA.  Furthermore, that the

3   requirement that a gun store obtain a Conditional Use Permit and the

4   subordinate requirements for obtaining such permit such as the "500 Foot

5   Rule" have no proper basis and are constitutionally impermissible.

6   C.   Damages, including pre-judgment interest, for costs, expenses, and lost

7        profits for Plaintiffs TEIXEIRA, NOBRIGA and GARY GAMAZA in an

8        amount according to proof.

9   D.   Award Plaintiffs their reasonable attorney fees and costs under 28 U.S.C. §

10       2412, 42 U.S.C. §§ 1983, 1988.

11  E.   Such other and further relief as this Court deems just and proper.

12       Respectfully Submitted on April 1, 2013,

13           /s/ Donald Kilmer
         _____

14       Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487